The convicted person Tsvetomir Simeonov Simeonov is declared for international circulation through Interpol. His extradition is required because of his hiding from the legal authorities after leaving the Republic of Bulgaria.

According to the evidence from the database of Interpol-Sofia / letter No 14001/27.10.2006 to the Supreme Public Prosecutor's Office of Cassation / it is established that the above mentioned person is really on the territory of the United States of America.
The protocol determination, given by the Regional Court - Kazanlak on 02.02.2005, concerning the trial of a crime No 14 / 2005 to serve the term of imprisonment, is in fact a valid order for arrest/ detention/ pursuant to Article 11 of the Contract of Surrender between the Republic of Bulgaria and the United States of America from 1924 and the Convention of the United Nations against International Organized Crime.

In accordance with current legislation in the Republic of Bulgaria at the arrival of the extradited person on the territory of the Republic of Bulgaria, the same will be immediately arrested and kept in custody in Stara Zagora prison for implementation of the punishment. He will be explained all legal procedures pursuant to Article 422, paragraph 1, item 6, of the Criminal Procedure Code of the Republic of Bulgaria.

Concerning the sentence No 95-Z, given on 19.11 2004 by the Regional Court - Kazanlak, for a crime of general character – trial No 317 / 2002, which came into force on 22.12.2004, pursuant to Article 337, paragraph 1, connected with Article 20, paragraph 2 of the Criminal Code of the Republic of Bulgaria for remanufacturing and repairing into military guns, without having a legal permission by the competent authorities; and pursuant to Article 339, paragraph 1, connected with Article 20, paragraph 2 of the Criminal Code of the Republic of Bulgaria for the fact that the convicted person gained and held weapon - gas pistols and guns without having a legal permission – the Contract of Surrender between the Republic of Bulgaria and the United States of America signed in 1924 is not valid, because all these crimes are neither pointed in Article 2 of the Contract, nor in the amendment of the Contract, signed in 1935 /Article 1/.

 For all these crimes and the declared sentence should be applied the Convention of the United Nations against International Organized Crime, signed by the Republic of Bulgaria on 13.12.2000, and came into force on 03.07.2005,
and the Protocol against Illegal Manufacture and Traffic with Weapons, their units, particles, ammunition, war supplies, everything concerning this Convention. In Chapter 'Extradition' Article 16, item4 of the Convention, it is said that 'it is the Convention itself' that gives legal permission for extradition implementation, according to Article 3 of the Convention.

## DATA OF THE PERSON, WANTED FOR EXTRADITION IMPLEMENTATION

The citizen of the Republic of Bulgaria:

Mr. TSVETOMIR SIMEONOV SIMEONOV, born on ████████ in the town of Kazanlak, the Republic of Bulgaria, Civil ID ████████, last residence - the town of Kazanlak, 42 "Raiko Alexiev" street.

Documents for personal identification of the above mentioned person:

Identity Card No ████████, issued on 22.06.2000 by the Regional Police Station- Stara Zagora, valid to 22.06.2010; Passport No ████████, valid to 11.07.2005; Driving license ████████, issued on 23.02.2001 by the Regional Police Station- Stara Zagora, valid to 23.02.2011

Parents:

Father- Simeon Panayotov Simeonov, Civil ID ████████, dead
Mother- Hristinka Yordanova Simeonova, Civil ID ████████
Last residence in the Republic of Bulgaria - the town of Kazanlak, 42 "Raiko Alexiev" street.

Criminal Conviction Certificate:

Adjudicated

Physical appearance:

Height 182cm; Eyes – blue; Nose – straight, no special features

WE REQUEST:

On the basis of the above mentioned information and evidence and pursuant to Article 1, Paragraph 2 , item 18 and Article 11 of the Contract of Surrender between the Republic of Bulgaria and the United States of America signed in 1924, and pursuant to Article 16, Chapter 'Extradition' of the Convention of the United Nations against International Organized Crime, signed by the Republic of Bulgaria on 13.12.2000, and came into force on 03.07.2005, signed by the United States of America on 13.12.2000 and came into force on 03.11.2005,

SURRENDER of the convicted person Mr. TSVETOMIR SIMEONOV SIMEONOV
 to the competent judicial authorities of the Republic of Bulgaria
for: implementation of the sentence **7 years and 6 months imprisonment** – judge sentence No 95-Z, given on 19.11 2004 by the Regional Court - Kazanlak, for a crime of general character – trial No 317 / 2002 and
for: implementation of the sentence **1 year and 6 months imprisonment**- an agreement, signed on 07.02.2000, by the Regional Court – the town of Kazanlak, concerning a crime of general character – trial No 630 / 1998.

Our request is that you inform us about your decision for extradition of Mr. Tsvetomir Simeonov Simeonov and to point out the place and time of the surrender.

Our request is that you use 'Interpol' and their services for the speedy conclusion of negotiations and secrecy of the operation.

I would like to take this opportunity to express our great consideration of your competent hardworking institutions, legal authorities, and judicial power of the United States of America and my personal respect to you. My expectations are that we work together in the future for the benefit of common interest.

**Attachment:**

1. Certified copy of judge sentence No 95-Z, given on 19.11 2004 by the Regional Court - Kazanlak, for a crime of general character – trial No 317 / 2002 and the motivation for it;
2. Certified copy of the agreement, signed on 07.02.2000, by the Regional Court – the town of Kazanlak, concerning a crime of general character – trial No 630 / 1998;
3. Certified copy of a decree by the Regional Prosecutor's Office-Kazanlak through the District Sector- Stara Zagora to the Chief Directorate "SECURITY" at the Ministry of Inferior No D-4/05 for the implementation of the punishment- sentence No 95-Z, given on 19.11 2004 by the Regional Court - Kazanlak, for a crime of general character – trial No 317 / 2002;
4. Criminal Conviction Certificate of Mr. Tsvetomir Simeonov Simeonov – original;
5. Certified copy of the Protocol-agreement, signed on 07.02.2000, by the Regional Court – the town of Kazanlak, concerning a crime of general character – trial No 630 / 1998;
6. Certified copy of the Protocol signed on 02.03.2005 by the Regional Court – the town of Kazanlak concerning a crime- trial No 14/g;
7. Certified copy of the letter ref. No 1525/19.01.2006 by the Regional Police Directorate -Stara Zagora to the District Prosecutor's Office of Cassation-Stara Zagora;
8. Certified copy of dactiloscopic finger-prints and questionnaire of Mr. Tsvetomir Simeonov Simeonov, issued by the District Police Directorate -Stara Zagora;
9. Personal details of Mr. Tsvetomir Simeonov Simeonov and his parents, issued by the District Police Directorate -Stara Zagora;
10. Color photograph of Mr. Tsvetomir Simeonov Simeonov;
11. Certified copy of Mr. Tsvetomir Simeonov Simeonov's identity documents, issued by the Chief Director of the sector ' Bulgarian documents for identification' at the District Police Directorate -Stara Zagora;
12. Letter- ref. No 2242/27.01.1006 by the District Police Directorate -Stara Zagora about national inquiry of Mr. Tsvetomir Simeonov Simeonov on the territory of the Republic of Bulgaria;
13. Certified copy of Mr. Tsvetomir Simeonov Simeonov's travels abroad, ref. No 22088/03.11.2005, by the District Police Directorate -Stara Zagora;

14. Extracts of the texts of the Criminal Code and the Criminal Procedure Code of the Republic of Bulgaria

YOURS FAITHFULLY:

BORIS VELCHEV,

CHIEF PROSECUTOR OF THE REPUBLIC OF BULGARIA

/signatured/

[Round stamp of the Prosecutor General of the Republic of Bulgaria}

Apostille

THE PROSECUTOR'S OFFICE OF THE REPUBLIC OF BULGARIA
certifies the truthfulness of the signature and the seal
affixed on present document pursuant to Article 4 of the Rules on legalization,
certification and translation of documents and other papers
Sofia, 12.09.2007
Signed: signature is illegible

The undersigned verifies the truthfulness of the translation, accompanied by me.
The translation consists of 7 / seven / pages.
Translator: Nevena Georgieva Martinska Civil ID 6107206277

ONE HID-94' HEREBY OFFICE
CERTIFIES THAT THE ABOVE
TRANSLATION IS IN FULL CO:
WITH THE (ATTACHED OR
PASSAGE(S) M
ATTACHED) O

EXT-SIMEONOV-00064

7



# ВЪРХОВНА КАСАЦИОННА ПРОКУРАТУРА
## ОТДЕЛ "МЕЖДУНАРОДНО ПРАВНО СЪТРУДНИЧЕСТВО"

София 1061, бул."Витоша" № 2, тел: +359 2/92 19 330,
факс: +359 2/988 58 95
e-mail: mpp_vkp@prb.bg

Изх.№10188/06г.IV
/Моля, цитирайте при отговор/
София, 21.08 2007 г.

До
Господин АЛБЕРТО Р.ГОНЗАЛЕС
МИНИСТЪР НА ПРАВОСЪДИЕТО
На САЩ

# МОЛБА

## ОТ

Главния Прокурор на Република България, София
За екстрадиция на Цветомир Симеонов Симеонов
Намиращ се на територията на САЩ
Съгласно Договора за предаване между България и Съединени
Щати на Америка от 1924г. и Конвенцията на Обединените Нации
срещу Транснационалната Организирана Престъпност

Уважаеми господин Гонзалес,

Г-н Цветомир Симеонов Симеонов- притежава българско
гражданство.

В Република България г-н ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ /TSVETOMIR SIMEONOV SIMEONOV/, ▓▓▓▓▓▓▓▓ г. в гр.Казанлък, ▓▓▓▓▓▓▓▓▓▓ с последно местоживеене в страната гр.Казанлък, ул."Райко Даскалов"№42 е осъждан както следва:

Г-н Цветомир Симеонов Симеонов е признат за виновен с присъда №95 „з" от 19.11.2004 г. по НОХД№317/2002 г. на Районен съд-гр.Казанлък, влязла в сила на 22.12.2004 г. и осъден както следва:

- с наказание 5 /пет/ години „лишаване от свобода" при първоначален общ режим на изтърпяване на наказанието за престъпление по чл.337 ал.1 във вр.чл.20 ал.2 от НК за това, че на 20.12.2001 г. в гр.Казанлък, в съучастие с Румен Николов Йоргов, е преработвал и преправял огнестрелно оръжие –газови пистолети марка „Байкал" калибър 9Х18 с номера 2791, 2883, 2553, 2689 в бойни пистолети без да има за това право по закон и разрешение от надлежен орган на властта;

-на 5 /пет/ години „лишаване от свобода" при първоначален общ режим на изтърпяване на наказанието за престъпление по чл.339 ал.1 във вр.чл.20 ал.2 от НК за това, че на 20.12.2001 г. в гр.Казанлък, в съучастие с Румен Николов Йоргов, като извършител е придобил по какъвто и да е начин и държал огнестрелни оръжия–газови пистолети марка "Байкал" калибър 9 Х 18мм с номера 2791,2873,2553,2689, преработени в бойни пистолети, както и боеприпаси-5 броя патрони за АК, 4 броя патрони калибър 9 Х18 мм и 1 брой патрон калибър 6,35 мм. без да има за това надлежно разрешение.

На основание чл.23 ал.1 от НК съдът е определил на осъдения Цветомир Симеонов Симеонов **общо наказание 5 години лишаване от свобода при първоначален общ режим на изтърпяване на наказанието.**

**На основание чл.24 от НК съдът е увеличил така определеното наказание с ½, с което общия размер на наказанието за горепосочените две престъпления е 7 години и 6 месеца.**

Съгласно чл.82 ал.4 във вр. ал.1 т.3 от Наказателния кодекс на Република България давностния срок за изпълнение на наказанието, наложено на осъдения Цветомир Симеонов Симеонов с горепосочената присъда изтича на 22.12.2019 година.

Със споразумение от 07.02.2000г. по нохд№630/98г. на Районен Съд-гр.Казанлък г-н Цветомир Симеонов Симеонов е признат за виновен в това че на 25.05.1998г. в гр.Казанлък, след предварителен сговор с Николай Стефанов Неделчев и Даниел Петков Колев, виновно и използвайки моторно превозно средство –лек автомобил "БМВ" с ДК№ СТ5221 СТ са извършили следното деяние-отнели чужди движими вещи -50бр.хидромотори, 57броя фланец цетриращ, 137бр.шайби лагерни, 57бр. чистач, 57бр. радиален уплътнител, 57бр."О" пръстен,

2

47,5 по 3,55,300бр.винт М 6 по 20- на обща стойност 7757,10/седем хиляди седемстотин петдесет и седем лева и десет стотинки/- представляващо големи размери от владението на собственика им "М+С Хидравлик", гр. Казанлък, без негово съгласие с намерение противозаконно да ги присвоят-престъпление по чл.195 ал.2 във вр. с ал.1 т.4 и т.5 от НК на Република България, като в хода на процеса причинените щети са напълно възстановени на собственика и затова г-н Симеонов е осъден за престъпление по чл.197 т.4 във вр. с чл.195 ал.2 във вр. с ал.1 т.4 и т.5 от НК на Република България на **една година и шест месеца лишаване от свобода като на основание чл.66 ал.1 от НК изпълнението е отложено за срок от 4 години**.

Присъдата е влязла в сила на 07.02.2000г.

След влизане на присъда по НОХД№317/2002 г. на Районен съд-Казанлък в сила-на 22.12.2004г., с **протоколно определение от 02.03.2005 г. по нд№14/2005. на Районен съд –Казанлък на основание чл.68 ал.1 от НК съдът е постановил Цветомир Симеонов Симеонов да изтърпи отделно, при първоначален общ режим на изтърпяване наказанието в размер на 1 година и 6 месеца лишаване от свобода,** наложено му от Районен съд-Казанлък със споразумение от 07.02.2000г. по наказателно производство –НОХД№630/98 г. на Районен съд-Казанлък за престъпление по чл.197 т.4 във вр. с чл.195 ал.2 във вр. с ал.1 т.4 и т.5 от НК, изпълнението на която е било отложено за основание чл.66 ал.1 от НК за срок от 4 години.

Определението на РС-Казанлък от 02.03.2005 г. по НД№14/2005 г. е влязло в сила на 17.03.2005 г.

Съгласно чл.82 ал.4 във вр. ал.1 т.4 от НК давността за изтърпяване на наказанието съгласно определение от 02.03.2005 г. по НД№14/2005 г. на Районен съд-Казанлък и изтича на 17.09.2012 г.

Присъдата №95"з" от 19.11.2005 г. по НОХД№317/2002 г. на Районен съд-Казанлък, както и определението от 02.02.2005 г. на Районен съд-Казанлък по НД№14/2005 г., за изпълнение на наказанията, по които се иска обявяването на лицето за международно издирване с цел арест и следваща екстрадиция, са постановена в присъствие на защитник, но в отсъствие на осъдения Цветомир Симеонов Симеонов при условията на чл.268 ал.3 т.3 от Наказателно-процесуалния кодекс на Република България, тъй като същия е напуснал нелегално пределите на страната. Разпоредбата на чл.422 ал.1т.6 във вр.с чл.423 ал.5 от Наказателно-процесуалния кодекс на Република България дава право на задочно осъдено лице, предадено от друга държава на Република България, да направи искане до съда за възобновяване на делото и съдът го възобновява, независимо от това дали лицето е знаело или не за наказателното преследване срещу него.

3

Осъденият г-н Цветомир Симеонов Симеонов е обявен за международно издирване чрез Интерпол с цел екстрадиция за Република България, поради укриването му от съдебните власти, напускайки пределите на Република България. По данни на ДМОПС "Интерпол"-София /писмо рег.№А-14001/27.10.2006г. до Върховна Касационна Прокуратура/ посоченото лице е действително установено на територията на САЩ.

Определението от 02.02.2005 г. на Районен съд-Казанлък по НД№14/2005г., за изпълнение на наказанията, спрямо осъдения г-н Цветомир Симеонов Симеонов, представляват валидна заповед за задържане/арест/, по смисъла на чл.11 от Договора за предаване между България и Съединени Щати на Америка от 1924г. Съобразно действащото законодателство на Република България при пристигането на екстрадираното лице на територията на Република България, същото ще бъде приведено незабавно в затвора-гр.Стара Загора за изпълнение на присъдите, като ще му бъде разяснена и разпоредбата на чл.422 ал.1 т.6 от Наказателно-процесуалния кодекс на Република България.

По отношение на присъда №95 „з" от 19.11.2004 г. по НОХД№317/2002 г. на Районен съд-гр.Казанлък, влязла в сила на 22.12.2004 г., постановена за престъпления по чл. чл.337 ал.1 във вр.чл.20 ал.2 от НК –преработване и преправяне на огнестрелно оръжие без надлежно разрешение за това и по чл.339 ал.1 във вр.чл.20 ал.2 от НК-придобиване и държане на огнестрелно оръжие, без надлежно разрешение за това, не е в сила Договора за предаване между България и Съединени Щати на Америка от 1924г., защото тези престъпления не са посочени в чл.2 от същия и допълнителния договор от 1935г. в член първи. За тези престъпления и постановената присъда следва да се приложи Конвенцията на Обединените Нации срещу Транснационалната Организирана Престъпност, подписана от Република България на 13 декември 2000г., в сила от 3 юли 2005г. и подписана от САЩ на 13 декември 2000г., в сила от 3 ноември 2005г. и Протокола срещу незаконно производство и трафик с огнестрелни оръжия, техни части и компоненти и боеприпаси към тази Конвенцията. В раздел Екстрадиция на същата чл.16 т.4 визира че по своята същност конвенцията е правно основание за извършване на екстрадицията за всички престъпления, влизащи в обсега на чл.3 от Конвенцията.

ДАННИ ЗА ПОДЛЕЖАЩОТО НА ЕКСТРАДИЦИЯ ЛИЦЕ:

-българският гражданин ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ /TSVETOMIR SIMEONOV SIMEONOV/, ▇ в гр. Казанлък, ▇ с последно местоживеене в страната гр.Казанлък, ул."Райко Даскалов"№42.

4

-<u>Притежавани документи за самоличност от горепосоченото лице</u>:

    Лична карта №171754155, издадена на 22.06.2000 г. от РДВР-гр.Стара Загора, валидна до дата 22.06.2010 г., паспорт №308125688, издаден на 11.07.2000 г. от РДВР-гр.Стара Загора, с изтекъл срок на валидност към 11.07.2005 г., свидетелство за управление на МПС-№257656426, издадено на 23.02.2001 г. от РДВР-гр.Стара Загора, валидно до 23.02.2011 г.

    <u>С родители</u>:

    <u>Баща</u>-Симеон Панайотов Симеонов– ▇▇▇▇▇▇▇▇ починал
    <u>Майка</u>-Христинка Йорданова Симеонова– ▇▇▇▇▇▇▇
    С последен известен адрес в Република България:гр.Казанлък, ул.''Райко Даскалов''№42

    <u>Съдимост</u>:Осъждан

    <u>Физическо описание</u>: ръст 182 сантиметра, очи –сини, нос-правилен, без особени белези

    По изложените съображения и на основание чл.1, чл.2 т.18 и чл.11 от Договора за предаване между България и Съединени Щати на Америка от 1924г.както и на основание чл.16 от раздел Екстрадиция на Конвенцията на Обединените Нации срещу Транснационалната Организирана Престъпност, подписана от Република България на 13 декември 2000г., в сила от 3 юли 2005г. и подписана от САЩ на 13 декември 2000г., в сила от 3 ноември 2005г., Ви моля да бъде предаден на българските съдебни власти г-н Цветомир Симеонов Симеонов за изтърпяване на наказанието **лишаване от свобода 7г. и 6 месеца** по присъда   №95 „з'' от 19.11.2004 г. по НОХД№317/2002 г. на Районен съд-гр.Казанлък и лишаване от свобода за срок от **1 година и 6 месеца лишаване от свобода,**  наложено му от Районен съд-Казанлък със споразумение от 07.02.2000г. по  наказателно производство –НОХД№630/98 г. на Районен съд-Казанлък.

    Молим Ви да ни уведомите за решението за екстрадиция на г-н Цветомир Симеонов Симеонов и ни известите за мястото и датата на предаването.
    Молим уговарянето на предаването да се извърши чрез каналите на ''Интерпол'' с оглед на по-голяма експедитивност.

5

Използвам случая да Ви уверя в намеренията си за ползотворно сътрудничество, както и да поднеса своите почитания на съдебните власти на САЩ и лично на Вас.

**Приложения:**

1.Официално заверено копие на присъда №95"з" от 19.11.2005 г. по НОХД№317/2002 г. на Районен съд-Казанлък с мотиви към нея;

2.Официално заверено копие на споразумение от 07.02.2000г. по нохд№630/98г. на Районен Съд-гр.Казанлък;

3.Официално заверен препис на разпореждане на Районна Прокуратура-гр.Казанлък до областно звено –гр.Стара Загора към Главна Дирекция "ОХРАНА" при Министерство на Правосъдието №Д-4/05г. за изпълнение на наказанието по присъда №95"з" от 19.11.2005 г. по НОХД№317/2002 г. на Районен съд-Казанлък;

4.Оригинал на свидетелство за съдимост на г-н Цветомир Симеонов Симеонов;

5.Официално заверено копие на протокол от 07.02.2000г. на Районен Съд-гр.Казанлък по нохд№630/98г.

6. Официално заверено копие на протокол от 02.03.2005г. на Районен Съд-гр.Казанлък по нд№14/г.

7.Официално заверено копие на писмо рег.№1525/19.01.2006г. на Регионална Дирекция на Вътрешните Работи-гр.Стара Загора до Окръжна Прокуратура-гр.Стара Загора;

8.Официално заверено копие на дактилоскопни отпечатъци и анкетна карта на г-н Цветомир Симеонов Симеонов, издадени от Регионална Дирекция на Вътрешните Работи-гр.Стара Загора;

9.Лични данни за г-н Цветомир Симеонов Симеонов и родителите му, издадени от Регионална Дирекция на Вътрешните Работи-гр.Стара Загора;

10. Цветна снимка на г-н Цветомир Симеонов Симеонов;

11.официално заверено копие на документите за самоличност на г-н Цветомир Симеонов Симеонов, издадена от Началник Група "Български Документи за самоличност" при Регионална Дирекция на Вътрешните Работи-гр.Стара Загора;

12.Оригинал на писмо рег.№2242/27.01.2006г. на Регионална Дирекция на Вътрешните Работи-гр.Стара Загора за общонационално издирване на г-н Цветомир Симеонов Симеонов;

13.официално заверено копие на задграничните пътувания на г-н Цветомир Симеонов Симеонов, рег№22088/03.112005г. на Регионална Дирекция на Вътрешните Работи-гр.Стара Загора;

6

EXT-SIMEONOV-00070

15.Препис извлечение от приложимите текстове от Наказателния Кодекс и Наказателно-процесуалния Кодекс на Република България.

С УВАЖЕНИЕ,

БОРИС ВЕЛЧЕВ

ГЛАВЕН ПРОКУРОР
НА РЕПУБЛИКА БЪЛГАРИЯ

ПРОКУРАТУРА НА
РЕПУБЛИКА БЪЛГАРИЯ
удостоверява истинността на
положения подпис и печат върху
настоящия документ на основание
чл. 4 от ПЛЗПДДК
София, .12. 03. ............. 200.. г
Подпис .................

ПРОКУРАТУРА НА
РЕПУБЛИКА БЪЛГАРИ..
удостоверява истинността
положения подпис и печат
настоящия документ на осно
чл. 4 от ПЛЗПДДК
София, .12. 09. ............. 2007
Подпис .................

7

**SENTENCE**
No 95-Z
The town of Kazanlak 19.11.2004

IN THE NAME OF THE PEOPLE

The Regional Court - The town of Kazanlak
on 19.11.2004
in an open session of the Court
in the composition:

Presiding judge: Todor Todorov
Members: Radka Dineva
Assessor juror: Mariika Bakardzieva
Secretary: Maria Ivanova
Prosecutor: Konstantin Banchev

taking into consideration the reported by the judge Todor Todorov criminal case No 317, registered in 2002,

**ADJUDGED:**

The accused TSVETOMIR SIMEONOV SIMEONOV, born on ███████ in the town of Kazanlak, the Republic of Bulgaria, living in the same town, a citizen of the Republic of Bulgaria, married, adjudicated, unemployed, high education, Civil ID ███████

**GUILTY** for the fact that:
On 20.12.2001 in the town of Kazanlak, with the participation of Roumen Nikolov Yorgov, Simeonov remanufactured and repaired in appropriate way weapon – gas pistols and guns - trade mark "Baikal", caliber 9 X 18, numbers 2791, 2883, 2553, 2689 so that he made them into military guns, without having a legal permission by the competent authorities. For these actions and pursuant to Article 337, paragraph 1, connected with Article 20, paragraph 2 and Article 54 of the Criminal Code of the Republic of Bulgaria, the Court gives him
**SENTENCE: 5 years imprisonment at the initial general routine,** pursuant to Article 46-"B" ZIN.

**ADJUDGED:** The accused above mentioned person TSVETOMIR SIMEONOV SIMEONOV with established identity

**GUILTY** for the fact that:
On 20.12.2001 in the town of Kazanlak, with the participation of Roumen Nikolov Yorgov, as a criminal, he gained and held fire weapon – 4 gas pistols and guns - trade mark "Baikal", caliber 9 X 18, numbers 2791, 2873, 2553, 2689, remanufactured and repaired into military guns, as well as 5 ball cartridges for AK, 4 ball cartridges caliber 9 X 18 mm and 1 ball

cartridge caliber 6,35 mm, without having a legal permission by the competent authorities. For these actions and pursuant to Article 339, paragraph 1, connected with Article 20, paragraph 2 and Article 54 of the Criminal Code of the Republic of Bulgaria, the Court gives him

**SENTENCE: 5 years imprisonment at the initial general routine,** pursuant to Article 46-"B" ZIN.

Pursuant to Article 23, paragraph 1 of the Criminal Code of the Republic of Bulgaria, the Court gives him ONE TOTAL PUNISHMENT, the heaviest penalty for such a crime, and admeasures the penalty: **5 years imprisonment at the initial general routine,** pursuant to Article 46-"B" ZIN.

Pursuant to Article 24 of the Criminal Code of the Republic of Bulgaria, the Court **increases the penalty with ½.**

### ADJUDGED:

The accused ROUMEN NIKOLOV YORGOV, born on █████████ in the town of Maglizh, the Republic of Bulgaria, citizen and living in the town of Kazanlak, a citizen of the Republic of Bulgaria, married, no adjudicated, employed, high education, Civil ID : ████████

**GUILTY** for the fact that:
On 20.12.2001 in the town of Kazanlak, with the participation of Tsvetomir Simeonov Simeonov remanufactured and repaired in appropriate way weapon – gas pistols and guns - trade mark "Baikal", caliber 9 X 18, numbers 2791, 2883, 2553, 2689 so that he made them into military guns, without having a legal permission by the competent authorities. For these actions and pursuant to Article 337, paragraph 1, connected with Article 20, paragraph 2 and Article 54 of the Criminal Code of the Republic of Bulgaria, the Court gives him
**SENTENCE: 3 years imprisonment at the initial general routine**
Pursuant to Article 66, paragraph 1of the Criminal Code of the Republic of Bulgaria, the Court **POSTPONES the determined penalty for the term of FIVE YEARS.**

**ADJUDGED:** The accused above mentioned person ROUMEN NIKOLOV YORGOV with established identity

**GUILTY** for the fact that:
On 20.12.2001 in the town of Kazanlak, with the participation of Tsvetomir Simeonov Simeonov, he gained and held fire weapon – 4 gas pistols and guns - trade mark "Baikal", caliber 9 X 18, numbers 2791, 2873, 2553, 2689, remanufactured and repaired into military guns, as well as 5 ball cartridges for AK, 4 ball cartridges caliber 9 X 18 mm and 1 ball cartridge caliber 6,35 mm, without having a legal permission by the competent authorities. For these actions and pursuant to Article 339, paragraph 1, connected with Article 20, paragraph 2 and Article 54 of the Criminal Code of the Republic of Bulgaria, the Court gives him
**SENTENCE: 3 years imprisonment at the initial general routine**
Pursuant to Article 66, paragraph 1of the Criminal Code of the Republic of Bulgaria, the Court **POSTPONES the determined penalty for the term of FIVE YEARS.**
Pursuant to Article 23, paragraph 1 of the Criminal Code of the Republic of Bulgaria,

the Court gives him ONE TOTAL PUNISHMENT, the heaviest penalty for such a crime, and admeasures the penalty: **3 years imprisonment at the initial general routine**
Pursuant to Article 66, paragraph 1of the Criminal Code of the Republic of Bulgaria, the Court **POSTPONES the determined penalty for the term of FIVE YEARS.**

## ADJUDGED:

TSVETOMIR SIMEONOV SIMEONOV and ROUMEN NIKOLOV YORGOV to pay all the expenses concerning the trial - 432.02 levs, and transfer this amount of money on the account of the Regional Court –Kazanlak /joint liability/, and the accused Simeonov to pay additional sum of 150.00 levs.

Pursuant to Article 53, paragraph 11 b "A" the Criminal Code of the Republic of Bulgaria deprives: 4 gas pistols and guns - trade mark "Baikal", caliber 9 X 18, numbers 2791, 2873, 2553, 2689, remanufactured and repaired into military guns, as well as 5 ball cartridges for AK, 4 ball cartridges caliber 9 X 18 mm and 1 ball cartridge caliber 6, 35 mm, as items illegally possessed and banned by the law, in the favor of the state.

Pursuant to Article 53, paragraph 11 b "A" of the Criminal Code of the Republic of Bulgaria the Court deprives: all machinery items, materials and tools, possession of the guilty persons, used for manufacture of the military weapon and to commit intentional crimes.

The **SENTENCE** is adjudged in the presence of an official solicitor of the accused Tsvetomir Simeonov Simeonov – advocate Daniela Russinova.
The **SENTENCE** can be appealed at the District Court – Stara Zagora in a 15 day term from the day of the rendition of judgment.


REGIONAL JUDGE: /signatured/

MEMEBERS OF THE JURY: 1. /signatured/

2. /signatured

Comes into force on 22.12.2004


Apostille

THE PROSECUTOR'S OFFICE OF THE REPUBLIC OF BULGARIA
certifies the truthfulness of the signature and the seal
affixed on present document pursuant to Article 4 of the Rules on legalization,
certification and translation of documents and other papers
Sofia, 12.09.2007
Signed: signature is illegible

The undersigned verifies the truthfulness of the translation, accomplished by me.
The translation consists of 3 / three / pages.
Translator: Nevena Georgieva Martinska Civil ID 6107206277

EXT-SIMEONOV-00074

167

[illegible] Симеонов допълнително и сумата от [illegible] лв.

На осн. чл. 53 ал.1 б."А" НК ОТНЕМА в полза на държавата [illegible] бр. преработени пистолети марка "Байкал" с осигурени протектори калибър 9х18 мм с номера 2781, 2875, [illegible]553, 2659 и 6 бр. патрони [illegible], 4 бр. патрони 9х18 мм и 1 бр. бойни патрон 6,35 мм като вещи на които притежаването е забранено.

На осн. чл. 53 ал. 1 б."А" НК ОТНЕМА в полза на държавата 1 бр. пробивна машина с надпис GREAPO с накрайник с шнур, 6 бр. пили, 1 бр. шабър, [illegible] бр. отвертки, 3 бр. клещи, чук - [illegible] бр., горелки - [illegible] бр., газов котлон с две стойки - 1 бр., 1 бр. тенджера нагърмена със сода каустик, 1 бр. шмиргел с полир ванос и камък, шмиргел с камък - 1 бр., 6 бр. избивачи, [illegible] бр. шмиргел за пробивна машина, 1 бр. флакон с черен спрей Dupli Color, водопроводен ключ син на цвят, найлонов плик - син на цвят с бяло прахообразно вещество, [illegible] бр. безцветни торбички с бяло вещество, стъклен буркан с механизми за пистолет "Макаров", ламаринена кутия с прес, ламаринена кутия с масло, полиршайба - 1 бр., картонена кутия със [illegible] и зенкери - 1 бр., като вещи които принадлежат на виновния и са били предназначени за послужване на извършване на умишлени престъпления.

ПРИСЪДАТА произнесена в присъствието на служ. защитник на подс. Цветомир Симеонов - адв. Даниела Русинова.

ПРИСЪДАТА подлежи на обжалване или протестиране в 15-дневен срок от днес пред Окръжен съд - Стара Загора.

РАЙОНЕН СЪДИЯ: [signature]

СЪД.ЗАСЕДАТЕЛИ: 1. [signature]

2. [signature]

В сила на 22.12.2004 г.

Вярно с оригинала

Деловодител: [signature]

ПРОКУРАТУРА НА РЕПУБЛИКА БЪЛГАРИЯ
удостоверява истинността на
подпис и печат върху
документ на основание
[illegible] 4 от ПАЗПДДК
12.09. 2007 г.
[signature]

1 бр. изп. листи за 43,20 лв.
1 бр. [illegible] 50 лв.

2

# ПРИСЪДА

№ 95·3

Казанлък, 19.11. 4

гр. ...........................................200....год.

## В ИМЕТО НА НАРОДА

Казанлъшки окръжен съд .........................район.................
районен Деветнадесети ноември

на ...........................................

две хиляди и.. четвърта ...........................в открито съдебно заседание, в следния състав:

Председател: Тодор Тодоров

Членове: Радка Динева

Съдебни заседатели: Марийка Бакърджиева

на секретаря.. Мария Иванова

в присъствието на.........................прокурора.. Константин Банчев

съдия Тодоров

разгледа докладвано от.........................................наказателно дело

№ 317 по описа за 2002 год.

П Р И С Ъ Д И :

ПРИЗНАВА подс. ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ – ▮▮▮▮▮▮ ▮▮▮▮▮▮ в гр. Казанлък, жител и живущ в същия град, български гражданин, женен, осъждан, безработен, със средно образование, ▮▮▮▮▮

▮▮▮▮ за ВИНОВЕН в това, че на 20.12.01 г. в гр. Казанлък в съучастие с Румен Николов Йоргов като извършител е преработвал и поправял огнестрелнооръжие от газови пистолети марка "Байкал" с калибър 9 х 18 мм. с номера 2791,2883, 2553, 2689 в бойни пистолети без да имат за това право по закон и разрешение от надлежния орган на властта, поради което и на осн. чл. 337 ал. 1 вр. с чл. 20 ал. 2 и чл. 54 НК го осъжда на ПЕТ ГОДИНИ ЛИШАВАНЕ ОТ СВОБОДА при ПЪРВОНАЧАЛЕН ОБЩ РЕЖИМ, на осн. чл. 46 б."Б" ЗИН.

ПРИЗНАВА подс. ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ с установена погоре самоличност за ВИНОВЕН в това, че на 20.12.01 год. в гр. Казанлък в съучастие с Румен Николов Йоргов като извършител е придобил

EXT-SIMEONOV-00076

по какъвто и да е начин идържал огн. оръжия - 4 бр. преработе-
тени газови пистолети марка "Байкал" в бойни пистолети с калибър
9х18 мм с номера 2791, 2873, 2553, 2689, както и боеприпаси -
5 бр. патрони за АК, 4 бр. патрони с калибър 9х18 мм и 1 бр. 6,35
мм, без да има за това надлежно разрешение, поради което и на осно-
вание чл. 339 ал. 1 вр. с чл. 20 ал. 2 и чл. 54 НК го ОСЪЖДА
на ПЕТ ГОДИНИ ЛИШАВАНЕ ОТ СВОБОДА при ПЪРВОНАЧАЛЕН ОБЩ РЕЖИМ на
осн. чл. 46 б."б" ЗИН.

На осн. чл. 23 ал. 1 НК определя ЕДНО ОБЩО НАКАЗАНИЕ
до размера на най-тежкото от тях, а именно - ПЕТ ГОДИНИ ЛИШАВАНЕ ОТ
СВОБОДА при ПЪРВОНАЧАЛЕН ОБЩ РЕЖИМ на осн. чл. 46 б."Б" ЗИН.

На осн. чл. 24 НК УВЕЛИЧАВА така определеното наказние
с 1/2.

ПРИЗНАВА подс. РУМЕН НИКОЛОВ ИОРГОВ - роден на ▇▇▇▇▇
год. в гр. Мъглиж, жител и живущ в гр. Казанлък, български граж-
нин, женен, неосъждан, работи, със средно образование, ЕГН 581030
7688 за ВИНОВЕН в това, че на 20.12.01 г. в гр. Казанлък в съучастие
с Цветомир Симеонов Симеонов като извършители е преработвал и попра-
вял огнестрелно оръжие от газови пистолети марка "Байкал" в бойни
пистолети с калибър 9 х 18 мм с номера 2791, 2873, 2553, 2689,
без да има право за това по закон или разрешение от надлежен орган
на властта, поради което и на осн. чл. 337 ал. 1 вр. с чл. 20 ал.
2 и чл. 54 НК го осъжда на ТРИ ГОДИНИ ЛИШАВАНЕ ОТ СВОБОДА .

На осн. чл. 66 ал. 1 НК ОТЛАГА така определеното наказа-
ние срок от ПЕТ ГОДИНИ.

ПРИЗНАВА подс. РУМЕН НИКОЛОВ ИОРГОВ с установена по-горе
самоличност за ВИНОВЕН в това, че на 20.12.01 г. в гр. Казанлък
в съучастие с Цветомир Симеонов Симеонов е придобил по какъвто
да е начин и държал огнестрелно оръжие - 4 бр. преработени газови
пистолети марка "Байкал", в бойни пистолети 9х18 мм - № 2791,
2873, 2553, 2689, и боеприпаси - 5 бр. патрони АК, 4 бр. 9х18 мм
и 1 бр. 6,35 мм без даима за това надлежно разрешение, поради което
и на осн. чл. 339 ал. 1 вр. с чл. 20 ал. 2 и чл. 54 НК го осъжда
на ЬТРИ ГОДИНИ ЛИШАВАНЕ ОТ СВОБОДА.

На осн. чл. 66 ал. 1 НК ОТЛАГА така определеното наказа-
ние за срок от ПЕТ ГОДИНИ.

На осн. чл. 23 ал. 1 НК определя едно ОБЩО НАКАЗАНИЕ до
размера на най-тежкото от тях, а именно - ТРИ ГОДИНИ ЛИШАВАНЕ
от СВОБОДА, което на осн. чл. 66 ал. 1 НК ОТЛАГА за срок от ПЕТ
ГОДИНИ.

ОСЪЖДА подс. ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ и РУМЕН НИКОЛОВ
ИОРГОВ да заплатят направените по делото разноски в размер от
432,02 лв. по сметка на Казанлъшки РС - солидарно.

DISTRICT
POLICE DIRECTORATE
STARA ZAGORA

Ref No 1525 / 19.01.2006

TO THE DISTRICT
PROSECUTOR' S OFFICE OF CASSATION
(PROSECUTOR R. STOYANOVA)
STARA ZAGORA

Ref No 708 / 09.01.2006
Of No 24 / 09.02.2006

In connection with your letter regarding missing information of the residence of the convicted TSVETOMIR SIMEONOV SIMEONOV, Civil ID ▮▮▮▮▮ /it is said that he is abroad, but there is no information where exactly/, we would like to notify that:

In the Police Department – Sara Zagora it was received a letter Reg No UR -579/ 28.01.2005, Ref No 1863 / 28.01.2005 by DNSP-Sofia, containing information about available data in the USA register of the residing, or wanted Bulgarian citizens, where the person TSVETOMIR SIMEONOV SIMEONOV Civil ID 7205087744 is pointed out.

Our request is that we are informed whether to begin a procedure to institute international inquiry and further extradition of the convicted person.

St. Stoinov
18.01.2006

TEMPORARY ACTING
DIRECTOR
OF THE REGIONAL SECTOR'POLICE'
AT THE REGIONAL
POLICE DIRECTORATE
STARA ZAGORA
Colonel
(Sv. Markov)
/signature/

Round stamp - THE DISTRICT POLICE DIRECTORATE STARA ZAGORA
Apostille
THE PROSECUTOR'S OFFICE OF THE REPUBLIC OF BULGARIA
certifies the truthfulness of the signature and the seal
affixed on present document pursuant to Article 4 of the Rules on legalization,
certification and translation of documents and other papers
Sofia, 12.09.2007
Signed: signature is illegible

The undersigned verifies the truthfulness of the translation, accomplished by me.
The translation consists of 1 / one / page.
Translator: Nevena Georgieva Martinska Civil ID 6107206277

EXT-SIMEONOV-00078

37



**РЕГИОНАЛНА ДИРЕКЦИЯ
НА ВЪТРЕШНИТЕ РАБОТИ
СТАРА ЗАГОРА**

Рег.№ .................................2006 год.

ДО
ОКРЪЖНА ПРОКУРАТУРА
(Прокурор Р.СТОЯНОВА)
ГР. СТАРА ЗАГОРА

По вх.№ 708/09.01.2006 год.
На № 24/09.02.2006 год.

Във връзка с Ваше писмо, че относно осъдения ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ, ██████████ липсват данни, че е в чужбина и къде точно се намира, Ви уведомяваме:

От ДНСП гр. София в РЗ "Полиция", РДВР гр. Стара Загора е изпратено писмо рег.№ УР-579/28.01.2005 година, вх.№ 1863/28.01.2005 година, че е получена информация за наличие на данни в масивите на САЩ за пребиваващи, издирвани лица, български граждани, като е посочено и лицето ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ, ЕГН ██████████

Моля, да бъдем уведомени ще отпочнете ли действия за обявяване на международно издирване с цел екстрадиция на лицето.

Изп.: Ст.Стойнов
Нап.: Ст.Стойнов
18.01.2006 година
гр. Стара Загора

ВрИД НАЧАЛНИК НА
РЗ "ПОЛИЦИЯ"
..........СТАРА ЗАГОРА
(........ Марков)



ПРОКУРАТУРА НА
РЕПУБЛИКА БЪЛГАРИЯ
удостоверява истинността на
положения подпис и печат върху
настоящия документ на основание
чл. 4 от ГІАЗПДДК
..........................2007 г.

EXT-SIMEONOV-0007



СЛУЖЕБНА
DE SERVICE

# A P O S T I L L E
( Convention de La Haye du 5 octobre 1961 )

1. Country:REPUBLIC OF BULGARIA
   **This public document**

2. has been signed by:

3. acting in the capacity of certification officer

4. bears the
   seal / stamp of: **Prosecutor's**

**Certified**

5. at : SOFIA-BULGARIA    6. the    26. 02. 2009

7. by: MINISTRY OF FOREIGN AFFAIRS
   Directorate "Consular Relations"

8. №

9. Seal / stamp:    10. Signature:

## MOTIVATION

referring judge sentence No 95-Z, pronounced on 19.11 2004 by the Regional Court - Kazanlak, for a crime of general character – trial No 317 / 2002

The persons **TSVETOMIR SIMEONOV SIMEONOV and ROUMEN NIKOLOV YORGOV**
**are accused:**

**pursuant to Article 337**, paragraph 1, connected with Article 20, paragraph 2 of the Criminal Code of the Republic of Bulgaria for the fact that on 20.12.2001 in the town of Kazanlak, they both as co-participators remanufactured and repaired in appropriate way weapon – gas pistols and guns - trade mark "Baikal", caliber 9 X 18, numbers 2791, 2873, 2553, 2689 so that they made them into military guns, without having a legal permission by the competent authorities and:

**pursuant to Article 339**, paragraph 1, connected with Article 20, paragraph 2 of the Criminal Code of the Republic of Bulgaria, for the fact that on 20.12.2001 in the town of Kazanlak, they both as co-participators gained and held fire weapon – 4 gas pistols and guns - trade mark "Baikal", caliber 9 X 18, numbers 2791, 2873, 2553, 2689, remanufactured and repaired them into military guns, as well as 5 ball cartridges for AK, 4 ball cartridges caliber 9 X 18 mm and 1 ball cartridge caliber 6,35 mm, without having a legal permission by the competent authorities.

During the session of the Court, after completion of the pre-trail investigation, the Prosecutor of Regional Prosecutor's Office-Kazanlak claims the accused are guilty and appeals at the Court to sentence them - he proposes that the accused Simeonov ought to be given sentence imprisonment, and the accused Yorgov - punishment pursuant to Article 66 of the Criminal Code of the Republic of Bulgaria.

During the session of the Court the accused Roumen Yorgov does not plead guilty and gives explanations.
The accused Tsvetomir Simeonov does not appear during the session of the Court, hides from the authorities, and for that, pursuant to Article 76, paragraph 1, item 6 of the Criminal Code Procedure of the Republic of Bulgaria, he was appointed an official solicitor - advocate Daniela Russinova from the College of barristers-Stara Zagora.

After the session of the Court, Yorgov's defender appeals the Court to plead not guilty, having in mind the circumstances that the accused Yorgov has not committed a crime, and because of the fact that the prosecution has not solid consideration and there is not enough indubitably proof.

Pursuant to Article 16 and Article 17 of the Criminal Procedure Code of the Republic of Bulgaria and having taken into consideration all the evidence, gathered so far, established with dubitably proof, testimony of the witnesses, experimental testimony, as well as the explanations, given by the accused, and after a careful judgment, the Court ascertains the real facts as follows:

REGARDING FACTS AND CIRCUMSTANCES OF THE CRIME AND ANALYSIS OF
THE GATHERED EVIDENCE:

On 20.12.2001 at about 15:00 in the town of Kazanlak in the building, located at 42 "Raiko
Alexiev" street, an action of the Regional Sector of the Service "Fight against Organized
Crime" at the Regional Police Station – Kazanlak had been performed.

In the basement of the building the accused Tsvetomir Simeonov and the accused Roumen
Yorgov had been arrested "red-handed" - at the moment of cleaning items and particles of a
gun, trade mark 'Makarov', and on the desk top there had been many disassembled parts ofor
making a weapon-for a gun, trade mark 'Makarov'. In one of the corners of the room there
had been a pot with boiling soda caustic.
The policemen and the officers of the Regional Police Station – Kazanlak had made a record
of inspection and search at the scene of the crime, a record to rummage the house and
confiscation of all machinery items and particles, needed for manufacture of the weapon.

After that, an examination and search in the house of the accused Roumen Yorgov had been
performed. With a record to rummage the house and confiscation, 5 ball cartridges for AK,
caliber 7.62 X 39mm, 4 ball cartridges caliber 9 X 18 mm, 1 ball cartridge caliber 6 X 35 mm,
and a barrel had been taken.

In the experimental testimony it is established that the ammunition and war supplies, taken
from Yorgov's house can be used to their purpose.

After experimental testimony, taken into consideration during the session of the Court, it
becomes clear, and it is dubitably proved that the confiscated ammunition and war supplies
can be used to assemble four pistols 9 X 18 mm. Only minimum knowledge of
construction of the pistol - trade mark 'Makarov', a milling-machine, and tools are needed to
make a weapon that can be used to kill.

From the experimental testimony, it becomes clear that the white crystal substance, which was
taken, is Na OH, and the yellow crystal substance, which was taken, is Na No 2. The liquid in
the pot is mixture of Na OH and Na No 2 and is used during the process of oxidation.

From the experimental testimony, it is evident that there are no numbers of identification of
the gas-pistols trade mark 'Baikal', remanufactured into military ones - 9 X 18 mm, no bullets
'Makarov', they had been erased, and after the ballistic testimony appeared numbers 2791,
2873, 2553, 2689.

From the conclusion of the experts of the testimony, it is established that 4 of them,
remanufactured from gas 'Baikal' into military ones, are identical with the one, voluntary
handed in during another criminal investigation No 5/02, its number is TPA 2551.

At the attached reference from company HBC Commers Ltd., Plovdiv, it is set up that on
19.12.2001 the company 'Eli Commers Petar Savov' Ltd. has bought 5 pistols and 4 of them
with identity numbers 2689, 2873, 2791, 2553.

The described facts and circumstances are logically, clearly and not contradictory established in the statements by witnesses Ivan Ivanov, Kostadin Dimchev, and Petar Savov.

The above mentioned factual material is supported by the experimental testimony.

The attached written evidence, pursuant to Article 281 of the Penal Procedure Code of the Republic of Bulgaria, also prove the accusation - a record of inspection and search at the scene of the crime, on 20.12.2001, together with photo album, 2 records to rummage the house and confiscation on 20.12.2001, reference from company HBC Commers Ltd., Plovdiv on 30.01.2001- all of them give important information about the time of the crime and the perpetrators of the crime.

All the confiscated machinery units, machine signed GREAPO, materials, details, particles, tools, boxes, black spray DUPLI COLOR, plastics with Na OH and Na No 2, bullets 9 x 18, etc. also clarify the factual circumstances of the crime. There is a videocassette with a record of the exact place of the crime, which gives much more detailed view of the room, where the crime had been committed/ pursuant to Article 282 of the Penal Procedure Code of the Republic of Bulgaria/.

Having in mind the facts, established so far, there are two versions of the crime.
On one hand, the statements by witnesses say that the accused Tsvetomir Simeonov and the accused Roumen Yorgov had been arrested "red-handed", at the moment of remanufacturing the gas pistols into military pistols. On the other hand, Roumen Yorgov claims that he had been in the basement of the accused Tsvetomir Simeonov accidentally when suddenly the policemen came in, and he had nothing to do with the remanufacturing the gas pistols into military pistols.

This contradiction between the statements by witnesses and the explanations by the accused Roumen Yorgov needs to be analyzed deeply and strictly.
They have to be compared to the corresponding Court practice BKC – P. 836 / 1990.

The Court does not believe that the explanations by the accused Roumen Yorgov are true. We consider that it is his right to protect himself and thus he tries to refute the evidence of the case, gathered so far.

In the statements by witnesses Ivan Ivanov and Kostadin Dimchev , they in an explicit way say that when they enter the basement of the accused Tsvetomir Simeonov, he, together with the accused Roumen Yorgov, was remanufacturing the gas pistols into military pistols, they were cleaning their parts on the a milling-machine, and the windows were obscured.

During the performed examination and search in the house of the accused Roumen Yorgov, besides ball cartridges caliber 9 X 18 mm, a barrel for a pistol had been taken.

In the statements by witness Savov, it is established that two days before the examination and search in the basement, the accused Tsvetomir Simeonov and the accused Roumen Yorgov visited the shop, owned by his company 'Eli Commers Petar Savov' Ltd. and bought gas pistols with identity numbers 2791, 2873, 2553, 2689, which had been subsequently confiscated from the house of the accused Simeonov / with erased numbers at the moment of confiscation, proved by the experimental testimony /. This undoubtedly contradicts to the claims of the accused Roumen Yorgov that he had been only once in this shop to buy an air gun.

The statements by witnesses are also proved by the written evidence, attached to the case-record of an examination and search at the scene of the crime on 20.12.2001, as well as the attached autoptic evidence.

Having in mind the established factual material, the Court finds that, from objective and subjective point of view, the accused Tsvetomir Simeonov and the accused Roumen Yorgov committed a crime - pursuant to Article 337, paragraph 1, connected with Article 20, paragraph 2 and to Article 339, paragraph 1, connected with Article 20, paragraph 2 of the Criminal Code of the Republic of Bulgaria.

REGARDING LEGAL QUALIFICATION- Article 337, paragraph 1, connected with Article 20, paragraph 2 of the Criminal Code of the Republic of Bulgaria.

Objectively, the accused both had committed a crime together and simultaneously pursuant to Article 20 Paragraph 2 of the Criminal Code of the Republic of Bulgaria. They both remanufactured the gas pistols 'Baikal' into military pistols 'Makarov', caliber 9 X 18 mm. It was an illegal action; they did not have any permission by the competent authorities, this way they made 4 military pistols - considered a crime, pursuant to Article 337, paragraph 1 of the Criminal Code of the Republic of Bulgaria.

Having in mind the established factual material, the Court finds that, from objective and subjective point of view, the accused Tsvetomir Simeonov and the accused Roumen Yorgov committed the crime deliberately.

The accused had consciously realized the danger of their actions, which points out their guilt - actual malice – for each of the accused.

Each of the accused had known and acted together with the other one, they both had common purpose, which means that it is a matter of common particular malice.

REGARDING LEGAL QUALIFICATION- Article 339, paragraph 1, connected with Article 20, paragraph 2 of the Criminal Code of the Republic of Bulgaria.

This text of the law deals with implementation of one of the three actions – acquisition, holding, or delivery of weapon, ammunition or explosive substances.

Objectively, again the accused both had committed a crime together and simultaneously pursuant to Article 20 Paragraph 2 of the Criminal Code of the Republic of Bulgaria. They both repaired and remanufactured weapon-military pistols, caliber 9 X 18 mm, as well as ammunition - 5 units, ball cartridges for AK – 4 units, cartridges - caliber 9 X 18 mm,, and a cartridge - caliber 6 X 35 mm.

It was an illegal action; they did not have any permission by the competent authorities, moreover, it was a real fact that they powered the weapon. There is no limited period of holding weapon or ammunition, pointed in the law, that is why the explanations, given by the defender of the accused Yorgov, regarding BC -119/78-1, does not correspond to the casus /it is absolutely enough for the accused to have the real power on the weapon and ammunition, which in fact they had/.

 In Control over Explosives, Weapons and Ammunition Act - Article 15, Paragraph 1, it is said: It is an obligation for everyone who finds Explosives, Weapons or Ammunition to inform the Police Authorities, without removing the Explosives, Weapons or Ammunition from their location. Therefore, the actions, committed by the accused, are considered by the Court as complete criminal actions. It is the main points in the Supreme Court of Cassation judgment No 557/00-2.

It is true that, at the moment of confiscation, the weapon had not been assembled and mended completely, but only a few repair works was needed to make them ready for use. And not any special knowledge of the construction was needed, too. It is the main points in the Supreme Court of Cassation – Practice - judgment No 146-78.2; judgment No367/01-3, etc. The accused had special knowledge of the construction, manufacture, repair, and necessary inventory tools to make the weapon used for its function. Thus, objectively they commited a crime , pursuant to Article 339, paragraph 1 of the Criminal Code of the Republic of Bulgaria.

Having in mind the established factual material, the Court finds that, from objective and subjective point of view, the accused Tsvetomir Simeonov and the accused Roumen Yorgov committed the crime deliberately.

The accused had consciously realized the public danger of their actions for the society and all the consequences /producta sceleris/, which points out their guilt -actual malice.

Each of the accused had known and acted together with the other one, they both had common purpose, which means that it is a matter of common particular malice.

Having in mind the motivation, presented so far, and pursuant to the quoted texts of the law The Court determines: the accused Tsvetomir Simeonov and the accused Roumen Yorgov are to be proclaimed guilty and punished.

At the determination of the punishment, the Court took into consideration the following: public danger of the actions of the accused for the society; personal danger that presents each of the accused; detailed assessment of aggravating and mitigating circumstances, in accordance with law regulation and law enforcement.

**Regarding ACCUSATION pursuant to Article 337**, paragraph 1, connected with Article 20, paragraph 2 of the Criminal Code of the Republic of Bulgaria.

As aggravating circumstances to the guilt of the accused **Tsvetomir Simeonov** the Court took into consideration the following:
It was committed a crime with extreme danger for the society - repair and remanufacture of weapon, a common crime in this region; his past - previous adjudication; his ill-temper and personal character.
As mitigating circumstances to the guilt of the accused Tsvetomir Simeonov, the Court did not find any.
To sum up, the accused Tsvetomir Simeonov is a person who presents extreme danger for the society, and his previous sentence - imprisonment did not give positive results for the improvement of his behavior and his lifestyle.

The Court considers that the punishment should be appointed according to the heaviest punitive measure in the law for such crimes, in order to achieve the purposes of Article 36 of the Criminal Code of the Republic of Bulgaria – five years imprisonment at the initial general routine pursuant to Article 46 b.B of the Act for Penalty Execution of the Republic of Bulgaria.

**Regarding ACCUSATION pursuant to Article 339**, paragraph 1, connected with Article 20, paragraph 2 of the Criminal Code of the Republic of Bulgaria.

As aggravating circumstances to the guilt of the accused **Tsvetomir Simeonov** the Court took into consideration the following:
It was committed a crime with extreme danger for the society- repair and remanufacture of weapon, a common crime in this region; his past - previous adjudication; his bad behavior, his ill-temper and his personal characteristics.
As mitigating circumstances to the guilt of the accused Tsvetomir Simeonov, the Court did not find any.
To sum up, the accused Tsvetomir Simeonov is a person who presents extreme danger for the society, and his previous sentence - imprisonment did not give positive results for the improvement of his behavior and his lifestyle.

The Court considers that the punishment should be appointed according to the heaviest punitive measure in the law for such crimes, in order to achieve the purposes of Article 36 of the Criminal Code of the Republic of Bulgaria – five years imprisonment at the initial general routine pursuant to Article 46 b.B of the Act for Penalty Execution of the Republic of Bulgaria.

There is sufficient evidence pursuant to Article 23, paragraph 1 of the Criminal Code of the Republic of Bulgaria, and the Court imposes one total punishment, according to the heaviest punitive measure in the law for such crimes - five years imprisonment at the initial general routine, pursuant to Article 46 b.B of the Act for Penalty Execution.

There is sufficient evidence pursuant to Article 24 of the Criminal Code of the Republic of Bulgaria, taking into consideration his past - previous adjudication; his bad behavior, his ill-temper and his personal characteristics and the Court adds ½ to the determined total sentence five years imprisonment.

**Regarding ACCUSATION pursuant to Article 337**, paragraph 1, connected with Article 20, paragraph 2 of the Criminal Code of the Republic of Bulgaria.

As aggravating circumstances to the guilt of the accused **Roumen Yorgov** the Court took into consideration the following:

It was committed a crime with extreme danger for the society - repair and remanufacture of weapon, a common crime in this region.

As mitigating circumstances to the guilt of the accused Roumen Yorgov, the Court has in mind his clean past life – no adjudication; his good behavior, and personal characteristics.

To sum up, the accused Roumen Yorgov is not a person who presents extreme danger for the society, and the crime he committed is an isolated case in his life so far.

The Court considers that the punishment should be appointed according to a balance between aggravating circumstances and mitigating circumstances, in order to achieve the purposes of Article 36 of the Criminal Code of the Republic of Bulgaria –three years imprisonment.

For the rehabilitation of the accused, the Court imposes his punishment not to be executed imprisonment, and pursuant to Article 66 of the Criminal Code of the Republic of Bulgaria, to be postponed with a period of 5 years.

**Regarding ACCUSATION pursuant to Article 339**, paragraph 1, connected with Article 20, paragraph 2 of the Criminal Code of the Republic of Bulgaria.

As aggravating circumstances to the guilt of the accused **Roumen Yorgov** the Court took into consideration the following:

It was committed a crime with extreme danger for the society - repair and remanufacture of weapon, a common crime in this region.

As mitigating circumstances to the guilt of the accused Roumen Yorgov, the Court has in mind his clean past life – no adjudication; his good behavior, and personal characteristics.

To sum up, the accused Roumen Yorgov is not a person who presents extreme danger for the society, and the crime he committed is an isolated case in his life so far.

The Court considers that the punishment should be appointed according to a balance between aggravating circumstances and mitigating circumstances, in order to achieve the purposes of Article 36 of the Criminal Code of the Republic of Bulgaria – three years imprisonment. For the rehabilitation of the accused, the Court imposes his punishment not to be executed imprisonment, and pursuant to Article 66 of the Criminal Code of the Republic of Bulgaria, to be postponed with a period of 5 years.

There is sufficient evidence pursuant to Article 23, paragraph 1 of the Criminal Code of the Republic of Bulgaria, and the Court imposes one total punishment, according to the heaviest punitive measure in the law for such crimes – three years imprisonment, and pursuant to Article 66 of the Criminal Code of the Republic of Bulgaria, the Court imposes the sentence to be postponed with a period of 5 years.

There is sufficient evidence pursuant to Article 23, paragraph 1 of the Criminal Code of the Republic of Bulgaria, and the Court imposes one total punishment, according to the heaviest punitive measure in the law for such crimes – three years imprisonment, and pursuant to Article 66 of the Criminal Code of the Republic of Bulgaria, the Court imposes the sentence to be postponed with a period of 5 years.

Pursuant to Article 169 paragraph 2 of the Criminal Procedure Code of the Republic of Bulgaria, the accused Tsvetomir Simeonov Simeonov and the accused Roumen Nikolov Yorgov due to pay all the expenses concerning the trial - 432.02 levs, and transfer this amount of money on the account of the Regional Court –Kazanlak /joint liability/, and the accused Tsvetomir Simeonov Simeonov to pay additional sum of 150.00 levs. to his lawyer.

Pursuant to Article 53, paragraph 2 - "A" the Criminal Code of the Republic of Bulgaria deprives: 4 gas pistols and guns - trade mark "Baikal", caliber 9 X 18, numbers 2791, 2873, 2553, 2689, remanufactured and repaired into military guns, as well as 5 ball cartridges for AK, 4 ball cartridges caliber 9 X 18 mm and 1 ball cartridge caliber 6, 35 mm, as items illegally possessed and banned by the law, in the favor of the state.

Pursuant to Article 53, paragraph 1 - "A" of the Criminal Code of the Republic of Bulgaria the Court deprives: all machinery items, materials and tools, possession of the guilty persons, used for manufacture of the military weapon and to commit intentional crimes.

Reason for that:
Low legal consciousness;
In defiance of the law
Control over Explosives, Weapons and Ammunition Act
And Regulation on the Implementation

Taking into consideration the above mentioned motivation the Court adjudged the sentence.

Regional judge:
/signature illegible/

Apostille
THE PROSECUTOR'S OFFICE OF THE REPUBLIC OF BULGARIA
certifies the truthfulness of the signature and the seal
affixed on present document pursuant to Article 4 of the Rules on legalization,
certification and translation of documents and other papers
Sofia, 12.09.2007
Signed: signature is illegible

The undersigned verifies the truthfulness of the translation, acco...
The translation consists of 8 / eight / pages.
Translator: Nevena Georgieva Martinska Civil ID 6107206277

ORCHID-94" HEREBY OFFICI
CERTIFIES THAT THE ABOVE
TRANSLATION IS IN FULL CO
WITH THE (ATTAC ED ORIC
PASSAGE(S) MA
(A... O ... OF
SOFIA ——      DIREC

18

EXT-SIMEONOV-00088



М О Т И В И към Н О Х Д N 317/02г.

Срещу подсъдимите Цветомир Симеонов Симеонов и Румен Николов Йоргов са повдигнати обвинения по чл.337 ал.1 вр. чл.20 ал.2 от НК, затова че на 20.12.2001г. в гр.Казанлък в съучастие като съизвършители,двамата обвиняеми преработили и поправяли огнестрелни оръжия от газови пистолети 'Байкал' в бойни 9x18 мм., с номера 2791,2873,2553, и 2689,без да имат право за това по закон или разрешение от надлежния орган на власта, и по чл.339 ал.1 вр. чл.20 ал.2 от НК, затова че на 20.12.2001г. в гр.Казанлък в съучастие като извършители,са придобили по какъвто и да е начин и държали огнестрелни оръжия-4бр. Преработени газови пистолети 'Байкал' в бойни 9x18 мм., N 2791,2873,2553 и 2689,5патрона за АК,4-9x19 и 1-6,35 боеприпаси без да имат за това надлежно разрешение.

В съдебното заседание след приключване на съдебното следствие, представителя на РП-Казанлък, поддържа така предявените обвинения и пледира съдът да признае подс. за виновни като им наложи наказания лишаване от свобода, което подс.Симеонов да изтърпи ефективно а за подс.Йоргов при условията на чл.66 от НК.

В съдебното заседание подс.Румен Йоргов не се признава за виновен и дава обяснения.

Подс.Цветомир Симеонов не се явява във с.з.,и се укрива, поради което на основание чл.70 ал.1 т.6 от НПК, му беше назначен за служебен защитник адв.Д.Русинова от Старозагорска АК.

След приключване на съдебното следствие, защита на подс.Йоргов пледира съдът да постанови оправдателен съдебен акт, като се аргументира с обстоятелството че подс.Йоргов не е извършил престъпление, както и че обвинението не е доказано по един несъмнен начин.

Защитата на подс.Симеонов след приключване на съдебното следствие, пледира съдът съдът да признае подс. за невиновен и постанови оправдателен съдебен акт, като излага също аргументи че обвинението не е доказано.

Съдът като обсъди на основание чл.16 и 17 от НПК, всички събрани по делото доказателства, установени с доказателствени средства, показания на свидетели, писмени,веществени, експертни заключения на съдебно-химическата, балистическа,комплексна експертизи, както и обясненията на подс., и след като ги прецени поотделно и във тяхната съвкупност приема за установено следното ;

ПО ФАКТИЧЕСКАТА ОБСТАНОВКА И АНАЛИЗА НА ДОКАЗАТЕЛСТВЕНИЯ МАТЕРИАЛ;

На 20.12.2001г. около 15.00ч. в гр.Казанлък на ул.'Райко Даскалов' N42,била проведена акция на РЗБОП-РПУ гр.Казанлък. В избеното помещение на жилището били задържани подс.Симеонов и Йоргов във момент когато шлайфали и почиствали части от пистолет 'Макаров', а по работната маса имало разглобени части за огнестрелно оръжие-за пистолет 'Макаров'.В единия ъгъл на стаята имало и тенджера във която вряла сода-каустик.

Органите на МВР съставили и протокол за оглед на местопризшествие, а със протокол за претърсване и изземване иззели полирани блокове за пистолет 'Макаров',без номера-4броя,4бр. Полуложи със набити в основата цеви за пистолет 'Макаров'4бр. Разглобени пълнители за пистолет 'Макаров'/ПМ/,4бр. Бойни възвратни пружини за ПМ,,4бр. Ръкохватки за ПМ,4бр. Механизми за ПМ,били намерени и 5бр. Цеви за ПМ,както и множество инструменти-пробивна машина с надпис 'GREAPO'с накрайник със шкурка,6броя пили,един шабър,отверки-3бр.,клещи 3бр.,два чука,3бр. Дорници,газов котлон със две стойки,неръждаема тенджера пълна със сода каустик,един шмиргел със полиршайба и камък,шмиргел със камъче,6броя избивачи,шмиргел за пробивна машина/дрелка/-5бр.,флакон със черен спрей'DUPLI COLOR',водопроводен ключ,бяло прахообразно вещество,три броя безцветни торбички със бяло вещество,стъклен буркан със механизми за ПМ,ламаринена кутия с грес,ламаринена кутия с масло,полиршайба/кече/,и картонена кутия с сведрла и зенкери, а също така и боаприпаси-1бр.патрон кал.9x18, и два броя гилзи кал.9x18мм.

Впоследствие бил извършен и оглед във жилището на подс.Йоргав откъдето били иззети боеприпаси със протокол претъсване и изземване-пълнител за АК с пет броя патрони кал.7,62x39мм.,4бр. Патрони кал.9x19мм.,един патрон кал.6x35 мм.,и една цев за пистолет.

От експертното заключение на съдебно-балистическата експертиза се установява че иззетите боиприпаси-патрони от дома на подс.Йоргов са годни по предназначението си.

От приетото от съда заключение на комплексната/техническа и балистическа/ експертиза,се установява че от иззетите части могат да се сглобят четери броя пистолети изполващи боеприпаси 9x18мм.,като за сглобяването им са необходими минимални знания

по устойството на пистолет 'Макаров', и наличието на металообработваща фреза и металообработващи инструменти, а сглобените пистолети са годни по предназначението си- да произвеждат изстрели и да поразяват живи цели.

От експертното заключение на съдебно-физико-химическа експертиза се установява че иззетото бяло кристално вещество представлява натриева основа/сода каустик/, а иззетото жълто кристално вещество представлява натриев нитрит.Течноста във металната тенджера представлява смес от натриева основа и нартиев нитрит и се използува при процеса на оксидация.

От приетото от съда заключение на съдебно-комплексната експертиза се установява че по затровните блокове и цевните кутии на представените за изследване газови пистолети м."Байкал'',преработени в бойни под 9x18мм. Патрон 'Макаров'липсват номера- заличени са по физически начин, при проявяването им са установени номера N 2791,2873,2553 и 2689.

От експертното заключение на съдебно-балистическата експертиза се установява че 4бр. Преработени от газов 'Байкал' в боен по начина на изработка са идентични с преработения от газов в боен 'Байкал' доброволно предаден по сл.дело N 5/02г. с номер ТРА 2551.

От приложената справка от фирма 'НВС-Комерс'-ЕООД гр.Пловдив се установява че фирма ЕТ 'Ели Комерс-Петър Савов' е закупила пет броя пистолети на 19.12.01г. като четери от тях със номера N 2689,2873,2791 и 2553.

Описаната фактическа обстановка се установява от показанията на св.Иван Иванов, Костадин Димчев, и Петър Савов депозирани в хода на съдебното следствие, които допринасят за изясняване на фактическата обстановка по делото досежно събитията предшествуващи съпътствуващи и последващи извършването на деянията и установяват отделни елементи от състава на престъплението-времето на неговото осъществяване,мястото и начина по който е извършено,и авторството му. Показанията са логични, последователни и непротиворечиви,кореспондират помежду си и взаимно се допълват.

Гореизложената фактическа обстановка се подкрепя и от изготвените по делото-съдебно-балистични, комплексни, и физико-химически експертизи които съдът намира за обективни и пълни и установяващи авторството на престъпните деяния.

В подкрепа на обвинението са и приложените и приети по делото писмени доказателства на основание чл.281 от НПК-протокол за оглед на местопроизшествие от 20.12.01г. ведно със фотоалбум,два броя протоколи за претърсване и изземване от 20.12.01г.справка от 'НВС-Комерс' ЕООД от 30.01.02г.,установяващи обстоятелства свързани с времето на извършване на деянието,и авторството на същото.

За изясняване на фактическата обстановка допринася и предявяването на веществените доказателства приложени по делото-4бр. Преработени газови пистолети м.'Байкал' в бойни,пробивна машина с надпис 'GREAPO'с накрайник с шкурка,6бр.-пили,един шабър,отверки 3бр.,клещи 3бр.,дорници 3бр.,чук 2бр.,газов котлон с две стойки, неръждаема тенжера пълна със сода каустик,1бр. Шмиргел с полиршайба и камък,шмиргел с камък-1бр.,избивачи-6бр.,5бр. Шмиргели за пробивна машина/дрелка/,флакон със черен спрей'DUPLI COLOR',водопроводен ключ,найлонов плик със натриева основа/сода каустик/,3бр. Торбички със натриев нитрит, стъклен буркан със механизми за ПМ,ламаринена кутия с грес,кутия ламаринена с масло, полиршайба/киче/картонена кутия с свердла и зенкери, гилза 9х18мм-2бр., патрон 9х18мм, както и видеокасета със запис на мястото където е извършено деянието на основание чл.282 от НПК на страните в процеса.

При така установеното се оформят две групи версии.От една страна са показанията на свидетелите който твърдят че подс. Симеонов и Йоргов са заварени в момент когато са преработвали газови пистолети в бойни а от друга страна са обясненията на подс.Йоргов в които той твърди че е попаднал случайно във избеното помещение на подс.Симеонов и във това време са дошли органите на МВР а той не е вземал участие в преработването на газови пистолети във бойни.

Това налага показанията на свидетелите и обясненията на подс. Йоргов да се подложат на задълбочен анализ сами по себе си и да се съпоставят със останалите доказателствени средства/в този смисъл е и практиката на ВКС-Р.836/90г./

Съдът не дава вяра на обясненията на подс.Йргов и ги счита за една негова защитна позиция на която той има право но която се опровергава по категоричен начин от събраните доказателства по делото.

В показанията си и двамата свидетели Иванов и Димчев по категоричен начин свидетелствуват че когато са влезли във избеното

EXT-SIMEONOV-00092

168

помещение на подс.Симеонов, той заедно със подс.Йоргов са преработвали газови пистолети във бойни, като са шлайфали и почиствали части от ПМ, а прозорците били затъмнени.

От извършеното претърсване и изземване на 20.12.01г./л.11,12 сл.д./ се установява че в дома на подс.Йоргов освен боеприпаси/кал.9х18мм. отговарящи за ПМ/ е намерена цев за пистолет.

От показанията на св.Савов се установява че двамата подсъдими са ходили два дни преди извършването на претърсването и изземването във магазина му стопанисван от фирмата му 'Ели Комерс-Петър Савов' откъдето са били закупени и процесните газови пистолети м.'Байкал' с номера 2791,2873,2553, и 2689/справка от фирма 'НВС-Комерс'-ЕООД/ които впоследствие са иззети от дома на подс.Симеонов но вече са били заличени по физически начин/експертно заключение на комплексна експертиза/, което по категоричен начин оборва обясненията на подс.Йоргов че е ходил само веднъж когато е била закупена една въздушна пушка само.

Показанията на свидетелите се подкрепят и от писмените доказателства приложени към делото-протокол за оглед на местопроизшествие от 20.12.01г., протоколи за претърсване и изземване от 20.12.01г.,а също така и от приложените веществени доказателства/подробно описани по-горе/, което ги прави и убедителни.

Имайки предвид установената по безспорен начин фактическа обстановка, съдът намира че от обективна и от субективна страна подс.Цветомир Симеонов Симеонов и Румен Николов Йоргов са осъществили съставите на чл.337 ал.1 вр. чл.20 ал.2 и чл.339 ал.1 вр. чл 20 ал.2 от НК.

ПО ПРАВНАТА КВАЛИФИКАЦИЯ-чл.337 ал.1 вр. чл.20 ал.2 от НК.

От обективна страна при условията на едновременно съизвършителство по смисъла на чл.20 ал.2 от НК двамата подсъдими са осъществила изпълнителното деяние-преработвали и поправяли огнестрелни оръжия с помощта на технически средства/описани по-горе/.Чрез подмяна на цевта и част от ударно-спусковия механизъм, а впоследствие и оксидиране те преработвали и поправяли газови пистолети марка 'Байкал' във бойни такива а именно пистолети 'Макаров' с кал.9х18мм..Подс. не са имали това право нито по закон нито са имали разрешение от надлежен орган

на власта.По този начин са изготвени 4бр. Пистолети отговарящи на ПМ-едно мощно стрелково оръжие.

По този начин двамата подсъдими са осъществили състава на чл.337 ал.1 от НК.

Имайки предвид установената фактическа обстановка и от обективираните действия на подсъдимите съдът прави извода че към момента на деянието са действували умишлено.

Подсъдимите са съзнавали обществено-опастния характер на деянието си, предвиждали са настъпването на обществено-опасните последици от него, искали са тяхното настъпване и са се стремили към това.

Касае е се за форма на вината- пряк умисъл за всеки един от подсъдимите.

Двамата подсъдими са съзнавали всички признаци от значение за състава на престъплението/че преработват и поправят огнестрелно оръжие без да имат за това право по закон или разрешение от надлежния орган на власта/, и със свои задружни,целенасочени и координирани отделни действия са успели да реализират целта-да преработят и поправят огнестрелно оръжие.Всеки един от тях е знаел и съзнавал че заедно със него действува и другия подсъдими, преследвали са обща цел т.е. налице е и общ умисъл.

По обвинението по чл.339 ал.1 вр. чл.20 ал.2 от НК.

За съставомерноста на деянието закона изисква подс. да са осъществили едно от трите изпълнителни деяния-придобиване, държане или предаване на огнестрелни оръжия боеприпаси или взривни вещества.

От обективна страна при условията на едновременно съизвършителство по смисъла на чл.20 ал.2 от НК двамата подсъдими са осъществили изпълнителното деяние- придобили чрез поправяне и преработване огнестрелни оръжия-бойни пистолети с кал.9х18мм., а също така и боеприпаси-5бр. Патрони за АК,4бр. Патрони кал.9х18мм., и патрон 6х35мм.

Подс. отново при едновременно съизвършителство при условията на чл.20 ал.2 от НК са осъществили и изпълнителното деяния-държане тъй като са имали фактическата власт върху оръжието.Закона не изисква определен период на държане на огнестрелните оръжия и боеприпаси/за разлика от стария, поради което и цитираното от защитата на подс.Йоргов решение на ВС-

EXT-SIMEONOV-00094

168

119/78-1 е несъотносимо към казуса/ достатъчно е само подс. да са имали фактическата власт върху огнестрелните оръжия и боеприпаси, която безспорно те са имали и са щели да продължат да имат ако не са се били намесили привходящи фактори-органите на МВР.

В сегашния ЗКВВООБ чл.15 ал.1 задължава всеки който намери взривни вещества огнестрелни оръжия и боеприпаси незабавно да уведоми органите на МВР без да нарушава месторазположението им.

Оттук като аргумент от противното,съдът приема че липсва какъвто и да е срок за държане на огнестрелни оръжия или боеприпаси, поради което и изпълнителното деяние е довършено.В този смисъл е и Р-557/00-2 на ВКС.

Вярно е че към момента на изземването на огнестрелните оръжия същите не са били сглобени и поправени изцяло но са били необходими малки поправки  същите да произведат изстрел, т.е. да са годни по предназначението си при това без да са били необходими специални знания или инструменти за това- в този смисъл е и практиката на ВКС-Р-146-78.2,Р-367/01-3 и др..Подс. са имали и специални знания и необходимия технически инвентар за да приведат същите  по предназначението си.По този начин от обективна страна е осъществен състава на чл.339 ал.1 от НК.

От установената фактическа обстановка и от обективираните действия на подсъдимите съдът прави извода че към момента на деянието са действували умишлено.

Подс. са съзнавали обществено-опасния характер на деянието си предвиждали са настъпването на обществено-опасните последици от него, искали са тяхното настъпване и са се стремили към тях.

Касае е се за форма на вината- пряк умисъл.

Двамата подсъдими са съзнавали  всички признаци от значение за състава на престъплението, всеки един от тях е знаел и съзнавал че заедно със него действува и другия подсъдим, преследвали са обща цел т.е. налице е общ умисъл.

Имайки предвид изложените дотук мотиви и на основание цитираните по-горе законови текстове съдът намира че подсъдимите следва да бъдат признати за виновни и наказани.

При определяне вида и размера на наказанието, съдът взе предвид обществената опасност на деянието, личната опасност на всеки един от подсъдимите, оцени отегчаващите и смекчаващите вината обстоятелства съгласно изискванията на закона.

EXT-SIMEONOV-00095

По обвинението по чл.337 ал.1 вр. чл.20 ал.2 от НК.

Като отегчаващи вината обстоятелства по отношение на подс.Цветомир Симеонов съдът взе предвид- извършено е престъпление от вида-Общоопасни престъпления-преработване и преправяне на огнестрелни оръжия,едно много често срещано престъпление в региона,обремененото му съдебно минало, както и лошите му характеристични данни.

Смекчаващи вината обстоятелства не се събраха.

Следователно подсъдимия е лице с висока обществена опасност, а предишното му осъждане/макар и ефективно/ не е изиграло положителна роля в живота му.

Наказанието му следва да се определи при превес на отегчаващите вината обстоятелства малко под предвидения в закона максимум и със оглед постигане целите на чл.36 от НК- пет години лишаване от свобода при първоначален общ режим на основание чл.46 б.Б от ЗИН.

По обвинението по чл.339 ал.1 вр. чл.20 ал.2 от НК.

Като отегчаващи вината обстоятелства съдът приема- извършено е престъплението от вида-Общо опасни престъпления-незаконно притежаване на оръжие, много често срещано престъпление в нашето общество, обремененото му съдебно минало,както и лошите му характеристични данни.

Смекчаващи вината обстоятелства не се събраха.

Следователно подс. е личност със висока степен на обществена опасност и извършеното от него не е изолиран случей в досегашния му живот, а предишното осъждано макар и ефективно не е изиграло положителна роля във живота му.

Наказанието на подс. следва да се определи при превес на отегчаващите вината обстоятелства, малко под предвидения в закона максимум и със оглед постигане целите на чл.36 от НК, пет години лишаване от свобода, при първоначален общ режим на основание чл.46 б.Б от ЗИН.

Налице са основанията на чл.23 ал.1 от НК, поради което съдът определя едно общо наказание до размера на най-тежкото от тях а именно пет години лишаване от свобода при първоначален общ режим на основание чл.46 б.Б от ЗИН.

Налица са и основанията на чл. 24 от НК, най-вече с оглед лошите характеристични данни и обремененото съдебно минало поради

което съдът увеличава така определеното общо наказание с една втора.

По обвинението по чл.337 ал.1 вр. чл.20 ал.2 от НК

Като отегчаващи вината обстоятелства по отношение на подс.Румен Николов Йоргов съдът приема- извършено е престъпление от вида-Общо опасни престъпления-незаконно преработване и поправяне на огнестрелни оръжия едно много често срещано престъпление в нашия регион.

Що се отнася до смекчаващите вината обстоятелства съдът приема- чистото му съдебно минало, както и добрите му характеристични данни.

Следователно подс. Йоргов не е личност със висока обществена опасност и извършеното се явява изолиран случей в досегашния му живот.

Наказанието му следва да се определи при баланс между смекчаващите и отегчаващите вината обстоятелства и със оглед постигане целите на чл.36 от НК- три години лишаване от свобода.

За поправянето и преди всичко за превъзпитанието на подс. съдът счита че същото не следва да се изтърпява ефективно а на основание чл.66 от НК, следва да се отложи за срок от пет години.

По обвинението по чл.339 ал.1 вр. чл.20 ал.2 от НК;

Като отегчаващи вината обстоятелства съдът приема- извършено е престъпление от вида- Общоопасни престъпления-незаконно притежаване на оръжие, едно много често срещано престъпление в нашето общество.

Що се отнася до смекчаващите вината обстоятелства съдът приема- чистото му съдебно минало, както и добрите му характеристични данни.

Следователно извода който прави съдът е че подс. не е личност със висока обществена опасност и не е личност със изградени престъпни наклонности.

Наказанието му следва да се определи при баланс между смекчаващите и отегчаващите вината обстоятелства и със оглед постигане целите на чл.36 от НК- три години лишаване от свобода.

За постигане целите на наказанието съдът счита че наказанието не следва да се изтърпява ефективно а на основание чл.66 от НК, следва да се отложи за срок от пет години.

Налице са основанията на чл.23 ал.1 от НК, поради което съдът определя едно общо наказание до размера на най-тежкото от тях а именно три години лишаване от свобода, което на основание чл.66 от НК отлага за срок от пет години.

На основание чл.169 ал.2 от НПК, подс.Цветомир Симеонов Симеонов и Румен Николов Йоргов следва да заплатят направените по делото разноски в размер от 432,02лв. солидарно-възнаграждения за експертите и пътните разноски на свидетелите, а подс.Цветомир Симеонов Симеонов и сумата от 150лв. допълнително-възнаграждение за служебния му защитник.

На основание чл.53 ал.2 б.А от НК, съдът отнема в полза на държавата4бр. Преработени пистолети марка 'Байкал' в бойни пистолети кал.9х18мм., с номера 2791,2873,2553 и 2689 и 56бр. Патрони за АК,4бр. Патрони 9х19мм., един патрон 6х35мм., като вещи притежаването на които е забранено.

На основание чл.53 ал.1 б.А от НК, съдът отнема в полза на държавата-1брой пробивна машина с надпис 'GREAPO' с накрайник с шкурка,6бр. Пили,един шабър,три броя отверки,три броя клещи,чукове- два броя,дорници три броя,газов котлон с две стойки, една тенджера неръждаема със сода каустик, един шмиргел с полир шайба и камък,шмиргел с камък,6бр. Избивачи,5бр. Шмиргел за пробивна машина,един флакон със черен спрей'DUPLI COLOR', водопроводен ключ син на цвят,найлонов плик със бяло прахообразно вещество,3броя безцветни торбички с бяло вещество,стъклен буркан с механизми за пистолет 'Макаров',ламаринена кутия с грес,ламаринена кутия с масло, една полиршайба/кече/1бр. Картонена кутия със сведла и ланкери, като вещи принадлежащи на виновните и са били предназначени за извършване на умишлени престъпления.

Причини;

Ниско правно съзнание

Незачитане разпоредбите на ЗКВВООБ и ПП

Воден от горните мотиви съдът постанови присъдата си.

РАЙОНЕН СЪДИЯ ;

Вярно с оригинала

ПРОКУРАТУРА НА
РЕПУБЛИКА БЪЛГАРИЯ
удостоверява истинността на
положения подпис и печат върху
настоящия документ на основание
чл.4 от ПЛЗПДДК
С. дие ............................2007 г.

EXT-SIMEONOV-00098

## AGREEMENT

Today, 07.02.2000 in the town of Kazanlak, regarding a trial of general character No 630/98, registered in the Regional Court in the town of Kazanlak, pursuant to Article 414 'к' of the Criminal Procedure Code of the Republic of Bulgaria, connected with Article 414 'ж' of the Criminal Procedure Code of the Republic of Bulgaria, it was signed an agreement between parties:

Nedialka Marinova - Deputy Regional Prosecutor in Regional Prosecutor's Office- Kazanlak and

the barrister-at-law Nikolay Ivanov Marinov / Bar College – Stara Zagora/ in the capacity of an advocate of Nikolay Stefanov Nedelchev, born on ▮▮▮▮▮▮ in the town of Kazanlak, Bulgarian, citizen of the Republic of Bulgaria, high education, married, not adjudged, a driver in 'Mila - taxi' in the town of Kazanlak, Civil ID ▮▮▮▮▮▮ being accused on a trial of general character No 630/98, registered in the Regional Court in the town of Kazanlak and

the barrister-at-law Georgi Georgiev/ Bar College – Stara Zagora/ in the capacity of an advocate of Daniel Petkov Kolev, born on ▮▮▮▮▮▮ in the town of Stara Zagora, Bulgarian, citizen of the Republic of Bulgaria, high education, married, not adjudged, unemployed, residing in the town of Kazanlak, Civil ID ▮▮▮▮▮▮ being accused on a trial of general character No 630/98, registered in the Regional Court in the town of Kazanlak and

the barrister-at-law Petko Petkov / Bar College – Stara Zagora/ in the capacity of an advocate of Tsvetomir Simeonov Simeonov, born on ▮▮▮▮▮▮ in the town of Kazanlak, Bulgarian, citizen of the Republic of Bulgaria, high education, married, not adjudged, unemployed, residing in the village of Kran - Stara Zagora District.

## THE PARTIES AGREED ON THE FOLLOWING:

I. The accused Nikolay Stefanov Nedelchev, Daniel Petkov Kolev, and Tsvetomir Simeonov Simeonov confess that on 25.05.1998 in the town of Kazanlak, after agreement in advance, using a vehicle –automobile BMW 316 register No CT 5221 CT, committed the following crime: they took not belonging to them movable possessions, at the total sum of 7 757,10 levs, presenting a great amount of money (seven thousand seven hundred and fifty-seven levs and ten stotinki), from their owner "M+C Hydravlic" - Kazanlak, with wrongful intention to appropriate them – a crime pursuant to Article 195, paragraph 2, connected with paragraph 1, item 4 and item 5 of the Criminal Code of the Republic of Bulgaria.

II. The parties agreed that all the damage, caused to the owner, was absolutely recovered – all the movable possessions were given back to their owner, which is evident by the receipt, signed by the witness P. Hristov, and applied to the trial.

III. The parties agreed on the kind of the punishment and the term of the punishment:

1. The accused Nikolay Stefanov Nedelchev, born on ▓▓▓▓ in the town of Kazanlak, Bulgarian, citizen of the Republic of Bulgaria, high education, married, not adjudged, a driver in 'Mila - taxi' in the town of Kazanlak, Civil ID ▓▓▓▓ to be sentenced one year and a half imprisonment pursuant to Article 197, item 4, connected with Article 195, paragraph 2, connected with paragraph 1, item 4 and item 5 of the Criminal Code of the Republic of Bulgaria. Pursuant to Article 66, paragraph 1 of the Criminal Code of the Republic of Bulgaria the execution of the sentence to be postponed for the period of 4 years.

2. The accused Daniel Petkov Kolev, born on ▓▓▓▓ in the town of Stara Zagora, Bulgarian, citizen of the Republic of Bulgaria, high education, married, not adjudged, unemployed, residing in the town of Kazanlak, Civil ID ▓▓▓▓ to be sentenced one year and a half imprisonment pursuant to Article 197, item 4, connected with Article 195, paragraph 2, connected with paragraph 1, item 4 and item 5 of the Criminal Code of the Republic of Bulgaria. Pursuant to Article 66, paragraph 1 of the Criminal Code of the Republic of Bulgaria the execution of the sentence to be postponed for the period of 4 years.

3. The accused Tsvetomir Simeonov Simeonov, born on ▓▓▓▓ in the town of Kazanlak, Bulgarian, citizen of the Republic of Bulgaria, high education, married, not adjudged, unemployed, residing in the village of Kran - Stara Zagora District to be sentenced one year and a half imprisonment pursuant to Article 197, item 4, connected with Article 195, paragraph 2, connected with paragraph 1, item 4 and item 5 of the Criminal Code of the Republic of Bulgaria. Pursuant to Article 66, paragraph 1 of the Criminal Code of the Republic of Bulgaria the execution of the sentence to be postponed for the period of 4 years.

IV. The parties agreed all the expenses on the trial to be taken equally by the accused – 12,88 levs / twelve levs and eighty-eight stotinki / per each of them.

V. Pursuant to Article 53, paragraph 1 – 'B' of the Criminal Code of the Republic of Bulgaria the autoptic evidence must be taken in favor of the State.

I, the accused Nikolay Stefanov Nedelchev, DECLARE that: realize the before-mentioned, clearly understand the possible consequences of this agreement, completely agree with them, and refuse investigation of trial under universal procedure.

DECLARER: / signature /

I, the accused Daniel Petkov Kolev, DECLARE that: realize the before-mentioned, clearly understand the possible consequences of this agreement, completely agree with them, and refuse investigation of trial under universal procedure.

DECLARER: / signature /

I, the accused Tsvetomir Simeonov Simeonov, DECLARE that: realize the before-mentioned, clearly understand the possible consequences of this agreement, completely agree with them, and refuse investigation of trial under universal procedure.

DECLARER: / signature /

I, the accused Tsvetomir Simeonov Simeonov, DECLARE that: realize the before-mentioned, clearly understand the possible consequences of this agreement, completely agree with them, and refuse investigation of trial under universal procedure.

DECLARER: / signature /

For the Regional Prosecutor's office:

/ signature /

For the accused Nikolay Stefanov Nedelchev:          the accused Nikolay Nedelchev:
/ signature /                                                                      /signature/

/barrister-at-law Nikolay Ivanov Marinov/

For the accused Daniel Petkov Kolev:                      the accused Daniel Kolev:
/ signature /                                                                     / signature/

/barrister-at-law Georgi Georgiev/

For the accused Tsvetomir Simeonov Simeonov:        the accused Tsvetomir Simeonov:
/ signature /                                                                      /signature/

/barrister-at-law Petko Petkov/

Apostille

THE PROSECUTOR'S OFFICE OF THE REPUBLIC OF BULGARIA
certifies the truthfulness of the signature and the seal
affixed on present document pursuant to Article 4 of the Rules on legalization,
certification and translation of documents and other papers
Sofia, 12.09.2007
Signed: signature is illegible

The undersigned verifies the truthfulness of the translation, accomplished by me.
The translation consists of 3 / three / pages.
Translator: Nevena Georgieva Martinska Civil ID 6107206274

I HEREBY OFFICI.
C. . IT S THAT THE ABOVE
TRANSLATION IS I" FUI L CO:
WITH HE (ATTAC. I: ORIG.
PASS..GE(S) MAE / (I/ IN THE
(ATTACHED) ORIGINAL
SOFIA _____
DIRECTOR

21

# С П О Р А З У М Е Н И Е

Днес........**07.02.2000г.**...............................................................................................................)две
хилядна година в гр.Казанлък по НОХД N 630/98 год. по описа на Казанлъшки районен съд,на основание
чл.414 "к" от НПК,във връзка с чл.414 "ж" от НПК се сключи следното споразумение,между:

**Недялка Маринова - зам.районен**............ прокурор в Районна прокуратура гр.Казанлък
и

адв.Николай Иванов Марков АК-Стара Загора в качеството му на защитник на НИКОЛАЙ СТЕФАНОВ
НЕДЕЛЧЕВ, ████████████ гр.Казанлък,българин,бълг.гражданин,със средно
образование,женен,неосъждан,шофьор в "Мила-такси" гр.Казанлък.████████ подсъдим по
НОХД N 630/98  г. по описа на Казанлъшки районен съд,

адв.Георги Георгиев АК - Стара Загора,като защитник на ДАНИЕЛ ПЕТКОВ КОЛЕВ, род. на ██
год.  в  гр.Стара  Загора,българин,бълг.гражданин,женен,не  осъждан,със  средно
образование,безработен,жив в гр.Казанлък █████████подсъдим по НОХД N 630/98 по описа
на КРС,

адв.Петко Петков АК - Стара Загора,като защитник на ЦВЕТОМИР СИМЕОНОВСимеонов,род. на
████████ в гр.Казанлък, българин, бълг.гражданин,женен,не  осъждан,със  средно
образование,безработен,жив. в с.Крън обл.Стара Загора,

## СТРАНИТЕ СЕ СЪГЛАСЯВАТ ЗА СЛЕДНОТО:

I. Подсъдимите  Николай  Стефанов  Неделчев,Даниел  Петков  Колев  и  Цветомир  Симеонов
Симеонов,признават,че на 25.05.1998 год в гр.Казанлък,след предварителен сговор помежду си,виновно
и използвайки МПС  л.а. БМВ 316 с  ДКН СТ 5221 СТ са извършили следното деяние - отнели чужди
движими вещи - 50 бр.хидромотори,от които 24 бр.тип ЕРМ 250 С и 26 бр.тип ЕРМ 200 С,  57 бр.фланец
цетриращ,137 бр.шайби лагерни,57 бр.чистач,57 бр.радиален уплътнител,57 бр"О"-пръстен ,47,5 х
3,55,300 бр.винт М 6 х 20 - на обща стойност 7 757,10 лв(седем хиляди седемстотин петдесет и седем
лв и десет стотинки) - представляващи големи размери,от владението на собственика  им "М + С
Хидравлик " гр.Казанлък,без неговото съгласие с намерение противозаконно да ги присвоят и това е
престъпление по чл.195 ал.2 вв вр.с ал.1 т.4 и т.5 от НК .

II. Страните приемат,че всички причинени щети са напълно възстановени на собственика - отнетите
вещи са върнати,видно от приложената разписка по сл.дело подписана от св.П.Христов.

III. Страните се съгласяват по вида и размера на наказанието:

1. На подсъдимия Николай Стефанов Неделчев, р████████████████ в
гр.Казанлък,българин,бълг.гражданин,със средно    образование,женен,неосъждан,шофьор в "Мила-
такси" гр.Казанлък.ЕГН: 7112297648,да бъде наложено наказание по чл.197 т.4 вр.чл.195ал.2врвл1т4$
НК една година  и шест месеца лишаване  от свобода.На основание чл.66 ал.1 от НК да се отложи
изпълнението на наказанието за срок от  четири години.

2.На подсъдимия ДАНИЕЛ ПЕТКОВ КОЛЕВ,род. на ███████████ в гр.Стара
Загора,българин,бълг.гражданин,не осъждан,със средно образование,безработен,жив в
гр.Казанлък с ЕГН:7110177540,да бъде наложено наказание по чл.197 т.4 вр.чл.195вл.2вр.ал.1т4$
една година   и шест месеца лишаване  от свобода.На основание чл.66 ал.1 от НК да се отложи
изпълнението на наказанието за срок от  четири години.

3.На подсъдимия ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ,род. на ████████████од.в
гр.Казанлък,българин,бълг.гражданин,женен,не осъждан,със средно образование,безработен,жив в
с.Крън обл.Стара Загора,да бъде наложено наказание по чл.197 т.4вр.чл.195ал.2вр.а вр.чл. 4и5НК
еднагодина и шест месеца лишаване от свобода.На основание чл.66 ал.1 от НК да се отложи изпълнението
на наказанието за срок от  четири години.

IV. Страните се съгласяват разноските по делото да се поемат от тримата подсъдими. **съразмерно-**

**12.88 лева/дванадесет лева  и 88 ст.**

**V. На осн. чл.53 ал.1 б"а" от НК веществените доказателства де се
отнемат в полза на държавата.**

Подс.Николай Стефанов Неделчев ДЕКЛАРИРАМ:съзнавам написаното,разбирам последиците от споразумението,съгласен съм с тях и се отказвам от разглеждане на делото по общия ред.

ДЕКЛАРАТОР:..........................

Подс.Даниел Петков Колев ДЕКЛАРИРАМ:съзнавам написаното,разбирам последиците от споразумението,съгласен съм с тях и се отказвам от разглеждане на делото по общия ред.

ДЕКЛАРАТОР:..........................

Подс.Цветомир Стефанов Симеонов ДЕКЛАРИРАМ:съзнавам написаното,разбирам последиците от споразумението,съгласен съм с тях и се отказвам от разглеждане на делото по общия ред.

ДЕКЛАРАТОР:..........................

За Районна прокуратура:..........................

За подс.Н.Неделчев:                          Подсъдим:
        адв.Н.Марков                              Н.Неделчев.

За подс.Д.Колев:                             Подсъдим:
        адв.Т.Георгиев                           Д.Колев

За подс.Цв.Симеонов:                         Подсъдим:
        адв.П.Петков                             Цв.Симеонов

Вярно с оригинала.

Зам. р прокурор

ПРОКУГАТУРА НА
РЕПУБЛИКА БЪЛ    ИЯ
удостоверява истинно        а
положения подпис и п
          ция документ н
             ГАЗП
        12.09.2007
        п.п.

EXT-SIMEONOV-00103

Ministry of Justice
The District Court
Stara Zagora

validity - 6 months

Bureau - Criminal conviction
No 1965/26.01.2006

## CRIMINAL CONVICTION CERTIFICATE

### DISTRICT COURT – STARA ZAGORA
Certifies that

In the Reference from the Bureau - Criminal conviction, at the Regional Court – Kazanlak, it becomes clear that the person:

TSVETOMIR SIMEONOV SIMEONOV , born on ▮▮▮▮▮▮ in the town of Kazanlak, Bulgarian, citizen of the Republic of Bulgaria, Civil ID ▮▮▮▮▮▮▮

Son of:

Mother: Hristinka Yordanova Simeonova
Father: Simeon Panayotov Simeonov

### IS ADJUDGED –look at the attachment

This Certificate is for information of the police authorities:
Regional Police Station

Chief of the Court: / signature illegible/

Secretary: / signature illegible/

Round stamp- Bureau - Criminal conviction at the District Court Stara Zagora

Apostille

THE PROSECUTOR'S OFFICE OF THE REPUBLIC OF BULGARIA
certifies the truthfulness of the signature and the seal
affixed on present document pursuant to Article 4 of the Rules on legalization,
certification and translation of documents and other papers
Sofia, 12.09.2007
Signed: signature is illegible

24

Response

Regional Court- Kazanlak
Bureau - Criminal conviction
No 1302 / 26.01.2006

## CRIMINAL CONVICTION CERTIFICATE

The Regional Court- Kazanlak
Certifies that

In the Reference from the Bureau - Criminal conviction, at the Regional Court – Kazanlak,
it becomes clear that the person:

TSVETOMIR SIMEONOV SIMEONOV , born on ▮▮▮▮▮▮ in the town of Kazanlak,
Bulgarian, citizen of the Republic of Bulgaria, Civil ID ▮▮▮▮▮▮

Son of:

Mother: Hristinka Yordanova Simeonova
Father: Simeon Panayotov Simeonov

**IS ADJUDGED** –look at the attachment

This Certificate is valid for the Court

Secretary: / signature illegible/

25

Regional Court- Kazanlak
Bureau - Criminal conviction
No 2835 / 27.02.2006

validity - 6 months

## REFERENCE

## CRIMINAL CONVICTION CERTIFICATE

The Regional Court- Kazanlak
Certifies that

In the Reference from the Bureau - Criminal conviction, at the Regional Court – Kazanlak, it becomes clear that the person:

TSVETOMIR SIMEONOV SIMEONOV ,
 born on ████████ in the town of Kazanlak,
Bulgarian, citizen of the Republic of Bulgaria,
Civil ID ████████

Son of:

Mother: Hristinka Yordanova Simeonova
Father: Simeon Panayotov Simeonov

### IS ADJUDGED – look at the attachment

This Certificate is valid for the Court

Chief of the Court: / signature illegible/
Nadezhda Dimitrova

Secretary: / signature illegible/
Kera Maneva Koleva

Round stamp- the Regional Court - Kazanlak

Apostille

THE PROSECUTOR'S OFFICE OF THE REPUBLIC OF BULGARIA
certifies the truthfulness of the signature and the seal
affixed on present document pursuant to Article 4 of the Rules on legalization,
certification and translation of documents and other papers
Sofia, 12.09.2007
Signed: signature is illegible

26

The Regional Court - Kazanlak
Bureau - Criminal conviction

## ATTACHMENT

### To
### THE REGFERENCE
### CRIMINAL CONVICTION CERTIFICATE
### No 2835 – 27.02.2006

Civil ID: ⬛⬛⬛⬛⬛, TSVETOMIR SIMEONOV SIMEONOV
The Regional Court – Kazanlak          Agreement on trial No 630 / 1998
Ordered on 07.02.2000, came into force: 07.02.2000

For a crime, committed on 25.05.1998
Pursuant to: Atricle 195 paragraph 2, connected with paragraph 1, item 4 and item 5 of the
Criminal Code of the Republic of Bulgaria
Sentence: **one year and a half imprisonment**
Pursuant to: Article 66, paragraph 1 of the Criminal Code of the Republic of Bulgaria
**The execution of the sentence to be postponed for the period of 4 years**

Civil ID: ⬛⬛⬛⬛⬛⬛, TSVETOMIR SIMEONOV SIMEONOV
The Regional Court – Kazanlak          Agreement on trial No 317 / 2002
Ordered on 19.11.2004, came into force: 22.12.2004

For a crime, committed on 20.12.2001
Pursuant to: Article **337** paragraph 1, connected with Article 20 paragraph 2, and Article 54
of the Criminal Code of the Republic of Bulgaria
Sentence: **five years imprisonment at the initial general routine**

Pursuant to: Article **339** paragraph 1, connected with Article 20 paragraph 2, and Article 54
of the Criminal Code of the Republic of Bulgaria
Sentence: **five years imprisonment at the initial general routine**

Pursuant to: Article **23** of the Criminal Code of the Republic of Bulgaria
Sentence: **five years imprisonment at the initial general routine**

Pursuant to: Article **24** of the Criminal Code of the Republic of Bulgaria
**The sentence is increased with ½**

27

**Total sentence: seven years and six months imprisonment at the initial general routine**

Pursuant to: minutes of the trial No 14 / 05, held on 02.03.2005 at The Regional Court – Kazanlak, came into force 0n 17.03.2005, pursuant to: Article **68** paragraph 1, of the Criminal Code of the Republic of Bulgaria

**ORDERS:**

**To incur separately the postponed punishment - sentence ordained on the trial No 630/98** at The Regional Court – Kazanlak, which is

Sentence: **one year and six months imprisonment at the initial general routine**

<div align="right">

Chief of the Court: / signature illegible/
Nadezhda Dimitrova

Secretary: / signature illegible/
Kera Maneva Koleva

</div>

Apostille

THE PROSECUTOR'S OFFICE OF THE REPUBLIC OF BULGARIA
certifies the truthfulness of the signature and the seal
affixed on present document pursuant to Article 4 of the Rules on legalization,
certification and translation of documents and other papers
Sofia, 12.09.2007
Signed: signature is illegible

Round stamp- the Regional Court - Kazanlak

The undersigned verifies the truthfulness of the translation, accomplished by me.
The translation consists of 5 / five / pages.
Translator: Nevena Georgieva Martinska Civil ID 6

EXT-SIMEONOV-00108

28

М П

РАЙОНЕН СЪД СТАРА ЗАГОРА              ВАЖИ ЗА СРОК ОТ 6 МЕСЕЦА

БЮРО СЪДИМОСТ
№ 1965 /26.1.2006 г.

# С П Р А В К А
## З А   С Ъ Д И М О С Т

СТАРОЗАГОРСКИЯТ  РАЙОНЕН  СЪД

УДОСТОВЕРЯВА, ЧЕ ОТ СПРАВКАТА НАПРАВЕНА В БЮРОТО ЗА СЪДИМОСТ
ПРИ РС КАЗАНЛЪК СЕ  ОКАЗА,  ЧЕ  ЛИЦЕТО :

ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ

РОДЕН/А/ НА ███████████ , КАЗАНЛЪК
ГРАЖДАНСТВО : БЪЛГАРИЯ
АДРЕС :

СИН/ДЪЩЕРЯ/ НА:

МАЙКА:     ХРИСТИНКА ЙОРДАНОВА СИМЕОНОВА
БАЩА:      СИМЕОН ПАНАЙОТОВ СИМЕОНОВ

Е  О С Ъ Ж Д А Н О  — ВИЖ ПРИЛОЖЕНИЕТО

НАСТОЯЩЕТО ВАЖИ ЗА ПОЛИЦИЯ!
РПУ

ПРОКУРАТУРА НА
РЕПУБЛИКА БЪЛГАРИЯ
удостоверява истинността на
положения подпис и печат върху
настоящия документ на основание
от ПАЗПДДК
( 12. 05 .............. 2007 .г

ПРЕДСЕДАТЕЛ : ......................
/ РОСЕН ............ИКОВ /

СЕКРЕТАР : ......................
/ЕЛЕНА СТЕФАНОВА НЕДЕВА/

ПРИЛОЖЕНИЕ
към справка за съдимост номер 1702 от дата 26.1.2006 г.

---

ЦВЕТОМИР        СИМЕОНОВ        СИМЕОНОВ
КАЗАНЛЪШКИ РС        СПОРАЗУМЕНИЕ        НОХД № 630/1998
Постановена:07.2.2000 г. В сила:07.2.2000 г.

За престъпление извършено на 25.05.1998г.
Основание:чл.195 ал.2 във вр. с ал.1 т.4 и 5 от НК
Наказание:ЛИШАВАНЕ ОТ СВОБОДА ЗА СРОК ОТ ЕДНА ГОДИНА И ШЕСТ МЕСЕЦА
Основание:чл.66 ал.1 от НК
Наказание:ОТЛАГА ИЗПЪЛН. НА НАКАЗАНИЕТО ЗА СРОК ОТ ЧЕТИРИ ГОДИНИ.

---

ЦВЕТОМИР        СИМЕОНОВ        СИМЕОНОВ
КАЗАНЛЪШКИ РС        ПРИСЪДА        НОХД № 317/2002
Постановена:19.11.2004 г. В сила:22.12.2004 г.

За престъпление извършено на 20.12.2001г.
Основание:чл.337 ал.1 във вр.с чл.20 ал.2 и чл.54 от НК
Наказание:ЛИШАВАНЕ ОТ СВОБОДА ЗА СРОК ОТ ПЕТ ГОДИНИ ПРИ ОБЩ РЕЖИМ.
Основание:чл.339 ал.1 във вр.с чл.20 ал.2 и чл.54 от НК
Наказание:ЛИШАВАНЕ ОТ СВОБОДА ЗА СРОК ОТ ПЕТ ГОДИНИ ПРИ ОБЩ РЕЖИМ.
Основание:чл.23 от НК
Наказание:ЛИШАВАНЕ ОТ СВОБОДА ЗА СРОК ОТ ПЕ ГОДИНИ ПРИ ОБЩ РЕЖИМ.
Основание:чл.24 от НК УВЕЛИЧАВА така определеното общо наказание с 1/2 или да
      изтърпи едно общо наказание
Наказание:ЛИШАВАНЕ ОТ СВОБОДА ЗА СРОК ОТ СЕДЕМ ГОДИНИ И ШЕСТ МЕСЕЦА ПРИ ОБЩ
      РЕЖИМ.
Основание:С протокол от 02.03.2005г.по нак.дело 14/05г. на Кз.РС и влязло в
      сила определение на 17.03.2005г. на осн.чл.68 ал.1 от НК ПОСТАНОВЯВА
      да изтърпи отделно отложеното наказание наложено с присъда по НОХД
      630/98г. на Кз.РС в размер на
Наказание:ЛИШАВАНЕ ОТ СВОБОДА ЗА СРОК ОТ ЕДНА ГОДИНА И ШЕСТ МЕСЕЦА ПРИ ОБЩ
      РЕЖИМ.

---

ПРОКУРАТУРА НА
РЕПУБЛИКА БЪЛГАРИЯ
удостоверява истинността на
положения подпис и печат върху
настоящия документ на основание
чл.4 от ПАЗПДДК
София, 12.03 .........200?г
Подпис ........

РАЙОНЕН СЪД КАЗАНЛЪК
БЮРО СЪДИМОСТ
№ 2835/ 27.2.2006 г.

ВАЖИ ЗА СРОК ОТ
6 МЕСЕЦА

# С П Р А В К А
# З А   С Ъ Д И М О С Т

К А З А Н Л Ъ Ш К И Я Т   Р А Й О Н Е Н   С Ъ Д

УДОСТОВЕРЯВА, ЧЕ ОТ СПРАВКАТА НАПРАВЕНА В БЮРОТО ЗА СЪДИМОСТ
СЕ ОКАЗА, ЧЕ ЛИЦЕТО :

**ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ**

РОДЕН/А/ НА ███████  В ГР.КАЗАНЛЪК
ГРАЖДАНСТВО **БЪЛГАРИЯ**
АДРЕС

СИН/ДЪЩЕРЯ/ НА:
МАЙКА:   ХРИСТИНА ЙОРДАНОВА СИМЕОНОВА
БАЩА:    СИМЕОН ПАНАЙОТОВ СИМЕОНОВ

Е   О С Ъ Ж Д А Н О  –  ВИЖ ПРИЛОЖЕНИЕТО

НАСТОЯЩЕТО ВАЖИ ЗА СЪД!
по НЧД 14/05г. на Кз.РС

ПРЕДСЕДАТЕЛ РС : . . . . . . . . . . . .
/ НАДЕЖДА ДИМИТРОВА /

СЕКРЕТАР: . . . . . . . . . . . .
/КЕРА МАНЕВА КОЛЕВА/
/печат/

ПРОКУРАТУРА НА
РЕПУБЛИКА БЪЛГАРИЯ
удостоверява истинността на
положения подпис и печат върху
настоящия документ на осн. 358
чл. 4 от ПАЗПДДК
София, ....12.09.........200.7

Подпис ...............

РАЙОНЕН СЪД КАЗАНЛЪК
БЮРО СЪДИМОСТ

# П Р И Л О Ж Е Н И Е

Към    С П Р А В К А   З А   С Ъ Д И М О С Т  №   2835 от дата   27.2.2006
г.

КАЗАНЛЪШКИ РС    ЦВЕТОМИР    СИМЕОНОВ    СИМЕОНОВ
███████████        СПОРАЗУМЕНИЕ    НОХД  №    630/1998
Постановена:07.2.2000 г. В сила:07.2.2000 г.

За престъпление извършено на 25.05.1998г.
Основание:чл.195 ал.2 във вр. с ал.1 т.4 и 5 от НК
Наказание:ЛИШАВАНЕ ОТ СВОБОДА ЗА СРОК ОТ ЕДНА ГОДИНА И ПЕТ МЕСЕЦА
Основание:чл.66 ал.1 от НК
Наказание:ОТЛАГА ИЗПЪЛН. НА НАКАЗАНИЕТО ЗА СРОК ОТ ЧЕТИРИ ГОДИНИ.

███████████        ЦВЕТОМИР    СИМЕОНОВ    СИМЕОНОВ
КАЗАНЛЪШКИ РС        ПРИСЪДА    НОХД  №    317/2002
Постановена:19.11.2004 г. В сила:22.12.2004 г.

За престъпление извършено на 20.12.2001г.
Основание:чл.337 ал.1 във вр.с чл.20 ал.2 и чл.54 от НК
Наказание:ЛИШАВАНЕ ОТ СВОБОДА ЗА СРОК ОТ ПЕТ ГОДИНИ ПРИ ОБЩ РЕЖИМ.
Основание:чл.339 ал.1 във вр.с чл.20 ал.2 и чл.54 от НК
Наказание:ЛИШАВАНЕ ОТ СВОБОДА ЗА СРОК ОТ ПЕТ ГОДИНИ ПРИ ОБЩ РЕЖИМ.
Основание:чл.23 от НК
Наказание:ЛИШАВАНЕ ОТ СВОБОДА ЗА СРОК ОТ ПЕ ГОДИНИ ПРИ ОБЩ РЕЖИМ.
Основание:чл.24 от НК УВЕЛИЧАВА така определеното общо наказание с
1/2 или да
          изтърпи енто общо наказание
Наказание:ЛИШАВАНЕ ОТ СВОБОДА ЗА СРОК ОТ СЕДЕМ ГОДИНИ И ШЕСТ МЕСЕЦА
ПРИ ОБЩ
          РЕЖИМ.
Основание:С протокол от 02.03.2005г.по нак.дело 14/05г. на Кз.РС и
влязло в
          сила определение на 17.03.2005г. на осн.чл.68 ал.1 от НК
ПОСТАНОВЯВА
          да изтърпи отделно отложеното наказание, наложено с присъда
по НОХД
          630/98г. на Кз.РС в размер на
Наказание:ЛИШАВАНЕ ОТ СВОБОДА ЗА СРОК ОТ ЕДНА ГОДИНА И ШЕСТ МЕСЕЦА
ПРИ ОБЩ
          РЕЖИМ.

ПРЕДСЕДАТЕЛ РС: . . . . . . . . . . .
                /НАДЕЖДА ДИМИТРОВА/

СЕКРЕТАР: . . . . . . . . . . .
                /КЕРА МАНЕВА КОЛЕВА/

## JUDICIAL RECORD OF PROCEEDINGS AT TRIAL

The town of Kazanlak, 02.03.2005
Regional Court-Kazanlak
Criminal Department
Open trial, held on 02.03.2005
in the composition:

Presiding judge: Todor Todorov
Members: Maria Bakardzhieva
Ivanka Tucheva
Secretary: Maria Ivanova
Prosecutor: Konstantin Banchev

Took into consideration criminal case of general character No 14, registered in 2005, and reported by presiding judge: Todor Todorov,
At calling by name in 15:00 p.m. in the court hall appear:

**THE CONVICTED:**
TSVETOMIR SIMEONOV SIMEONOV- does not appear, /not subpoenaed properly/

**BARRISTER-AT-LAW:**
Russinova – appears earlier

**REGIONAL PROSECUTOR:**
Banchev

**THE COURT FINDS OUT THAT**: There is sufficient evidence, pursuant to Article 70, paragraph 1 , item 6 of the Criminal Procedure Code of the Republic of Bulgaria, to proceed with the case, and therefore

**ORDAINS:**

**THE COURT APPOINTS BARRISTER-AT-LAW:**
**Russinova  as a defender of the convicted TSVETOMIR SIMEONOV SIMEONOV**

**PROSECUTOR** Banchev : TO PROCEED WITH THE CASE

**BARRISTER-AT-LAW** Russinova : TO PROCEED WITH THE CASE

**THE COURT FINDS OUT THAT**: There is sufficient evidence, pursuant to Article 304, paragraph 2 of the Criminal Procedure Code of the Republic of Bulgaria, to proceed with the case. Non - appearance of the convicted is not an obstacle to postpone the trial procedure. From all gathered evidence, regarding criminal case of general character No 317/ 02, it becomes clear that Simeonov had left the country illegally and therefore

**THE COURT**

### ORDAINS:

TO PROCEED WITH THE CASE – judgment by default.

It is reported the decree, given by the Regional prosecutor's Office- Kazanlak.

**THE COURT,** pursuant to Article 281 of the Criminal Procedure Code of the Republic of Bulgaria

### ORDAINS:

**The Criminal Conviction Certificate of the convicted** TSVETOMIR SIMEONOV SIMEONOV to be presented at the trial.

IT WAS READ.

**PROSECUTOR** Banchev : I sustain the proposal, based on the decree, given by the Regional prosecutor's Office- Kazanlak. It was made a technical mistake, and the convicted was given parole sentence, as he committed another crime during the period of punishment, determined for his initial crime. That is why, I think that the COURT should ordain the new crime to be punished and incurred separately from the initial one - criminal case of general character No 630/98.

**BARRISTER-AT-LAW** Russinova : There is sufficient evidence, pursuant to Article 25, connected with Article 23 of the Criminal Code of the Republic of Bulgaria, to concurrent sentences of the convicted Simeonov.

After taking into consideration the opinions of the barrister-at-law of the convicted Simeonov, and the Prosecutor from the Regional Prosecutor's Office- Kazanlak, the COURT established the following:

The convicted Simeonov was sentenced for a crime, committed on 20.12.2001.
Pursuant to: Article **337** paragraph 1, connected with Article 20 paragraph 2, and Article 54 of the Criminal Code of the Republic of Bulgaria
Sentence: five years imprisonment at the initial general routine
Pursuant to: Article **24** of the Criminal Code of the Republic of Bulgaria
The sentence is increased with ½.
Total sentence: seven years and six months imprisonment at the initial general routine.

When the Court determined the sentence, it was missed to determine the sentence pursuant to Article 68, paragraph 1 of the Criminal Code of the Republic of Bulgaria – the convicted committed another crime, committed on 20.12.2001 during the period of punishment, determined for his initial crime- criminal case of general character No 630/98, registered in the Regional Court –Kazanlak.
That is why, the COURT considers that the postponed crime is to be incurred and to serve the term of imprisonment separately from the initial one.

After presenting the above mentioned motivation, the COURT

**RENDITION OF JUDGEMENT:**

The convicted **TSVETOMIR SIMEONOV SIMEONOV** , pursuant to Article 68, paragraph 1 of the Criminal Code of the Republic of Bulgaria to incur and to serve the term of imprisonment separately from the initial one - criminal case of general character No 630/98, registered in the Regional Court –Kazanlak, sentenced **one year and six months imprisonment at the initial general routine.**

The Court determines the payment of the **BARRISTER-AT-LAW** Russinova – the sum of 50 levs, which must be transferred immediately.

This RENDITION OF JUDGEMENT can be appealed in a 15 day-term from the day of its order /today/ at the District Court- Stara Zagora.

The judicial record of the proceedings at trial was prepared, written and finished in the Court hall at 13:20 p.m.

Presiding Regional judge: Todor Todorov
/signature/

Members:
Maria Bakardzhieva
/signature/

Ivanka Tucheva
/signature/

Secretary:
Maria Ivanova
/signature/

Round stamp- the Regional Court - Kazanlak

Apostille

THE PROSECUTOR'S OFFICE OF THE REPUBLIC OF BULGARIA
certifies the truthfulness of the signature and the seal
affixed on present document pursuant to Article 4 of the Rules on legalization,
certification and translation of documents and other papers
Sofia, 12.09.2007
Signed: signature is illegible

The undersigned verifies the truthfulness of the translation, accomplished by me.
The translation consists of 3 / three / pages.
Translator: Nevena Georgieva Martinska Civil ID 6107206277

36

# ПРОТОКОЛ

гр. ....................................................200.......г.

.................... окръжен съд ...........................в публично
районен

съдебно заседание на .......................200....год. в състав

Председател: ..........................................

Съдебни заседатели: ..........................................
Членове:

при участието на секретар ..........................................

и прокурора: .......................................... сложи за разглеждане

дело № .......................... по списа за .......................... год. докладвано

от ..........................................

На именното повикване в .......................... часа се явиха: ..........................

ОСЪДЕНИЯТ ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ – нередовно призован, не
се явява

ЯВЯВА СЕ служ. защитник адв. Русинова от по-ранс

РАЙОННА ПРОКУРАТУРА КАЗАНЛЪК – прокурор БАНЧЕВ

Съдът очита, че са налице основанията на чл. 70 ал. 1 т. от НПК
поради което и /

О П Р Е Д Е Л И :

НАЗНАЧАВА на осъд. Цветомир Симеонов Симеонов за служебен
защитник адв. Русинова.

прок. БАНЧЕВ – да се даде ход на делото.

адв. РУСИНОВА – да се даде ход на делото.

О П Р Е Д Е Л И :

ДАВА ХОД НА ДЕЛОТО

ДОКЛАДВА се предложението на РП-Казанлък.

СЪДЪТ на осн. чл. 881 НПК

О П Р Е Д Е Л И :

ДА СЕ ПРОЧЕТЕ - свидетелство за съдимост на името на осъдения Цветомир Симеонов.

ПРОЧЕТЕ СЕ!

прок. БАНЧЕВ - поддържам предложението, тъй като е допусна техн. грешка - изтърпяване на условно наказание на подсъдимия Симеонов, тъй като в дадения срок, който му е определен първоначалното, е извършено последващо деяние. Ето защо следва за постановите това наказание да, се изтърпи отделно наказанието по НОХД 830/98 г.

адв. РУСИНОВА - налице са осн. на чл. 25 вр. с чл. 23 НК за кумелиране наказанията на осъдения Симеонов.

СЪДЪТ след като изслуша становището настраните и вве предвид свидетелството за съдимост на осъд. Симеснов намира за установено следното:

С присъда по НОХД 317/02 г. по списа на Казанлъшки РС осъд. Симеонов е признат за виновен за престъпление по чл. 337 ал. 1 вр. с чл. 20 ал. 2 като му определя ОБЩО наказание от ПЕТ ГОДИНИ ЛИШАВАНЕ ОТ СВОБОДА при първоначален ОБЩ РЕЖИМ на осн. чл. 24 НК така определеното общо наказание е увеличено с 1/3.

При постановяване на присъдата първоинстанционния съд е пропуснал да е приложес по чл. 68 ал. 1 НК, тъй като подсъдимият е извършил деянието по горецитираното НОХД на 20.12.01 г. в изпитателния срок му е наложено наказание по НОХД 830/98 г. по списа на Казанлъшки РС, поради което следва така отложеното наказание да се изтърпи отделно.

ВОДЕН от горното съдът

О П Р Е Д Е Л И :

ПОСТАНОВЯВА осъд. ПЕНТОПУ СИМЕОНОВ СИМЕОНОВ на осн. чл. 57 зв. 1 т. зв. метърпи отделно сложеното наказание наложен с присъда по НОХД 680/98 г. по описа на Казанлъшки РС от ЕДНА ГОДИНА И ШЕСТ МЕСЕЦА ЛИШАВАНЕ от свобода при първоначален ОБЩ режим.

На служ. защитник адв. Русинова съдът определя възнаграждение в размер от 50,00 лв. преводими веднага.

ОПРЕДЕЛЕНИЕТО подлежи на обжалване или протестиране в 15 дневен срок от днес пред Окръжен съд - Ст.Загора.

ПРОТОКОЛЪТ се изготви в съд. заседание, което приключи в 13,30 ч.

СЪД.СЕКРЕТАР: [signature]

В сила на 17 03 2005г

**Вярно с оригинала**

Деловодител: [signature]

РАЙОНЕН СЪДИЯ: [signature]

СЪД.ЗАСЕДАТЕЛИ:

з. [signature]

ПРОКУРАТУРА НА
РЕПУБЛИКА БЪЛГАРИЯ
удостоверява истинността на
положения подпис и печат върху
настоящия документ на основание
чл. 4 от ПЛЗПДДК
София, 12.09 ........................ 200.7
Подпис .........................

EXT-SIMEONOV-00119

# JUDICIAL RECORD OF PROCEEDINGS AT TRIAL

The town of Kazanlak, 07.02.2000
Regional Court-Kazanlak
Criminal Department
Open trial, held on 07.02.2000
in the composition:

Presiding judge: Nevena Ivanova
Members: S.Stanchevska
Tz. Vandova
Secretary: Ya. Stefanova
Prosecutor: Marinova

Took into consideration criminal case of general character No 630, registered in 1998, and reported by presiding judge: Nevena Ivanova,
At calling by name in 9a.m. in the court hall appear:

**THE ACCUSED:**
DANIEL PEKOV KOLEV – appears earlier with his barrister-at-law Georgiev
NIKOLAY STEFANOV NEDELCHEV- appears earlier with his barrister-at-law Markov
TSVETOMIR SIMEONOV SIMEONOV- appears earlier with his barrister-at-law Petkov

**THE WITNESSES:**
DECHKO IVANOV TARPANOV- does not appear
PETAR GEORGIEV HRISTOV- appears
MICHO PANCHEV MICHEV- appears
KANCHO KOSEV HASARBASSANOV- appears
MINKO STEFANOV CHERNEV- appears
DOBRI CHANEV DOBREV- appears
SLAV IVANOV SLAVOV- appears
NIKOLAY DRAGANOV KOLEV- appears
GEORGI STEFANOV BAKLOV- appears

**THE EXPERTS:**
IVAN STEFANOV CHUKANOV - appears
NIKOLAY KOLEV ZHELEV- does not appear, /not subpoenaed properly/

**REGIONAL PROSECUTOR:**
MARINOVA

THE PROSECUTOR: I request that the Court ordain proceeding with the case. There is sufficient evidence, pursuant to Article 269 of the Criminal Code of the Republic of Bulgaria.
Barrister-at-law Georgiev- to proceed with the case
Barrister-at-law Markov- to proceed with the case
Barrister-at-law Petkov- to proceed with the case