**THE COURT FINDS OUT THAT**: There is sufficient evidence, pursuant to Article 269 of the Criminal Code of the Republic of Bulgaria, to proceed with the case, and therefore

## ORDAINS:

### TO PROCEED WITH THE CASE

**The following persons were identified at the court hall:**

**THE ACCUSED- DANIEL PEKOV KOLEV**, born on ███████ in the town of Stara Zagora, Bulgarian, citizen of the Republic of Bulgaria, high education, married, not adjudged, unemployed, residing in the town of Kazanlak, Civil ID ███████

He is told his rights pursuant to the Criminal Procedure Code of the Republic of Bulgaria. THE ACCUSED- DANIEL PEKOV KOLEV: I received the accusation decree more than 7 days ago. I do not object the meeting in the composition.

**THE ACCUSED- NIKOLAY STEFANOV NEDELCHEV**, born on ███████ in the town of Kazanlak, Bulgarian, citizen of the Republic of Bulgaria, high education, married, not adjudged, Civil ID ███████

He is told his rights pursuant to the Criminal Procedure Code of the Republic of Bulgaria. THE ACCUSED NIKOLAY STEFANOV NEDELCHEV: I received the accusation decree more than 7 days ago. I do not object the meeting in the composition.

**THE ACCUSED- TSVETOMIR SIMEONOV SIMEONOV**, born on ███████ in the town of Kazanlak, Bulgarian, citizen of the Republic of Bulgaria, high education, married, not adjudged, unemployed, residing in the village of Kran - Stara Zagora District

He is told his rights pursuant to the Criminal Procedure Code of the Republic of Bulgaria. THE ACCUSED TSVETOMIR SIMEONOV SIMEONOV: I received the accusation decree more than 7 days ago. I do not object the meeting in the composition.

**Barrister-at-law Georgiev**: In order to avoid extra expenses of the trial, we have arrived at a common decision to achieve an agreement with the accusation. The agreement is in written form pursuant to Article 414 'ж'. We would like this written agreement to be approved by the Court. Pursuant to Article 414 'k' it is possible till the end of the trial. We are acquainted with the accusation and we accept it. The accused had willingly signed this agreement, they confess their guilt and there is enough evidence for the Court to approve it. The accused declare in written that they are acquainted with the possible sequences. I present the agreement.

**Barrister-at-law Markov**: We agree with the presented agreement. I request that you approve it and cancel the criminal proceedings in accordance with this agreement.

**Barrister-at-law Petkov**: I do agree with the signed agreement.

2

**THE PROSECUTOR**: the agreement that is presented is pursuant to Article 414 'k' and '3' and to Article 414 'ж' of the Criminal Procedure Code of the Republic of Bulgaria. We would like this written agreement to be approved by the Court, as it does not contradict the law.

**THE ACCUSED- KOLEV**: I realize the agreement and the possible sequences and I agree with it. I confess my guilt; I willingly signed this agreement, and I DECLARE that I refuse investigation of trial under universal procedure.

**THE ACCUSED- NEDELCHEV**: I realize the agreement and the possible sequences and I agree with it. I confess my guilt; I willingly signed this agreement, and I DECLARE that I refuse investigation of trial under universal procedure.

**THE ACCUSED- SIMEONOV**: I realize the agreement and the possible sequences and I agree with it. I confess my guilt; I willingly signed this agreement, and I DECLARE that I refuse investigation of trial under universal procedure.

After taking into consideration the agreement between the barristers-at-law of the accused Kolev, Nedelchev and Simeonov and the Regional Prosecutor's Office- Kazanlak, the COURT established the following:

The accusation of the committed crime against the accused Kolev, Nedelchev and Simeonov is not included in the practice of crimes, pursuant to Article 414 'ж' paragraph II of the Criminal Procedure Code of the Republic of Bulgaria. The agreement does not contradict the law and is responding to all requirements, pointed in Article 414 'ж' paragraph V of the Criminal Procedure Code of the Republic of Bulgaria. The agreement is presented before the end of pre-trial proceedings at the First instance Court pursuant to Article 414 'k' paragraph I of the Criminal Procedure Code of the Republic of Bulgaria. Today, at the open session of the Court the accused made the necessary declarations, according to the procedure, pursuant to Article 414 '3' paragraph IV of the Criminal Procedure Code of the Republic of Bulgaria. Having in mind the above –mentioned and pursuant to Article 414 '3' paragraph IV of the Criminal Procedure Code of the Republic of Bulgaria, the COURT considers that the final text of the agreement must be notified and written in the record of the proceedings at trial. After that the agreement should be approved by the COURT and to Article 414 'k' paragraph I of the Criminal Procedure Code of the Republic of Bulgaria, in connection with Article 414 '3' paragraph VII of the Criminal Procedure Code of the Republic of Bulgaria, criminal procedure to be cancelled.

After presenting the above mentioned motivation, the COURT

## ORDAINED:

The content of the agreement is **registered** as follows:

On 25.05.1998 THE ACCUSED:  NIKOLAY STEFANOV NEDELCHEV, DANIEL PEKOV KOLEV and TSVETOMIR SIMEONOV SIMEONOV in the town of Kazanlak

3

after agreement in advance, using a vehicle –automobile BMW 316 register No CT 5221 CT, committed the following crime: they took not belonging to them movable possessions, at the total sum of 7 757,10 levs, presenting a great amount of money (seven thousand seven hundred and fifty-seven levs and ten stotinki), from their owner "M+C Hydravlic" - Kazanlak, with wrongful intention to appropriate them – a crime pursuant to Article 195, paragraph 2, connected with paragraph 1, item 4 and item 5 of the Criminal Code of the Republic of Bulgaria.

The parties agreed on the kind of the punishment and the term of the punishment:

1. The accused Nikolay Stefanov Nedelchev, born on ▮▮▮▮▮ in the town of Kazanlak, Bulgarian, citizen of the Republic of Bulgaria, high education, married, not adjudged, a driver in 'Mila - taxi' in the town of Kazanlak, Civil ID ▮▮▮▮▮ to be sentenced one year and a half imprisonment pursuant to Article 197, item 4, connected with Article 195, paragraph 2, connected with paragraph 1, item 4 and item 5 of the Criminal Code of the Republic of Bulgaria. Pursuant to Article 66, paragraph 1 of the Criminal Code of the Republic of Bulgaria the execution of the sentence to be postponed for the period of 4 years.

2. The accused Daniel Petkov Kolev, born on ▮▮▮▮▮ in the town of Stara Zagora, Bulgarian, citizen of the Republic of Bulgaria, high education, married, not adjudged, unemployed, residing in the town of Kazanlak, Civil ID ▮▮▮▮▮ to be sentenced one year and a half imprisonment pursuant to Article 197, item 4, connected with Article 195, paragraph 2, connected with paragraph 1, item 4 and item 5 of the Criminal Code of the Republic of Bulgaria. Pursuant to Article 66, paragraph 1 of the Criminal Code of the Republic of Bulgaria the execution of the sentence to be postponed for the period of 4 years.

3. The accused Tsvetomir Simeonov Simeonov, born on ▮▮▮▮▮ in the town of Kazanlak, Bulgarian, citizen of the Republic of Bulgaria, high education, married, not adjudged, unemployed, residing in the village of Kran - Stara Zagora District to be sentenced one year and a half imprisonment pursuant to Article 197, item 4, connected with Article 195, paragraph 2, connected with paragraph 1, item 4 and item 5 of the Criminal Code of the Republic of Bulgaria. Pursuant to Article 66, paragraph 1 of the Criminal Code of the Republic of Bulgaria the execution of the sentence to be postponed for the period of 4 years.

The parties agreed all the expenses on the trial to be taken equally by the accused – 12,88 levs / twelve levs and eighty-eight stotinki / per each of them.

Pursuant to Article 53, paragraph 1 – 'A' of the Criminal Code of the Republic of Bulgaria the autoptic evidence must be taken in favor of the State.

**BARRISTERS-AT-LAW:**                              **ACCUSED:**

For the accused Nikolay Stefanov Nedelchev:        the accused Nikolay Nedelchev:
/ signature /                                                           /signature/

/barrister-at-law Nikolay Ivanov Marinov/

4

/barrister-at-law Georgi Georgiev/

For the accused Tsvetomir Simeonov Simeonov:      the accused Tsvetomir Simeonov:
/ signature /                                                                      /signature/
/barrister-at-law Petko Petkov/

**PROSECUTOR:**     /signature/

Marinova

The COURT approves the agreement.
The COURT cancels the criminal case of general character No 630, registered in 1998 by the
Regional Prosecutor's Office –Kazanlak
THE ORDER is definitive and it cannot be appealed.

A copy of the record of the proceedings in trial is to be sent to the Regional Prosecutor's
Office –Kazanlak.
The judicial record of the proceedings at trial was prepared, written and finished in the Court
hall at 10:00a.m.

Presiding Regional judge: Nevena Ivanova
/signature/

Members: S.Stanchevska
/signature/

Tz. Vandova
/signature/

Secretary: Ya. Stefanova
/signature/
Round stamp- the Regional Court – Kazanlak
Apostille

THE PROSECUTOR'S OFFICE OF THE REPUBLIC OF BULGARIA
certifies the truthfulness of the signature and the seal
affixed on present document pursuant to Article 4 of the Rules on legalization,
certification and translation of documents and other papers
Sofia, 12.09.2007
Signed: signature is illegible

The undersigned verifies the truthfulness of the translation accomplished by me.
The translation consists of 5 / five / pages.
Translator: Nevena Georgieva Martinska Civil ID 610720

33

EXHIBIT SIMEONOV-00124

# ПРОТОКОЛ

ИЗВЛАДЕН БЮЛЕТИН и КА
гр. Казанлък 17.V 2000

гр. Казанлък 07.02.2000

Казанлъшки окръжен съд Нак. отдел в публично
районен

съдебно заседание на 07.02.2000 199 год. в състав

Председател: НЕВЕНА ИВАНОВА

Съдебни заседатели:
{
С.Станчевска
Ц.Вандова
}

при участието на секретар: Я.Стефанова

и прокурора: Маринова сложи за разглеждане

дело № НОХ 630 по описа за 1998 год. докладвано

от съдия Иванова

На именното повикване в 9 часа се явиха:

ПОДСЪДИМИ – ДАНИЕЛ ПЕКОВ КОЛЕВ – явява се с адв.Георгиев
от по рано

НИКОЛАЙ СТЕФАНОВ НЕДЕЛЧЕВ – явява се и с
адв.Марков от по рано

ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ – явява се и с
адв.Петков от по рано

СВИДЕТЕЛИТЕ – ДЕЧКО ИВАНОВ ТЪРПАНОВ – не се явява вл.пр.с.
ПЕТЬР ГЕОРГИЕВ ХРИСТОВ – явява се

МИЧО ПАНЧЕВ МИЧЕВ – явява се

КЪНЧО КОСЕВ ХАСЪРБАСАНОВ – явява се

МИНКО СТЕФАНОВ ЧЕРНЕВ – явява се

ДОБРИ ЧАНЕВ ДОБРЕВ – явява се

СЛАВ ИВАНОВ СЛАВОВ – явява се

НИКОЛАЙ ДРАГАНОВ КОЛЕВ – явява се

ГЕОРГИ СТЕФАНОВ БАКЛОВ – явява се

ЕКСПЕРТИТЕ – ИВАН СТЕФАНОВ ЧУКАНОВ – явява се

НИКОЛАЙ КОЛЕВ ЖЕЛЕВ – не се явява не ред. призован.

РП ПРОКУРОР МАРИНОВА

ПРОКУРОРА – Моля да даде ход на делото.Налице са оснoв. по чл.269 от НПК .

АДВ.ГЕОРГИЕВ – Да се даде ход на делото

АДВ.МАРКОВ – Де се даде ход на делото

АДВ.ПЕТКОВ – Да се даде ход на делото

СЪДЪТ намира, че са налице основанията по чл.269 от НПК за даване ход на делото порадикоето

О П Р Е Д Е Л И :

ДАВА ХОД НА ДЕЛОТО

СНЕ СЕ самоличността на явилите се лица както следва:

ПОДСЪДИМИЯ – ДАНИЕЛ ПЕТКОВ КОЛЕВ – род. на ██████ год. в гр.Ст.Загора, жител и живущ в гр.Казанлък, бъл. гр.,женен, средно, неосъждан с ██████

Разясняват му се правата по НПК

ПОДСЪДИМИЯ – КОЛЕВ – Получих преди повече от 7 дне препис хот обв.акт.Неправя отвод на съсана на съда.

ПОДСЪДИМИЯ – НИКОЛАЙ СТЕФАНОВ НЕДЕЛЧЕВ – род. на ██████ ██████ вр Казанлък, бъл. гражданин, жител и живущ в същия град женен,средно, неосъждан с ██████

Разясняват му се правата по НПК

ПОДСЪДИМИЯ – НЕДЕЛЧЕВ – Получих преди повече от 7 дне препис от обв.акт.Неправя отвод на състава на съда.

ПОДСЪДИМИЯ – ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ – род. на ██████ ██████ гр.Казанлък, жител на същия град, живущ в К.Ън, бъл. гражданин

2.



женен, средно,неосъждан с

Разясняват му се правата по НПК

ПОДСЪДИМИЯ – СИМЕОНОВ – Получих преди повече от 7 дни препис от обв.акт.Неправя отвод на състава на съда.

АДВ.ГЕОРГИЕВ – С оглед процес. икономия сме постигнали споразумение с обв. в писмен вид оформено съгл.изискванията на чл.414ж което молим да одобрите. По силата на разпоредбата на чл.414к от НПК това е възможно до приключване на съд. след. Запознати сме с обв. приемаме го Нашите подзащитни са подписали доброволно това споразум. признават сеза виновни и са налице всички предпоставки да одобрението му от съда в този вид. Подсъд. писмено декларират че са запознати с последиците. Представям споразумението.

АДВ.МАРКОВ – Съгласни сме с представеното споразум. Моля да го одобрите и прекратите нак. производ. с оглед на това споразумение.

АДВ.ПЕТКОВ – Съгласен съм със направеното споразумение.

ПРОКУРОРА – Споразумението което Випредставяме е във съотв. с разпор. на чл.414к във вр. с чл.414а и ж от НПК.Считам, че следва да го приемете и след като прецените че същото непротиворачи на закона и морала да го одобрите

ПОДСЪДИМИЯ – КОЛЕВ – Разбирам обвинението.Разбирам последи ците от споразумението и съм съгласен с тях. Признавам се за виновен. Доброволно подписах споразумението. Декларирам че се отказвам от разглеж дане на делото по общия ред за което съм подписал декларация.

ПОДСЪДИМИЯ – НЕДЕЛЧЕВ – Разбирам обвинението.Разбирам пос ледиците от споразум. и съм съгл. със тях: Признаваме се за виновен. Доброволно подписах споразумението.Декларирам че се отказвам от разглеж дане на делото по общия ред.

ПОДСЪДИМИЯ – СИМЕОНОВ –Разбирам обвинението.Разбирам последици те от споразумението и съм съгл. със тях.Признавам се за виновен.Добро волно подписах споразум. Декларирам че се отказвам от разглеждане на делотопо общия ред.

EXT-SIMEONOV-00127

СЪДЪТ като разгледа представеното в днешното с.з. спора зумение м/у защитниците на подсъд. Колев, Неделчев и Симеонов и предста вителя на РП Казанлък намира за установено следното:

Престъплението за което са обвинени подсъдимите Колев, Неделчев и Симеонов е извън престъпленията посочени в чл.414ж ал.II от НПК поради което същото е допустимо. Споразумението непротиворечи на закона и морала и отговаря на всички изисквания посочени в чл.414к ал. V от НПК. Представено е своевременно преди приключване на съд. след. в първоинстанционния съд по смисъла на чл.414к ал.I от НПК. В днешното с.з. подсъдимите направиха необходимите процесуални изявления съгласно чл. 414з ал.IV от НПК. Предвид изложеното съдът намира, че на основание чл.414з ал.VI от НПК във протокола следва да се впише окончателния текст на постигнатото споразумение след което същото да се одобри от съда и на основание чл.414к ал.I във вр. с чл.414з ал.VII от НПК на казателното производство да се прекрати. Водим от горните мотиви съдъ

О П Р Е Д Е Л И :

ВПИСВА съдържанието на окончателното споразумение както следва:

ПОДСЪДИМИТЕ –НИКОЛАЙ СТЕФАНОВ НЕДЕЛЧЕВ ; ДАНИЕЛ ПЕТКОВ КОЛЕВ и ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ на 25.05.1998 год. във гр.Казанлък след предварителен сговор помежду си виновно и използвайки МПС –лек автомобил БМВ 316 с ДКН Ст 52-21 Ст са извършили следното деяние: отне ли са чужди движими вещи на обща стойност 7,757 лв. и 10 ст. деномини рани представляващи големи размери от владението на собственика им М. Хидравлик" гр.Казанлък без неговото съгласие с намерение противозаконно да ги присвоят и това е престъпление по чл.195 ал.II във вр. с ал.I т.4 и 5 от НК.

ВИД И РАЗМЕР на наказанията – На подсъдимия Николай Стефа нов Неделчев род. на █████████ од. в гр.Казанлък, бъл. гр. жител и живущ в същия град, женен,средно образование,неосъждан с ████████ се налага наказание по чл.197 т.4 във вр. с чл..195 ал.II във вр. с ал.I т.4 и 5 от НК ЕДНА ГОДИНА И ШЕСТ МЕСЕЦА лишаване от свобода. На основание чл.66 ал.I от НК изпълнението на наказанието се ОТЛАГА за срок от ЧЕТИРИ ГОДИНИ.

– На подсъдимия Даниел Петков Колев - род. на █████ год. в гр.Ст.Загора, жител и живущ в гр.Казанлък, бъл. гражданин,женен средно образование, неосъждан с ████████ се налага наказание по чл.197 т.4 във вр. с чл.195 ал.II във вр. с ал.I т.4 и 5 от НК ЕДНА

3.

ГОДИНА И ШЕСТ МЕСЕЦА лишаване от свобода. На основание чл.66ал.I от НК изпълнението на наказанието се ОТЛАГА за срок от ЧЕТИРИ ГОДИНИ.

- На подсъдимия Цветомир Симеонов Симеонов -род. на ████ 72 год.в гр.Казанлък, жител на същия град, живущ в с.Крън, бъл. граждани нин, женен, неосъждан с средно образование с ████████ се налага наказание по чл.197 т.4 във вр. с чл.195 ал.II във вр. с ал.I т.4 и 5 от НК ЕДНА ГОДИНА И ШЕСТ МЕСЕЦА лишаване от свобода. На основание чл. 66 ал.I от НК изпълнението на наказанието се ОТЛАГА за срок от ЧЕТИРИ ГОДИНИ.

НАПРАВЕНИТЕ по делото разноски в размер на 12,78 лв. да се заплатят на КРС съразмерно от подсъдимите Неделчев, Колев и Симеонов.

НА ОСНОВАНИЕ чл.53 ал.I б."а" от НК веществените доказателства 3 бр. раници, долнище от анцунг, вълнена риза, шушляков анцунг долнище, трикотажна ватирана блуза и плик тип "върток" да се отнемат в полза на държавата.

ЗАЩИТНИЦИ: 1. адв.Марков     2. адв.Георгиев     3. адв.Петков

ПОДСЪДИМИ: 1. Неделчев     2. Колев     3. Симеонов

ПРОКУРОР 1. Маринова

СЪДЪТ одобрява така постигнатото споразумение.

ПРЕКРАТЯВА нак. производство по НОХ дело №630/98 год. по описа на КРС.

ОПРЕДЕЛЕНИЕТО е окончателно и неподлежи на обжалване.

ПРЕПИС от протоколада се изпрати на РП за сведение.

ПРОТОКОЛА се изготви и приключи в с.з. в 10 часа.

РАЙОНЕН СЪДИЯ:

СЪДЕБНИ ЗАСЕДАТЕЛИ: 1.

2.

СЕКРЕТАР:

СЛУЖЕБНА

ПРОКУРАТУРА НА
РЕПУБЛИКА БЪЛГАРИЯ
удостоверява истинността на
положения подпис и печат върху
настоящия документ на основание
чл. 4 от ПЛЗПДДК
София, .................... 200...г
Подпис ...............

**REGIONAL PROSECUTOR'S OFFICE –THE TOWN OF KAZANLAK**
The town of Kazanlak, 16"Otetz Paisii"street, tel. No 0431/ 6 -27-37, fax 0431/6-27-28

No D-4/05
04.01.2005
The town of Kazanlak

Through
the DISTRICT SECTOR - Stara Zagora
to the Chief Directorate "SECURITY"
at the Ministry of Justice – Sofia

A decree by the Regional Prosecutor's Office-Kazanlak

Pursuant to Article 376 of the Criminal Procedure Code of the Republic of Bulgaria
In connection with the implementation of punishment, we sent you a copy of the sentence
No 95-Z, given on 19.11 2004 by the Regional Court - Kazanlak, for a crime of general
character – trial No 317 / 2002; **which came into force on 22.12.2004 :** TSVETOMIR
SIMEONOV SIMEONOV, born on 08.05.1972 in the town of Kazanlak, Bulgarian,
citizen of the Republic of Bulgaria, high education, married, not adjudged, unemployed,
residing in the town of Kazanlak, 42 " Raiko Alexiev" street, Civil ID 7205087744,
Is sentenced **FIVE YEARS INPRISONMENT with the initial genera routine**.

**Pursuant to Article 24 of the Criminal Code of the Republic of Bulgaria the sentence
is increased with ½.**

In a three-day term after the pronunciation of the sentence the convicted must be detained
in jail, together with him, a copy of the sentence, the court motivation, and Criminal
Conviction Certificate must be given to **the Chief Director of the Prison - Stara Zagora.**

**The Chief Director of the Prison - Stara Zagora** must be informed that the convicted
Had been detained in custody, and pursuant to Article 59 of the Criminal Code of the
Republic of Bulgaria, this period of time must be recognized as incurred term of
imprisonment. The period, in which the convicted had been arrested by the Police
Authorities and the Ministry of Inferior, must also be recognized as incurred term of
imprisonment.

You are obliged immediately to inform the PUBLIC PROSECUTOR'S OFFICE for the
exact date of the detainment and coming of the convicted into the Prison. **The Chief
Director of the Prison - Stara Zagora** must inform the PUBLIC PROSECUTOR'S
OFFICE for the date of the detainment and coming of the convicted into the Prison, or
compulsory measures for medical nature, or his release of the Prison, or suspended
measures for medical nature.

OFFICE for the date of the detainment and coming of the convicted into the Prison, or compulsory measures for medical nature, or his release of the Prison, or suspended measures for medical nature.

The sentence must be incurred in **the Prison - Stara Zagora.**

**Attachment:** a copy of the sentence, the court motivation, and 2 Criminal Conviction Certificates.

DEPUTY REGIONAL JUDGE:
/signature illegible/

N. MARINOVA

Apostille

THE PROSECUTOR'S OFFICE OF THE REPUBLIC OF BULGARIA
certifies the truthfulness of the signature and the seal
affixed on present document pursuant to Article 4 of the Rules on legalization,
certification and translation of documents and other papers
Sofia, 12.09.2007
Signed: signature is illegible

The undersigned verifies the truthfulness of the translation accomplished by me.
The translation consists of 2 / two / pages.
Translator: Nevena Georgieva Martinska Civil ID

23



**РАЙОННА ПРОКУРАТУРА - КАЗАНЛЪК**
КАЗАНЛЪК, ул. " ОТЕЦ ПАИСИЙ " № 16 ,ТЕЛ: 0431 / 6-27-37 ФАКС: 0431 / 6-27-28

№Д-4/05г.
04.01.2005г.
гр.Казанлък

ДО
**ОБЛАСТНО ЗВЕНО - гр.Стара Загора**
**към Главна дирекция "ОХРАНА" при**
**МП – гр.София**

На основание чл.376 от Наказателно процесуалния кодекс Ви се изпраща препис от присъда № 95"з", постановена на 19.11.2004г. по нохд № 317/2002г. на КРС, **влязла в сила на 22.12.2004г.**, с която ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ, роден на 08.05.1972г. в гр.Казанлък, жител и живущ в гр.Казанлък, ул."Райко Даскалов"№42, ▮▮▮▮▮▮▮▮▮▮ е осъден на **ПЕТ ГОДИНИ ЛОС при "ОР.**

**На осн. чл.24 от НК увеличава така определеното наказание с 1/ 2.**

В тридневен срок от получаването на присъдата да се задържи осъденият и заедно с приложения препис от присъдата, мотивите към нея и свидетелството за съдимост да се изпрати на **Началника на Затвора – гр.Стара Загора.**

Да се уведоми началникът на затвора, че осъденият е задържан по мярка за неотклонение от ..........................................................., което време съгласно чл.59 НК следва да се зачита за изтърпяно наказание. За изтърпяно наказание следва да се зачете и времето от задържането на осъдения от органите на МВР до постъпването му в затвора за изпълнение на наказанието.

За датата на задържането на осъдения веднага уведомете прокуратурата. Уведомление за започване изпълнението на наказанието и принудителното лечение следва да направи и началника на затвора веднага след постъпването на осъдения в затвора или настаняването му на принудително лечение, а така също и за освобождението на осъдения или прекратяване на принудителното лечение.

Наказанието следва да се изтърпи в **Затвора гр.Стара Загора.**

**Приложение**: препис от присъда с мотиви, 2бр. свидетелства за съдимост.

**ЗАМ.РАЙОНЕН ПРОКУРОР**:............................
**/Н.МАРИНОВА/**

НМ/СК

ПРОКУРАТУРА НА
РЕПУБЛИКА БЪЛГАРИЯ
удостоверява истинността на
положения подпис и печат върху
настоящия документ на основание
чл. 4 от ПЛЗПДДК
София .........................200...г.
Подпис ........................

EXT-SIMEONOV-00133

# DACTILOSCIPIC FINGER-PRINTS

NAME: TSVETOMIR SIMEONOV SIMEONOV, born on 08.05.1972

THE TOWN OF KAZANLAK

STATE: REPUBLIC OF BULGARIA

DACTILOSCIPIC FINGER-PRINTS ARE TAKEN ON 25.05.1998 IN KAZANLAK

BY MARKOV

Round stamp - THE DISTRICT POLICE DIRECTORATE STARA ZAGORA

Apostille

THE PROSECUTOR'S OFFICE OF THE REPUBLIC OF BULGARIA
certifies the truthfulness of the signature and the seal
affixed on present document pursuant to Article 4 of the Rules on legalization,
certification and translation of documents and other papers
Sofia, 12.09.2007
Signed: signature is illegible

The undersigned verifies the truthfulness of the translation accomplished by me.
The translation consists of 1 / one page.
Translator: Nevena Georgieva Matinska Civil ID № 7206206CHID-94" HEREBY CE
CERTIFIES THAT THE ABOVE
TRANSLATION IS A FULL CO
THE (AT)RE
SOFIA DIRECTOR

Пол _____ Формула 29 77796 18 Обл. _____ Код #F13
-28 49676

Име: 1. ВЕЛИМИР 2. СИМЕОНОВ 3. СИМЕОНОВ майка _____
(собствено)          (бащино)          (фамилно)          (собствено име)

роден ▮▮▮▮ 19__ г., гр. (с) КАЗАНЛЪК обл. СТ ЗА държава ГР

| палец | показалец | среден | безимен | малък |
|-------|-----------|--------|---------|-------|
| | 16 | | 8 | |
| 16 | | 8 | | 4 |
| 4 | | 2 | | |
| 2 | | | 1 | |

| ляв палец | десен палец |
|-----------|-------------|

лява ръка          отпечатване без завъртане          дясна ръка

Последно местожителство гр. (с.) _____ ул. _____ № ____

дактилоскопиран(а) на 25.05 19__ г. в гр. _____ обл. ____

рег. № 8077

ПРОКУРАТУРА НА
РЕПУБЛИКА БЪЛГАРИЯ
Вид на престъплението _____
удостоверява истинността на
положения подпис и печат върху
настоящия документ на основание
чл. 4 от ПЛЗПДПК

Извършил дактилоскопирането: МАРКОВ

София, 11.22. _____ 200__

Подпис _____ Георги

вярно с оригинала. 02.11.

Проверил Н-к НТО: _____

224-60/84/8-120 000-95

EXT-SIMEONOV-00135



лява ръка - Дланови отпечатъци - дясна ръка

EXT-SIMEONOV-00136

QUESTIONNAIRE

Of TSVETOMIR SIMEONOV SIMEONOV

...........................
...........................
...........................

/ illegible /

Round stamp - THE DISTRICT POLICE DIRECTORATE STARA ZAGORA

Apostille

THE PROSECUTOR'S OFFICE OF THE REPUBLIC OF BULGARIA
certifies the truthfulness of the signature and the seal
affixed on present document pursuant to Article 4 of the Rules on legalization,
certification and translation of documents and other papers
Sofia, 12.09.2007
Signed: signature is illegible

The undersigned verifies the truthfulness of the translation accomplished by me.
The translation consists of 1 / one / page.
Translator: Nevena Georgieva Martinska Civil ID █████████

OF.CHID-94" HEREBY OFFICIALLY
CERTIFIES THAT THE ABOVE
TRANSLATION IS IN FULL CONFORM
WITH THE (ATTACHED) ORIGINAL
PASSAGE(S) MADE IN THE
(ATTACHED) ORIGINAL
SOFIA _____
DIRECTOR

EXT-SIMEONOV-00137

39

# АНКЕТНА КАРТА

Обр. 11–16

Единен гражд. номер

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|

И М Е

ИМЕ

собствено ......... бащино ......... фамилно

МЕСТОРОЖДЕНИЕ

собствено ......... бащино ......... фамилно ......... второ фамилно ......... дата на раждане

МЕСТОЖИТЕЛСТВО

окръг ......... община ......... населено място

МЕСТОЖИВЕЕНЕ

окръг ......... община ......... населено място ......... ул. ......... вх. № ......... ет. № ......... ап. № ......... телефон

МЕСТОРАБОТА

ж. в. ......... предприятие, учреждение, организация ......... район ......... секция

окръг ......... община ......... населено място ......... град ......... секция

предприятие, учреждение, организация ......... длъжност ......... кк

СЕМЕЙНО ПОЛОЖЕНИЕ ......... ДАННИ ЗА СЪПРУГА(ГА) ПРЕДИ БРАКА: ......... ХАРАКТЕРНИ БЕЛЕЗИ: ......... ръст ......... години ......... очи

| | Месторождение | | Месторождение | Единен гражд. номер |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

19—30
30167001

гражданин:

Подпис на ......... Дата: ......... Общински народен съвет гр. (с.) ......... (подпис и печат)

ПБ–280–70/100/20–2 500 000–85

ПРОКУРАТУРА НА
РЕПУБЛИКА БЪЛГАРИЯ
удостоверява истинността на
положения подпис и печат върху
настоящия документ на основание
чл. 4 от ПАЗПДДК
София ......... 2007 г.
Прок. .........

EXT-SIMEONOV-00138

СЛУЖЕБЕН

АДРЕСИ

серия №

ЛИЧЕН ПАСПОРТ

ЕЗДА ПО GRATIS

"Consular Relations"
REPUBLIC OF BULGARIA

## PERSONAL DETAILS:

**Name:** TSVETOMIR

**Middle name:** SIMEONOV

**Family name:** SIMEONOV

**Civil ID:** ▮▮▮▮▮▮▮▮

**Physical appearance:**

**Height:** tall

**Eyes:** blue

**Nose:** straight

### MOTHER:

**Name:** HRISTINKA

**Middle name:** YORDANOVA

**Family name:** SIMEONOVA

**Civil ID:** ▮▮▮▮▮▮▮

### FATHER:

**Name:** SIMEON

**Middle name:** PANAYOTOV

**Family name:** SIMEONOV

**Civil ID:** ▮▮▮▮▮▮▮

Dead

Prepared by:
/Signature illegible/
ST.STOINOV

Round stamp - THE DISTRICT POLICE DIRECTORATE STARA ZAGORA
Apostille
THE PROSECUTOR'S OFFICE OF THE REPUBLIC OF BULGARIA
certifies the truthfulness of the signature and the seal
affixed on present document pursuant to Article 4 of the Rules on legalization,
certification and translation of documents and other papers
Sofia, 12.09.2007
Signed: signature is illegible

The undersigned verifies the truthfulness of the translation accomplished by me.
The translation consists of 1 / one / page.
Translator: Nevena Georgieva Martinska Civil ID ▮▮▮▮

OR SHID 24 HEREBY OFFICIALY
CERTIFIES THAT THE ABOVE
TRANSLATION IS IN FULL CONFORM

40

EXT-SIMEONOV-00140

Име: **ЦВЕТОМИР (TSVETOMIR)**

Презиме: **СИМЕОНОВ (SIMEONOV)**

Фамилия: **СИМЕОНОВ (SIMEONOV)**

Описание на лицето:

Ръст: **висок**

Очи: **сини**

Нос: **правилен**

████████████

## МАЙКА

Име: **ХРИСТИНКА (HRISTINKA)**

Презиме: **ЙОРДАНОВА (YORDANOVA)**

Фамилия: **СИМЕОНОВА (SIMEONOVA)**

████████████

## БАЩА

Име: **СИМЕОН (SIMEON)**

Презиме: **ПАНАЙОТОВ (PANAYOTOV)**

Фамилия: **СИМЕОНОВ (SIMEONOV)**

████████████

починал

ИЗГОТВИЛ:

(Ст. Стойнов)

ПРОКУРАТУРА НА
РЕПУБЛИКА БЪЛГАРИЯ
удостоверява истинността на
положените подписи и печати върху
настоящия документ на основание
чл. ...........................
София. ............................
Подпис ............................



**COLOR PHOTOGRAPH**

OV SIMEONOV

Имена: **ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ**

Имена на латиница: **TSVETOMIR SIMEONOV SIMEONOV**

The undersigned verifies the truthfulness of the translation, accomplished by me.
The translation consists of 1 / one / page.
Translator: Nevena Georgieva Martinska Civil ID ███████

ORCHID-94
CERTIFIES THAT THE ABOVE
TRANSLATION IS IN FULL CONFORMITY
WITH THE (ATTACHED) ORIGINAL
PASSAGE(S) MARKED IN THE
(ATTACHED) ORIGINAL
SOFIA ...........
DIRECTOR

## IDENTITY DOCUMENTS – CURRENT DATA:

**Name:** Tsvetomir Simeonov Simeonov
**Civil ID:** ▮▮▮▮▮▮
**Gender:** Male
**Citizenship:** Bulgaria

**Place of birth:** current data from 04.11.1998- the town of Kazanlak, Stara Zagora District

**Permanent address:** current data from 22.06.2000- Kazanlak, 42, "Raiko Daskalov" str.
**Permanent address:** current data from 21.06.2000- Kazanlak, 42, "Raiko Daskalov" str.

**Residence:** current data from 04.11.1998- the town of Kazanlak

**Present address:** current data from 10.05.2000- Kazanlak, 42, "Raiko Daskalov" str.
**Present address:** current data from 01.01.1980- Kazanlak Region, Stara Zagora District,
the village of Kran, 14, "Kiril i Metodii" str.

**Personal data:** data from 04.11.1998
**Marital status:** married
**Education:** without any education

**Documents:**
**Passport:** International passport - ▮▮▮▮▮▮ issued by the District Police Directorate –
Stara Zagora on 16.10.1996, valid until 16.10.2001, destroyed
**Identity card:** Ж No ▮▮▮ destroyed
**Identity card:** ▮▮▮▮▮, issued by the District Police Directorate – Stara Zagora on
22.06.2000, valid until 22.06.2010, valid
**Passport:** ▮▮▮▮, issued by the District Police Directorate – Stara Zagora on 11.07.2000,
valid until 11.07.2010, valid /expiry date/
**Driving license:** ▮▮▮▮▮ issued by the District Police Directorate – Stara Zagora on
23.02.2001, valid until 23.02.2011, valid

**Data about Identity Card:**
**Received by:** Tsvetomir Simeonov Simeonov, Civil ID: ▮▮▮▮▮▮
**On:** 30.06.2000
**Civil ID in the Identity card:** ▮▮▮▮▮▮
**Name in the Identity card:** Tsvetomir Simeonov Simeonov
**No** ▮▮▮▮
**Issued by:** the District Police Directorate – Stara Zagora
**On date:** 22.06.2000

**On date:** 22.06.2000
**Valid until:** 22.06.2010
**Height:** 182
**Eyes:** blue
**Registration form:** No 51475
**Date:** 12.05.2000
**By:** Regional Police Station - Kazanlak
**Status of the document:** valid from 22.06.2000
**Service, which declared the status of the document:** the District Police Directorate – Stara Zagora

**Address of the person by document:**
**District:** Stara Zagora
**Region:** Kazanlak
**Settlement:** the town of Kazanlak
**Street No:** 42, "Raiko Daskalov" str.

Apostille

THE PROSECUTOR'S OFFICE OF THE REPUBLIC OF BULGARIA
certifies the truthfulness of the signature and the seal
affixed on present document pursuant to Article 4 of the Rules on legalization,
certification and translation of documents and other papers
Sofia, 12.09.2007
Signed: signature is illegible

Round stamp - THE DISTRICT POLICE DIRECTORATE STARA ZAGORA

The undersigned verifies the truthfulness of the translation accomplished by me.
The translation consists of 2 / two / pages.
Translator: Nevena Georgieva Martinska Civil ID 6

EXT-SIMEONOV-00144

43

Имена: ▓▓▓▓▓▓  Пол: М  Гражданство: България   Друго гражданство:

Месторождение: Актуални данни   От дата: 04.11.1998  Държава (в чужбина):
Населено място: ГР.КАЗАНЛЪК   Община: КАЗАНЛЪК   Област: СТАРА ЗАГОРА

Постоянен адрес на лицето:   Актуални данни   От дата: 22.06.2000
  Община: КАЗАНЛЪК   Област: СТАРА ЗАГОРА   Населено място: ГР.КАЗАНЛЪК
  Улица: УЛ.РАЙКО ДАСКАЛОВ   Номер: 62  Вход:  Етаж:  Ап.:
   От дата: 21.06.2000

Постоянен адрес на лицето:   Област: СТАРА ЗАГОРА   Населено място: ГР.КАЗАНЛЪК
  Община: КАЗАНЛЪК   Номер: 62  Вход:  Етаж:  Ап.:
  Улица: УЛ.РАЙКО ДАСКАЛОВ   От дата: 04.11.1998

Местожителство: Актуални данни   Държава:
  Населено място: ГР.КАЗАНЛЪК   От дата: 10.05.2000
Настоящ адрес на лицето:   Актуални данни   Населено място: ГР.КАЗАНЛЪК
  Община: КАЗАНЛЪК   Област: СТАРА ЗАГОРА   Номер: 62  Вход:  Етаж:  Ап.:
  Улица: УЛ.РАЙКО ДАСКАЛОВ   От дата: 01.01.1980
Настоящ адрес на лицето:   Област: СТАРА ЗАГОРА   Населено място: С.КРЪН
  Община: КАЗАНЛЪК   Номер: 16  Вход:  Етаж:  Ап.:
  Улица: УЛ.КИРИЛ И МЕТОДИ

Данни на лицето:   Въведени на дата: 04.11.1998   Актуални данни
  Сем.положение: ЖЕНЕН/ОМЪЖЕНА   Образование: БЕЗ ОБРАЗОВАНИЕ
  Номер акт за раждане:   Дата акт за раждане:
  Нас. място на акт за ражд.:   Специалност:
  Научна степен и звание:   Професия:
  Дата на смърт:   Псевдоним:
  Телефон за връзка:

| Вид документ | Серия | Номер | Поделение издало | Дата изд. | Дата вал. | Статус |
|---|---|---|---|---|---|---|
| ОБИКНОВЕН(ЧАСТЕН) ЗАД ГР.ПАС | К | 4918653 | РДВР СТАРА ЗАГОРА | 16.10.1996 | 16.10.2001 | УНИЩОЖЕН |
| ГРАЖДАНСКИ ПАСПОРТ'98 | Ж | 1390850 | | | | УНИЩОЖЕН |
| ЛИЧНА КАРТА | | 171754155 | РДВР СТАРА ЗАГОРА | 22.06.2000 | 22.06.2010 | ВАЛИДЕН |
| ПАСПОРТ | | 308125688 | РДВР СТАРА ЗАГОРА | 11.07.2000 | 11.07.2005 | ВАЛИДЕН |
| СВИДЕТЕЛСТВО ЗА УПРАВЛЕНИЕ | | 257656426 | РДВР СТАРА ЗАГОРА | 23.02.2001 | 23.02.2011 Изтекъл срок | ВАЛИДЕН |

Данни за документ:   ЛИЧНА КАРТА
  Получен от: ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ
  На дата: 30.06.2000
  ЕГН и Имена по документ: 7205087764  ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ
  Имена на латиница:  TSVETOMIR SIMEONOV SIMEONOV
  Серия  Номер: 171754155   Издаден от служба: РДВР СТАРА ЗАГОРА
  Издаден на дата: 22.06.2000   Валиден до: 22.06.2000
  Ръст на лицето в см.: 182   Цвят на очи: СИНИ   Особени белези:
  Със заявление No: 51475   Рег. дата: 12.05.2000   От поделение: РПУ КАЗАНЛЪК
  Статус на документа:   ВАЛИДЕН   Дата на обявяване на статуса: 22.06.2000
  Служба обявила статуса: РДВР СТАРА ЗАГОРА   Причина:

Адрес на лицето по документ:
  Област: СТАРА ЗАГОРА
  Населено място: ГР.КАЗАНЛЪК   Община: КАЗАНЛЪК
  Улица: УЛ.РАЙКО ДАСКАЛОВ
  Номер: 62  Вход:  Етаж на е.:  Ап.:

/н-р Минчев/

ПРОКУРАТУРА НА РЕПУБЛИКА БЪЛГАРИЯ
удостоверява истинността на положения подпис и печ...
настоящия документ на ...
на 4 от ПЛЗПДДк
София, ... 2007

EXT-SIMEONOV-00145

DISTRICT
POLICE DIRECTORATE
STARA ZAGORA

Ref No 2242 / 27.01.2006

TO THE DISTRICT
PROSECUTOR' S OFFICE OF CASSATION
STARA ZAGORA

In connection the residence of the convicted TSVETOMIR SIMEONOV SIMEONOV, Civil ID 7205087744 , there is no information where exactly he is at the moment, we would like to notify that:
It is instituted national inquiry of the convicted person on the territory of the Republic of Bulgaria – telegram No 441 / 25.03.2003 of DNSP.

Prepared:
St. Stoinov
18.01.2006

TEMPORARY ACTING
DIRECTOR
OF THE REGIONAL SECTOR'POLICE'
AT THE REGIONAL
POLICE DIRECTORATE
STARA ZAGORA
Colonel
(Sv. Markov)
/signature

Round stamp - THE DISTRICT POLICE DIRECTORATE STARA ZAGORA
Apostille

THE PROSECUTOR'S OFFICE OF THE REPUBLIC OF BULGARIA
certifies the truthfulness of the signature and the seal
affixed on present document pursuant to Article 4 of the Rules on legalization,
certification and translation of documents and other papers
Sofia, 12.09.2007
Signed: signature is illegible

The undersigned verifies the truthfulness of the translation, accomplished by me.
The translation consists of 1 / one / page.
Translator: Nevena Georgieva Martinska Civil ID 6107206277

44



РЕГИОНАЛНА ДИРЕКЦИЯ
НА ВЪТРЕШНИТЕ РАБОТИ
СТАРА ЗАГОРА

Рег.№ ............................2006 год.

ДО
ОКРЪЖНА ПРОКУРАТУРА
ГР. СТАРА ЗАГОРА

        Уведомяваме Ви, че до момента не е установено местопребиваването в страната на българският гражданин **ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ,** ▮▮▮▮▮▮▮▮ Същият е обявен за общодържавно издирване с **телеграма № 4411/25.03.2003 година на ДНСП.**

Изп.: Ст.Стойнов
Нап.: Ст.Стойнов
27.01.2006 година
гр. Стара Загора

ВрИД НАЧАЛНИК НА
РЗ "ПОЛИЦИЯ"
ПРИ РДВР-СТАРА ЗАГОРА
Полковник:

                    (Св. Марков)

ПРОКУРАТУРА НА
РЕПУБЛИКА БЪЛГАРИЯ
удс..........................та на
полс...........................вху
настоя.....................ние

София, .....11.05...........г.

Подпис .....................

**EXTRACTS**
**OF TEXTS OF THE CRIMINAL CODE OF THE REPUBLIC OF BULGARIA**

Article 337
(Amended, SG. No. 41/1985)

(1) (Previous Article 337, amended, SG No. 50/1995, amended and supplemented, SG No. 92/2002) A person who manufactures, processes, repairs, develops, stores, trades in, transports, imports or exports explosives, firearms, chemical, biological or nuclear weapons or ammunition, without having the right to do so by law, or without licence from the respective government body, or does so not in compliance with the licence given to him, shall be punished by deprivation of liberty for one to six years.

(2) (New, SG No. 50/1995) The punishment shall be deprivation of liberty from two to eight years where the act has been committed:

1. by an official who has availed himself of his official position;

2. for a second time, in cases other than minor.

(3) (New, SG No. 50/1995) Where the object of the crime has been of large amount, the punishment shall be deprivation of liberty from three to ten years.

(4) (New, SG No. 50/1995) Where the object of the crime has been of particularly large amount and the case has been particularly grave, the punishment shall be deprivation of liberty for five to fifteen years.

(5) (New, SG No. 26/2004) Preparations toward crimes under paras 1 through 4 shall be punishable by deprivation of liberty of up to two years.

Article 338

(1) (Amended, SG No. 10/1993) A person who, while keeping, transporting, sending or working with explosives, firearms or ammunition, fails to take the necessary safety measures and in particular the measures provided by the respective rules and regulations, orders or instructions, shall be punished by deprivation of liberty for up to two years or by a fine from BGN one hundred to three hundred.

(2) (New, SG No.75/2006) Anyone providing explosives, firearms or ammunitions to a person below the age of 18 shall be punished by deprivation of liberty of up to five years and a fine of up to BGN 5,000.

(3) (Renumbered from Paragraph 2, amended, SG No. 75/2006) If the acts under paras 1 and 2 have caused medium or severe bodily injury or death, or significant damages to property to one or more persons, the punishment shall be deprivation of liberty for two to eight years, and in particularly grave cases, the punishment shall be deprivation of liberty for five to fifteen years.

Article 339

(1) (Amended, SG No. 28/1982, SG No. 41/1985, SG 50/1995, supplemented, SG No. 92/2002) A person who by any means whatsoever acquires, holds or gives to another explosives, firearms, chemical, biological or nuclear weapons or ammunition, without due permit therefor, shall be punished by deprivation of liberty for up to six years.

(2) (Amended, SG No. 41/1985, supplemented, SG No. 92/2002) Where the explosives, firearms, chemical, biological or nuclear weapons or ammunition referred have been in large quantities, the punishment shall be deprivation of liberty from three to eight years.

(3) (Amended, SG No. 28/1982, SG No. 41/1985, SG No. 50/1995, supplemented, SG No. 92/2002) A person who appropriates or gives explosives or firearms, chemical, biological or nuclear weapons to a person who has no permit for their acquisition, shall be punished by

Чл. 337. (Изм. - ДВ, бр. 41 от 1985 г., изм. - ДВ, бр. 50 от 1995 г.) (1) (Изм. и доп. - ДВ, от 2002 г.) Който произвежда, преработва, поправя, разработва, съхранява, търгува, я, внася или изнася взривове, огнестрелни, химически, биологични или ядрени оръжия или рипаси, без да има право за това по закон или разрешение от надлежния орган на властта, и извърши това не съгласно с даденото му разрешение, се наказва с лишаване от свобода от дна до шест години.

(2) (Нова - ДВ, бр. 50 от 1995 г.) Наказанието е лишаване от свобода от две до осем години, ако деянието е извършено:

1. от длъжностно лице, което се е възползвало от служебното си положение;

2. повторно, в немаловажни случаи.

(3) (Нова - ДВ, бр. 50 от 1995 г.) Когато предметът на престъплението е в големи размери, наказанието е лишаване от свобода от три до десет години.

(4) (Нова - ДВ, бр. 50 от 1995 г.) Когато предметът на престъплението е в особено големи размери и случаят е особено тежък, наказанието е лишаване от свобода от пет до петнадесет години.

5) (Нова - ДВ, бр. 26 от 2004 г.) За приготовление към престъпление по ал. 1 - 4 наказанието е лишаване от свобода до две години.

Чл. 338. (1) (Изм. - ДВ, бр. 10 от 1993 г., изм. - ДВ, бр. 92 от 2002 г.) Който като държи, пренася, изпраща или работи с взривове, огнестрелни оръжия или боеприпаси, не взема необходимите мерки за сигурност и особено мерките, предвидени в надлежните правилници, наредби или инструкции, се наказва с лишаване от свобода до две години или с глоба от сто до триста лева.

(2) (Нова - ДВ, бр. 75 от 2006 г., в сила от 13.10.2006 г.) Който предостави взривове, огнестрелни оръжия или боеприпаси на лице, ненавършило 18 години, се наказва с лишаване от свобода до пет години и с глоба до пет хиляди лева.

(3) (Предишна ал. 2, изм. - ДВ, бр. 75 от 2006 г., в сила от 13.10.2006 г.) Ако от деянията по ал. 1 и 2 са последвали причиняване на едно или повече лица на средна или тежка телесна повреда, или смърт, или значителна повреда на имот, наказанието е лишаване от свобода от две до осем години, а в особено тежки случаи наказанието е лишаване от свобода от пет до петнадесет години.

Чл. 339. (Изм. - ДВ, бр. 28 от 1982 г., в сила от 01.07.1982 г., изм. - ДВ, бр. 41 от 1985 г.) (1) (Изм. - ДВ, бр. 50 от 1995 г., доп. - ДВ, бр. 92 от 2002 г.) Който придобие по какъвто и да е начин, държи или предаде другиму взривове, огнестрелни, химически, биологични или ядрени оръжия или боеприпаси, без да има за това надлежно разрешение, се наказва с лишаване от свобода до шест години.

(2) (Изм. - ДВ, бр. 41 от 1985 г., доп. - ДВ, бр. 92 от 2002 г.) Ако се касае до взривове, огнестрелни, химически, биологични или ядрени оръжия или боеприпаси в голямо количество, наказанието е лишаване от свобода от три до осем години.

(3) (Изм. - ДВ, бр. 28 от 1982 г., в сила от 01.07.1982 г., изм. - ДВ, бр. 41 от 1985 г., изм. - ДВ, бр. 50 от 1995 г., доп. - ДВ, бр. 92 от 2002 г.) Който отчужди или предаде взривове или огнестрелно, химическо, биологично или ядрено оръжие на лице, което няма разрешение за придобиването им, се наказва с лишаване от свобода до шест години.

4) Наказанието по предходната алинея се налага и на онзи, който отчужди или предаде другиму боеприпаси, без последният да има позволително за носене на съответно оръжие.

(5) (Нова - ДВ, бр. 62 от 1997 г., доп. - ДВ, бр. 92 от 2002 г.) Наказанието по ал. 1 се налага и на лице, което без съответно разрешение прибере намерени взрив, огнестрелно, химическо, биологично или ядрено оръжие или боеприпаси.



EXT-SIMEONOV-00149

...rivation of liberty for up to six years.

(4) The punishment under the preceding paragraph shall also be imposed on persons who sell or give to other ammunition, where the latter do not have permit to carry the respective weapon.

(5) (New, SG No. 62/1997; supplemented, SG No. 92/2002) The punishment under paragraph (1) shall also be imposed on a person who retains without permission explosives, firearms, chemical, biological or nuclear weapons or ammunition that he may have found.

The undersigned verifies the truthfulness of the translation, accomplished by me.
The translation consists of 2 / two / pages.
Translator: Nevena Georgieva Martinska Civil ID ▮▮▮▮▮▮▮

CERTIFIED THAT THE ABOVE
TRANSLATION IS IN FULL CONFORMIT
WITH THE (ATTACHED) ORIGINAL
PASSAGE(S) MARKED IN THE
(ATTACHED) ORIGINAL
SOFIA _____
DIRECTOR

99-Н-Е-15/07 от 19.02.2009

ДО
ДЕПАРТАМЕНТА ПО
ПРАВОСЪДИЕ НА
СЪЕДИНЕНИТЕ ЩАТИ

Министерството на правосъдието на Република България поднася своите почитания на Департамента по правосъдие на Съединените американски щати и на основание чл.1, чл.2 т.18 и чл. 11 от Договора за предаване между България и Съединените щати на Америка от 1924г., както и на основание чл. 16 от Конвенцията на ООН срещу транснационалната организирана престъпност, молим българския гражданин **ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ**, роден на ▅▅▅▅▅▅▅ да бъде екстрадиран в Република България за изтърпяване на наказание 7 години и 6 месеца лишаване от свобода, наложено с присъда номер 95 „з" от 19.11.2004г. по НОХД 317/2002 на Районен съд – Казанлък, както и за изтърпяване на наказание 1 година и 6 месеца лишаване от свобода, наложено с определение от 02.03.2005 г. по наказателно дело 14 от 2005 на Районен съд - Казанлък

**1. С** присъда номер 95 „з" от 19.11.2004г. по НОХД 317/2002 на Районен съд – Казанлък, влязла в сила на 22.02.2004, лицето е признато за виновно и осъдено за извършването на следните престъпления:

* престъпление по чл.337 ал.1 във вр.чл.20 ад,2 от НК за това, че на 20.12.2001 г. в гр. Казанлък, в съучастие с Румен Николов Йоргов е преработвал и преправял огнестрелно оръжие - газови пистолети марка „Байкал" калибър 9Х18 с номера 2791, 2883, 2553, 2689 в бойни пистолети без да има това право по закон и разрешение от надлежен орган на властта, за което му е наложено наказание *5 години „лишаване от свобода"* ;

* престъпление по чл.339 ал.1 във вр.чл.20 ал,2 от НК за това, че на 20.12.2001 г. в гр.Казанлък, в съучастие с Румен Николов Йоргов, като извършител е придобил по какъвто и да е начин, и държал огнестрелни оръжия - газови пистолети марка Байкал" калибър 9 Х 18мм с номера 2791, 2873, 2553, 2689, преработени в бойни пистолети, както и боеприпаси - 5 броя патрони за АК, 4 броя патрони калибър 9 Х 18 мм и 1 брой патрон калибър 6,35 мм. без да има за това надлежно разрешение, за което му е наложено наказание *5 години „лишаване от свобода"*.

На основание чл.24 от НК съдът е увеличил така определеното наказание с 1/2, с което общия размер на наказанието за горепосочените две престъпления е 7 голини н 6 месеца лишаване от свобода.

Съгласно чл.82 ал.4 във вр. ал.1 т.3 от Наказателния кодекс на Република България давностния срок за изпълнение на наказанието,

EXT-SIMEONOV-00151

наложено на осъдения Цветомир Симеонов Симеонов с горепосочената присъда изтича на 22.12.2019 голина.

2. Със споразумение от 07.02.2000г. по НОХД № 630/98г. на Районен Съд-гр.Казанлък г-н Цветомир Симеонов Симеонов е признат за виновен в това, че на 25.05.1998г. в гр. Казанлък, след предварителен сговор с Николай Стефчов Неделчев и Даниел Петков Колев, виновно и използвайки моторно превозно средство - лек автомобил „БМВ" с ДК№ 5221 СТ са отнели чужди движими вещи на обща стойност 7557,10/ссдем хиляди седемстотин петдесет и седем лева и десет стотинки/ - представляващо големи размери от владението на собственика им „М+С Хидравлик", гр. Казанлък, без негово съгласие с намерение противозаконно да ги присвоят - престъпление по чл.195 ал.2 във вр. с ал1 т.4 и т.5 от НК на Република България, като в хода на процеса причинените щети са напълно възстановени на собственика и затова г-н Симеонов е осъден за престъпление по чл.197 т.4 във вр. с чл.195 ал.2 във вр. с ал.1 т.4 и т.5 от НК на Република България на една година и шест месеца лишаване от свобода като на основание чл.66 ал.1 от НК изпълнението е отложено за срок от 4 години.

След влизане на присъда по НОХД 317/2002 г. на Районен съд-Казанлък в сила от 22.12.2004г., с протоколно определение от 02.03.2005 г. по НД №14/2005. на Районен съд – Казанлък, на основание чл. 68 ал.1 от НК съдът е постановил Цветомир Симеонов Симеонов да изтърпи отделно, при първоначален общ режим на изтърпяване наказанието в размер на 1 година и 6 месеца лишаване от свобода, наложено му от Районен съд-Казанлък със споразумение от 07.02.2000г. Определението на РС-Казанлък от 02.03.2005г. по НД 14/2005г. е влязло в сила на 17.03.2005г.

Съгласно чл.82 ал.4 във вр. ал.1 т.4 от НК давността за изтърпяване на наказанието по определението на Районен съд-Казанлък изтича на 17.09.2012 г.

Двата акта на Районен съд Казанлък, по които се иска обявяването на лицето за международно издирване с цел арест и следваща екстрадиция, са постановени в присъствие на защитник, но в отсъствие на осъдения Цветомир Симеонов Симеонов при условията на чл.268 ал.3 т.3 от Наказателно-процесуалния кодекс на Република България, тъй като същия е напуснал пределите на страната. Разпоредбата на чл.422 ал. 1 т.6 във вр. с чл.423 ал.5 от Наказателно-процесуалния кодекс на Република България дава право на задочно осъдено лице, предадено от друга държава на Република България, да направи искане до съда за възобновяване на делото и съдът го възобновява, независимо от това дали лицето е знаело или не за наказателното преследване срещу него.

Определението от 02.02.2005 г. на Районен съд-Казанлък по НД№14/2005г,, за изпълнение на наказанието, спрямо осъдения г-н Цветомир Симеонов Симеонов, представлява валидна заповед за задържане/арест/, по смисъла на чл. 11 от Договора за предаване между България и Съединените Щати на Америка от 1924г. Съобразно

действащото законодателство на Република България при пристигането на екстрадираното лице, същото ще бъде приведено незабавно в затвора-гр. Стара Загора за изпълнение на присъдите, като ще му бъде разяснена и разпоредбата на чл.422 ал.1 т.6 от Наказателно-процесуалния кодекс на Република България.

По отношение на присъда № 95 „з" от 19, 11.2004 г. по НОХД№317/2002 г. на Районен съд-гр. Казанлък, постановена за престъпления по чл. чл.337 ал.1 във вр. чл.20 ал.2 от НК-преработване и преправяне на огнестрелно оръжие без надлежно разрешение за това и по чл.339 ал.1 във вр. чл.20 ал. 2 от НК - придобиване и държане на огнестрелно оръжие, без надлежно разрешение за това, не е в сила Договора за предаване между България и Съединените Щати на Америка от 1924г., защото тези престъпления не са посочени в чл. 2 от същия, както и в чл.1 от допълнителния Договор от 1935г. За тези престъпления и постановената присъда следва да се приложи Конвенцията на Обединените Нации срещу Транснационалната Организирана Престъпност и Протокола срещу незаконно производство и трафик с огнестрелни оръжия, техни части и компоненти и боеприпаси към тази Конвенцията, страни по които са Република България и САЩ. В раздел Екстрадиция на същата чл. 16 т.4 визира, че по своята същност Конвенцията е правно основание за извършване на екстрадицията за всички престъпления, влизащи в обсега на чл.3 от Конвенцията.

Осъденият г-н Цветомир Симеонов е обявен за международно издирване, чрез Интерпол с цел екстрадиция за Република България, поради укриването му от съдебните власти, напускайки Република България. По данни на ДМОПС-Интерпол София, посоченото лице е установено на територията на САЩ.

Молим да бъдем уведомени за решението на компетентните органи на САЩ по отправеното искане.

Предлагаме предаването да се извърши чрез каналите на "Интерпол" с оглед на по-голяма експедитивност.

Към настоящето прилагаме молба на главния прокурор на Република България и релевантните документи.

Министерството на правосъдието на Република България използва случая да поднови пред Департамента по правосъдие на Съединените Щати своите уверения в най-високата си към него почит.

**ЗА МИНИСТЪР:**

зам.-министър

Заповед за заместване

№ 16-04-150 / 20-02-2009

От 20.02.09г. до 23.02.09г.

**САБРИЕ САПУНДЖИЕВА**

Съгласувал: Митка Захарлиева, началник на кабинета на министъра
Борислав Петков, директор дирекция „МПСЕВ"
Изготвил: Милена Стоева, мл. експерт отдел „МСППНД"
Борислав Нотев, мл. експерт отдел „МСППНД"
19.02.2009 г.

EXT-SIMEONOV-00153

**EXTRACTS**
**OF TEXTS OF THE CRIMINAL PROCEDURE CODE**
**OF THE REPUBLIC OF BULGARIA**

Chapter thirty-three
RE-OPENING OF CRIMINAL CASES
Acts subject to verification
Article 419

(1) The effective sentences and judgements shall be Subject to verification pursuant to this Chapter. The rulings under Article 243, paragraph (5), items 1 and 2, Article 382, paragraph (7), as well as the rulings and orders under Article 341, para 1 shall also be Subject to verification pursuant to this Chapter.

(2) Rulings of the court under Article 369, para 5 shall be subject to verification in pursuance of this Chapter on grounds of Article 422, para 1, items 1 - 3, as well as in presence of considerable violations of the procedural rules.

Bodies who may make requests for reopening
Article 420

(1) A request for reopening a criminal case under Article 422, para 1, items 1 - 3 could be made by the District or the Military Prosecutor, and under Article 422, para 1, items 4 - 6 - the Prosecutor-General.

(2) Any individual sentenced for a publicly actionable criminal offence who has not been exempted from criminal liability with the imposition of an administrative punishment on grounds of Article 78a Criminal Code may alone extend a request for reopening the criminal case in the hypotheses of Article 422, para 1, item 5.

(3) The proposal for re-opening shall not suspend the execution of the sentence, unless the prosecutor or the Supreme Court of Cassation has ruled otherwise.

(4) In cases under Article 422, para 1, item 4, where the judgement of the European Court of Human Rights is in the interest of the sentenced individual, as well as in cases under Article 422, para 1, item 6, suspension of execution shall be mandatory.

Time limit for making a proposal
Article 421

(1) A proposal for re-opening of a criminal case which has ended with sentence of acquittal or with ruling or order for termination, as well as a proposal whereby it is requested to increase the punishment or to apply a law for a more heavily punishable crime, may be made not later than six months after the respective act has entered into force pursuant to Article 422, paragraph (1), item 5 and paragraph (2), or from the discovery of new circumstances.

(2) The Prosecutor-General shall be obligated to make a request under Article 422, para 1, item 4 within one month of gaining knowledge of the judgement, and under Article 422, para 1, item 6 - within one month of gaining knowledge of the admitted extradition.

(3) The sentenced person may file a new request under Article 422, para 1, item 5 within six months of the entry into force of the respective act.

(4) The criminal case may also be re-opened after the death of the convict.
Grounds for re-opening
Article 422

(1) A criminal case shall be re-opened where:

1. some of the pieces of evidence that serve as basis for the sentence, judgement, court ruling or order, prove to be false;

2. a judge, court assessor, prosecutor, investigative body or police investigative body has

EXT-SIMEONOV-00154

committed a crime in relation to his involvement in the criminal proceedings;

3. circumstances or proofs are revealed through investigation, which had not been known to the court that issued the sentence, judgement, ruling or order, and which are of substantial importance to the case.

4. by virtue of a judgement of the European Court of Human Rights a violation of the European Convention for the Protection of Human Rights and Fundamental Freedoms has been established that has a considerable importance for the case;

5. substantial violations have been committed under Article 348, paragraph 1, items 1-3 in relation to sentences, judgements, court rulings and orders which have not been examined in the course of cassation proceedings.

6. Extradition has been allowed in the case of sentencing in absentia where a guarantee has been provided by the Bulgarian state for reopening the criminal case in respect of the offence, in respect to which extradition has been allowed.

(2) The circumstances under paragraph 1, items 1 and 2 shall be established by sentence that has entered into force, and where no sentence may be issued - through investigation.

Re-opening of a criminal case upon request of an individual

sentenced by default

Article 423

(1) Within six months from the date when the convict by default has come to knowledge of a sentence that has entered into force, he may file a request for re-opening the criminal case, if the criminal prosecution had not been known to him, including the sentence issued against him.

(2) The request shall not stay the execution of the sentence, unless the court rules otherwise.

(3) Proceedings for re-opening of the criminal case shall be terminated, if the convict by default has failed to appear at the court hearing without valid reasons.

(4) Where the convict by default was detained in execution of the sentence that has entered into force and the court has re-opened criminal proceedings, in its judgement it shall also rule on the remand measure.

(5) Where a request has been made by a convict sentenced in absentia, surrendered by another state to the Republic of Bulgaria, where guarantees have been given for reopening the case without assessing whether the individual had been aware of the criminal prosecution against him/her.

Court which shall examine the request

Article 424

(1) The request for re-opening the case shall be examined by the Supreme Court of Cassation.

(2) The request shall be filed through the respective first-instance court which shall immediately send a copy thereof to the prosecutor, the accused party or the acquitted individual, and the case - to the Supreme Court of Cassation.

(3) The case shall be heard at an open hearing.

The undersigned verifies the truthfulness of the translation, accomplished by me.
The translation consists of 2 / two / pages.
Translator: Nevena Georgieva Martinska Civil ID 6107206277

SIGNED, I HEREBY PERSONALLY
CERTIFIES THAT THIS VERY
TRANSLATION IS IN FULL CONFORMITY
WITH THE (ATTACHED) ORIGINAL
PASSAGE(S) MARKED IN THE
(ATTACHED) ORIGINAL
SOFIA

DIRECTOR

## Глава тридесет и трета.
## ВЪЗОБНОВЯВАНЕ НА НАКАЗАТЕЛНИ ДЕЛА

Актове, които подлежат на проверка

Чл. 419. (1) На проверка по реда на тази глава подлежат влезлите в сила присъди и решения. На проверка по реда на тази глава подлежат и определенията по чл. 243, ал. 5, т. 1 и 2, чл. 382, ал. 7, както и определенията и разпорежданията по чл. 341, ал. 1.

(2) Определенията на съда по чл. 369, ал. 5 подлежат на проверка по реда на тази глава на основание чл. 422, ал. 1, т. 1 - 3, както и при допуснати съществени нарушения на процесуалните правила.

Лица, които могат да направят искане за възобновяване

Чл. 420. (1) Искане за възобновяване на наказателно дело по чл. 422, ал. 1, т. 1 - 3 може да направи окръжният, съответно военният прокурор, а по чл. 422, ал. 1, т. 4 - 6 - главният прокурор.

(2) Осъденият за престъпление от общ характер, който не е бил освободен от наказателна отговорност с налагане на административно наказание на основание чл. 78а от Наказателния кодекс, може сам да направи искане за възобновяване на наказателното дело в случаите на чл. 422, ал. 1, т. 5.

(3) Искането за възобновяване не спира изпълнението на присъдата, освен ако прокурорът или Върховният касационен съд постанови друго.

(4) В случаите на чл. 422, ал. 1, т. 4, когато решението на Европейския съд по правата на човека е в интерес на осъдения, както и в случаите на чл. 422, ал. 1, т. 6, спирането на изпълнението е задължително.

Срок за искане

Чл. 421. (1) Искането за възобновяване на наказателно дело, завършило с оправдателна присъда или с определение или разпореждане за прекратяване, както и искане, с което се иска да се увеличи наказанието или да се приложи закон за по-тежко наказуемо престъпление, може да се направи не по-късно от шест месеца от влизането в сила на съответния акт по чл. 422, ал. 1, т. 5 и ал. 2 или от разкриването на новите обстоятелства.

(2) Главният прокурор е длъжен да направи искането по чл. 422, ал. 1, т. 4 в едномесечен срок от узнаването на решението, а по чл. 422, ал. 1, т. 6 - в едноседмичен срок от узнаването за допусната екстрадиция.

(3) Осъденият може да направи искането по чл. 422, ал. 1, т. 5 в шестмесечен срок от влизане в сила на съответния акт.

(4) Наказателното дело може да бъде възобновено и след смъртта на осъдения.

Основание за възобновяване

Чл. 422. (1) Наказателното дело се възобновява, когато:

1. някои от доказателствата, върху които се основава присъдата, решението, определението или разпореждането, се окажат неистински;

2. съдия, съдебен заседател, прокурор, следовател или дознател е извършил престъпление във връзка с участието си в наказателното производство;

3. чрез разследване се разкрият обстоятелства или доказателства, които не са били известни на съда, постановил присъдата, решението, определението или разпореждането, и имат съществено значение за делото;

4. с решение на Европейския съд по правата на човека е установено нарушение на

EXT-SIMEONOV-00156

Европейската конвенция за защита на правата на човека и основните свободи, което
ществено значение за делото;

5. по присъди, решения и определения, непроверени по касационен ред по жалба или
протест на страната, в чийто интерес се предлага отмяната, са допуснати съществени нарушения
по чл. 348, ал. 1, т. 1 - 3;

6. е допусната екстрадиция в случай на задочно осъждане при дадена гаранция от
българската държава за възобновяване на наказателното дело - за престъплението, за което
екстрадицията е допусната.

(2) Обстоятелствата по ал. 1, т. 1 и 2 се установяват с влязла в сила присъда, а когато
не може да се постанови присъда - чрез разследване.

Възобновяване на наказателното дело по искане на задочно осъдения

Чл. 423. (1) В шестмесечен срок от узнаване на влязлата в сила присъда задочно
осъденият може да направи искане за възобновяване на наказателното дело, ако не е знаел за
наказателното преследване срещу него, включително и за постановената осъдителна присъда.

(2) Искането не спира изпълнението на присъдата, освен ако съдът постанови друго.

(3) Производството за възобновяване на наказателното дело се прекратява, ако
задочно осъденият не се яви в съдебно заседание без уважителни причини.

(4) Когато задочно осъденият е задържан в изпълнение на влязлата в сила присъда и
съдът възобнови наказателното производство, с решението си той се произнася и по мярката за
неотклонение.

(5) Когато искането е направено от задочно осъден, предаден от друга държава на
Република България, при предоставени гаранции за възобновяване на делото, съдът го
възобновява, без да преценява дали лицето е знаело за наказателното преследване срещу него.

Съд, който разглежда искането

Чл. 424. (1) Искането за възобновяване на наказателното дело се разглежда от
Върховния касационен съд.

(2) Искането се подава чрез съответния първоинстанционен съд, който незабавно
изпраща препис от него на прокурора, осъдения или оправдания, а делото - на Върховния
касационен съд.

(3) Делото се разглежда в открито заседание.

**EXTRACTS**
**OF TEXTS OF THE CRIMINAL CODE OF THE REPUBLIC OF BULGARIA**

Chapter Nine
LAPSE OF PENAL PROSECUTION AND OF IMPOSED PUNISHMENT

Article 79

(1) Penal prosecution and the serving of punishment shall be excluded:

1. where the perpetrator has died;

2. where the term of statutory prescription has expired;

3. where an amnesty has followed.

(2) Not excluded by prescription shall be the penal prosecution and the serving of punishment with respect to crimes against peace and humanity.

Article 80

(1) Penal prosecution shall be excluded by prescription where it has not been instigated in the course of:

1. (Amended, SG No. 31/1990, SG No. 153/1998) twenty years in respect of acts punishable by life imprisonment without substitution or life imprisonment, and 35 years in respect of a murder of two or more persons;

2. fifteen years with respect to acts punishable by deprivation of liberty for more than ten years;

3. ten years with respect to acts punishable by deprivation of liberty for more than three years;

4. (Amended, SG No. 62/1997) five years in respect of acts punishable by deprivation of liberty for more than three years, and

5. two years in respect of all remaining cases.

(2) The prescription terms under the preceding paragraph for crimes committed by underage persons shall be determined after taking into consideration the substitution of punishments pursuant to Article 63.

(3) Prescription of prosecution shall commence as from the completion of the crime, in the case of attempt and preparation - as from the day of completion of the last action, and for continuous crimes as well as for crimes in progress - as from the moment of their termination.

Article 81

(1) Prescription shall be interrupted where the beginning or continuation of the penal prosecution depends upon the solution of some preliminary issues with judicial act that has entered into force.

(2) Prescription shall be interrupted by every act of the respective bodies undertaken for the purposes of prosecution, and only in respect of the person against whom the prosecution is directed. After completion of the act, whereby prescription was interrupted, a new prescription term shall commence.

(3) Notwithstanding the termination or interruption of prescription, penal proceedings shall be excluded provided a term has expired which exceeds by one half the term provided under the preceding Article.

Article 82

(1) The punishment imposed shall not be served where the following terms have elapsed:

1. (Amended, SG No. 153/1998) twenty years, if the punishment was life imprisonment without substitution or life imprisonment;

2. fifteen years, if the punishment was deprivation of liberty for more than ten years;

3. ten years, if the punishment was deprivation of liberty from three to ten years;

4. five years, if the punishment was deprivation of liberty for less than three years, and

5. two years for all remaining cases.

(2) Prescription for enforcing a punishment shall start commence as from the day the sentence has entered into force, and with regard to punishment with suspended enforcement pursuant to Article 66 - as from the entry into force of the sentence or the court ruling under Article 68.

(3) Prescription shall be interrupted by any act undertaken by the respective bodies with regard to the convict for enforcement of the sentence. After the termination of the act whereby the prescription has been interrupted, a new prescription shall commence.

(4) Irrespective of the interruption and termination of prescription, the punishment shall not be enforced where a term has elapsed which exceeds the term provided in paragraph (1) by one half.

(5) (New, SG No. 28/1982) The provision of the preceding paragraph shall not be applied with respect to a fine, where enforcement proceedings have been started for its collection.

Article 83

An amnesty shall cancel the criminal nature of a certain kind of perpetrated acts or shall exempt from penal responsibility and from the consequences of conviction for certain crimes.

Article 84

(1) For crimes prosecuted on the grounds of complaint by the aggrieved party, penal prosecution shall not be instituted, even where the prescription has not expired, if no complaint has been lodged within six months as from the date on which the aggrieved party has come to knowledge of the committed crime.

(2) Where the aggrieved party has died before the expiry of the above term, the complaint may be lodged by his/hers heirs prior to the expiry of the term.

(3) For such crimes the punishment shall not be enforced, provided the complainant has not so requested prior to the beginning of its enforcement.



The undersigned verifies the truthfulness of the translation, accomplished by me.
The translation consists of 2 / two / pages.
Translator: Nevena Georgieva Martinska Civil ID

ORIGINAL "HEREBY OFFICIALLY CERTIFIED THAT THE ABOVE/BELOW/ TRANSLATION IS IN FULL CONFORMITY WITH THE (ATTACHED) ORIGINAL PASSAGE(S) MARKED IN THE (ATTACHED) ORIGINAL
SOFIA 21.00.07
DIRECTOR

EXT-SIMEONOV-00159

2

## Глава девета.
# ПОГАСЯВАНЕ НА НАКАЗАТЕЛНОТО ПРЕСЛЕДВАНЕ И НА НАЛОЖЕНОТО НАКАЗАНИЕ

Чл. 79. (1) Наказателното преследване и изпълнението на наказанието се изключват:

1. когато деецът умре;

2. когато е изтекла предвидената от закона давност;

3. когато е последвала амнистия.

(2) Не се изключват по давност наказателното преследване и изпълнението на наказанието по отношение на престъпление против мира и човечеството.

Чл. 80. (1) Наказателното преследване се изключва по давност, когато то не е възбудено в продължение на:

1. (изм. - ДВ, бр. 31 от 1990 г., изм. - ДВ, бр. 153 от 1998 г.) двадесет години за деяния, наказуеми с доживотен затвор без замяна, доживотен затвор, и 35 години за убийство на две или повече лица;

2. петнадесет години за деяния, наказуеми с лишаване от свобода повече от десет години;

3. десет години за деяния, наказуеми с лишаване от свобода повече от три години;

4. (Изм. - ДВ, бр. 62 от 1997 г.) пет години за деяние, наказуемо с лишаване от свобода повече от една година, и

5. две години за всички останали случаи.

(2) Давностните срокове по предходната алинея за престъпления, извършени от непълнолетни, се определят, след като се съобрази заменяването на наказанията по чл. 63.

(3) Давността за преследване започва от довършването на престъплението, при опит и приготовление - от деня, когато е извършено последното действие, а за престъпленията, които траят непрекъснато, както и за продължаваните престъпления - от прекратяването им.

Чл. 81. (1) Давността спира, когато започването или продължаването на наказателното преследване зависи от разрешаването на някой предварителен въпрос с влязъл в сила съдебен акт.

(2) Давността се прекъсва с всяко действие на надлежните органи, предприето за преследване, и то само спрямо лицето, срещу което е насочено преследването. След свършване на действието, с което е прекъсната давността, започва да тече нова давност.

(3) Независимо от спирането или прекъсването на давността наказателното преследване се изключва, ако е изтекъл срок, който надвишава с една втора срока, предвиден в предходния член.

Чл. 82. (1) Наложеното наказание не се изпълнява, когато са изтекли:

1. (Изм. - ДВ, бр. 153 от 1998 г.) двадесет години, ако наказанието е доживотен затвор без замяна или доживотен затвор;

2. петнадесет години, ако наказанието е лишаване от свобода повече от десет години;

3. десет години, ако наказанието е лишаване от свобода от три до десет години;

4. пет години, ако наказанието е лишаване от свобода по-малко от три години, и

5. две години за всички останали случаи.

(2) Давността за изпълнение на наказанието започва да тече от деня, когато присъдата е влязла в сила, а по отношение на наказанието, чието изпълнение е било отложено съгласно чл. 66 - от влизане в сила на присъдата или определението по чл. 68.

*Вярно с оригинала.* гр. ...

EXT-SIMEONOV-00160

(3) Давността се прекъсва с всяко действие на надлежните органи, предприето спрямо ...я за изпълнение на присъдата. След свършване на действието, с което се прекъсва ...стта, започва да тече нова давност.

(4) Независимо от спирането или прекъсването на давността наказанието не се ...пълнява, ако е изтекъл срок, който надвишава с една втора срока, предвиден в алинея 1.

(5) (Нова - ДВ, бр. 28 от 1982 г., в сила от 01.07.1982 г.) Разпоредбата на предходната алинея не се прилага по отношение на глобата, когато за събирането й е образувано изпълнително производство.

Чл. 83. Амнистията заличава престъпния характер на определен вид извършени деяния или освобождава от наказателна отговорност и от последиците на осъждането за определени престъпления.

Чл. 84. (1) За престъпления, които се преследват по тъжба на пострадалия, наказателното преследване не се възбужда, макар давността да не е изтекла, ако не се подаде тъжба в шестмесечен срок от деня, когато пострадалият узнае, че престъплението е извършено.

(2) Ако пострадалият умре, преди да е изтекъл тоя срок, тъжбата може да се подаде от неговите наследници до изтичането му.

(3) За тези престъпления наказанието не се изпълнява, ако тъжителят е поискал това, преди да започне неговото изпълнение.

Вярно с оригинала

EXT-SIMEONOV-00161

**EXTRACTS**
**OF TEXTS OF THE CRIMINAL CODE OF THE REPUBLIC OF BULGARIA**

Chapter Five
CRIMES AGAINST PROPERTY
(Title amended, SG No. 10/1993)
Section I
Theft

Article 194

(1) (Amended, SG No. 10/1993) A person who takes away from another movable property without his consent, with the intent to unlawfully appropriate it, shall be punished for theft by deprivation of liberty for up to eight years.

(2) Theft shall also be considered to occur where part of the object belongs to the culprit.

(3) (Amended, SG No. 28/1982, SG No. 10/1993) In minor cases the punishment shall be deprivation of liberty for up to one year, or probation, or a fine from BGN one hundred to three hundred

Article 195

(1) (Amended, SG No. 28/1982, amended and supplemented, SG No. 10/1993) For theft the punishment shall he deprivation of liberty for one to ten years:

1. if the theft has been committed during a fire, flood, shipwreck, accident, war or another social calamity;

2. if the stolen object has not been under constant supervision;

3. if the theft has been committed by destroying, damaging or undermining barriers, strongly built for protection of persons or property;

4.if for committing the theft a motor vehicle has been used, technical means or a special way of action;

5. if the theft has been committed by two or more persons who have conspired in advance for its perpetration, where it does not constitute a minor case;

6. if the theft has been perpetrated by an official who availed himself of his official position, and

7. in cases other than minor, if the theft has been perpetrated for a second time;

8. if the theft has been committed from the grave of a deceased person.

9. (New, SG No. 62/1997) if the theft has been perpetrated by a person under Article 142, paragraph (2), subparagraphs 6 and 8.

10. (New, SG No. 26/2004) if the object of theft has been explosive substances, firearms or ammunitions.

(2) (Amended, SG No. 28/1982, SG No. 10/1993, SG No. 92/2002, effective 1.01.2005 with respect to the punishment of probation - amended, SG No. 26/2004, effective 1.01.2004, SG No. 103/2004) For large scale theft the punishment shall be deprivation of liberty for three to fifteen years, whereas the court may rule confiscation of up to one half of the perpetrator's property

(3) (New, SG No. 26/2004, amended, SG No. 102/2006) The punishment under paragraph 2 shall also be imposed for theft of explosive substances, firearms or ammunitions from the structural units of the Ministry of Interior, the Ministry of Defence, the Bulgarian Army and the structures reporting to the Minister of Defence, from the Ministry of State Policy for Disasters and Accidents, as well as from the State Reserve and Wartime Stocks State Agency.

(4) (Amended, SG No. 28/1982, SG No. 10/1993, renumbered from Paragraph 3, SG No. 26/2004) In minor cases under sub-paragraphs 2 and 6 of paragraph (1), the punishment shall be deprivation of liberty for up to one year or probation, or a fine from BGN one

...dred to three hundred

(5) (Renumbered from Paragraph 4, SG No. 26/2004) For preparation for theft under paragraph (1), sub-paragraphs 3 and 4, the punishment shall be deprivation of liberty of up to three years, or probation.

Article 196

(1) (Amended, SG No. 10/1993) For theft which constitutes a case of dangerous recidivism, the punishment shall be:

1. in the cases under Article 194, paragraph (1) - deprivation of liberty for two to ten years;

2. (Supplemented, SG No. 26/2004) in the cases of Article 195, paragraphs (1) and (2) - deprivation of liberty of three to fifteen years, and in cases under Art. 195, paragraph 3 - deprivation of liberty of five to fifteen years.

(2) (Amended, SG No. 92/2002, effective 1.01.2005 with respect to the punishment of probation, amended, SG No. 26/2004, SG No. 103/2004) The court may rule confiscation of up to one half of the perpetrator's property

Article 196a

(New, SG No. 89/1986, amended, SG No. 10/1993, No. 75/2006)

For theft in particularly large amounts, representing a particularly grave case, the punishment shall be deprivation of liberty from ten to twenty years and confiscation of the whole or part of the perpetrator's property.

Article 197

If prior to the conclusion of the judicial inquiry at the first instance court the stolen object is returned or replaced, the punishment shall be:

1. in the cases of Article 194, paragraph (1) - deprivation of liberty for up to five years;

2. (Amended, SG No. 28/1982, SG No. 10/1993, SG No 26/2004) in the cases of Article 194, paragraph (3), and Article 195, paragraph (4) - probation or a fine from BGN one hundred to three hundred

3. (Amended, SG No. 89/1986) in the cases of Article 195, paragraph (1), sub-paragraphs 2 - 6 - deprivation of liberty for up to eight years;

4. (Amended, SG No. 89/1986) in the cases of Article 195, paragraph (2) in connection with Article 194 and with Article 195, paragraph (1), sub-paragraphs 2 - 6 - deprivation of liberty for up to eight years;

5. (New, SG No. 89/1986) in the cases of Article 196a - deprivation of liberty from eight to twenty years.

Article 197a

(New, SG No. 89/1986, repealed, SG No. 10/1993)

The undersigned verifies the truthfulness of the translation, accomplished by me.
The translation consists of 2 / two / pages.
Translator: Nevena Georgieva Martinska Civil ID ██████████



ORCHID EA" HEREBY OFFICIALLY
CERTIFIES THAT THE ABOVE
TRANSLATION IS "FULL CONFORMIT
WITH THE (ATTACHED) ORIGINAL
PASSAGE(S) MARKED IN THE
(ATTACHED) ORIGINAL
SOFIA _____
DIRECTOR _____

2

## Глава пета.
## .СТЪПЛЕНИЯ ПРОТИВ СОБСТВЕНОСТТА (Загл. изм. - ДВ, бр. 10 от 1993 г.)

### Раздел I.
### Кражба

Чл. 194. (1) (Изм. - ДВ, бр. 10 от 1993 г.) Който отнеме чужда движима вещ от владението на другиго без негово съгласие с намерение противозаконно да я присвои, се наказва за кражба с лишаване от свобода до осем години.

(2) Кражба има и тогава, когато част от вещта принадлежи на виновния.

(3) (Изм. - ДВ, бр. 28 от 1982 г., в сила от 01.07.1982 г., изм. - ДВ, бр. 10 от 1993 г., изм. - ДВ, бр. 92 от 2002 г., изм. - ДВ, бр. 103 от 2004 г., в сила от 01.01.2005 г.) В маловажни случаи наказанието е лишаване от свобода до една година или пробация, или глоба от сто до триста лева.

Чл. 195. (1) (Изм. - ДВ, бр. 10 от 1993 г.) За кражба наказанието е лишаване от свобода от една до десет години:

1. ако е извършена във време на пожар, наводнение, корабокрушение, катастрофа, война или друго обществено бедствие;

2. (изм. - ДВ, бр. 28 от 1982 г., в сила от 01.07.1982 г.) ако откраднатата вещ не е под постоянен надзор;

3. ако е извършена чрез разрушаване, повреждане или подкопаване на прегради, здраво направени за защита на лица или имот;

4. (изм. - ДВ, бр. 28 от 1982 г., в сила от 01.07.1982 г.) ако за извършването на кражбата е използвано моторно превозно средство, техническо средство или специален начин;

5. ако е извършена от две или повече лица, сговорили се предварително за нейното осъществяване, когато не представлява маловажен случай;

6. ако кражбата е извършена от длъжностно лице, което се е възползувало от служебното си положение;

7. в немаловажни случаи, ако е извършена повторно;

8. (нова - ДВ, бр. 10 от 1993 г.) ако кражбата е извършена от гроб на покойник;

9. (нова - ДВ, бр. 62 от 1997 г.) ако кражбата е извършена от лице по чл. 142, ал. 2, точки 6 и 8;

10. (нова - ДВ, бр. 26 от 2004 г.) ако предмет на кражбата са взривни вещества, огнестрелни оръжия или боеприпаси.

(2) (Изм. - ДВ, бр. 28 от 1982 г., в сила от 01.07.1982 г., изм. - ДВ, бр. 10 от 1993 г., изм. - ДВ, бр. 92 от 2002 г., изм. - ДВ, бр. 103 от 2004 г., в сила от 01.01.2005 г.) За кражба в големи размери наказанието е лишаване от свобода от три до петнадесет години, като съдът може да постанови конфискация до една втора от имуществото на виновния.

(3) (Нова - ДВ, бр. 26 от 2004 г., изм. - ДВ, бр. 102 от 2006 г.) Наказанието по ал. 2 се налага и за кражба на взривни вещества, огнестрелни оръжия или боеприпаси от структурните звена на Министерството на вътрешните работи, от Министерството на отбраната, от Българската армия и от структурите на подчинение на министъра на отбраната, от Министерството на държавната политика при бедствия и аварии и от Държавна агенция "Държавен резерв и военновременни запаси".

(4) (Изм. - ДВ, бр. 28 от 1982 г., в сила от 01.07.1982 г., изм. - ДВ, бр. 10 от 1993 г., изм. - ДВ, бр. 92 от 2002 г., предишна ал. 3 - ДВ, бр. 26 от 2004 г., изм. - ДВ, бр. 103 от 2004 г., в

EXT.SIMEONOV-00184

Case: 1:19-cr-00311 Document #: 8-3 Filed: 04/29/19 Page 45 of 60 PageID #:430

сила от 01.01.2005 г.) В маловажни случаи по точки 2 и 6 на ал. 1 наказанието е ... е от свобода до една година или пробация, или глоба от сто до триста лева.

(5) (Предишна ал. 4, изм. - ДВ, бр. 26 от 2004 г., изм. - ДВ, бр. 103 от 2004 г., в сила от ...2005 г.) За приготовление към кражба по ал. 1, точки 3 и 4 наказанието е лишаване от ...бода до три години или пробация.

Чл. 196. (1) (Изм. - ДВ, бр. 10 от 1993 г.) За кражба, която представлява опасен рецидив, наказанието е:

1. в случаите на чл. 194, ал. 1 - лишаване от свобода от две до десет години;

2. (доп. - ДВ, бр. 26 от 2004 г.) в случаите на чл. 195, ал. 1 и 2 - лишаване от свобода от три до петнадесет години, а в случаите по чл. 195, ал. 3 - лишаване от свобода от пет до петнадесет години.

(2) (Изм. - ДВ, бр. 92 от 2002 г., изм. - ДВ, бр. 103 от 2004 г., в сила от 01.01.2005 г.) Съдът може да постанови конфискация до една втора от имуществото на виновния.

Чл. 196а. (Нов - ДВ, бр. 89 от 1986 г., изм. - ДВ, бр. 10 от 1993 г., изм. - ДВ, бр. 75 от 2006 г., в сила от 13.10.2006 г.) За кражба в особено големи размери, представляваща особено тежък случай, наказанието е лишаване от свобода от десет до двадесет години и конфискация на цялото или на част от имуществото на виновния.

Чл. 197. Ако до приключване на съдебното следствие в първоинстанционния съд открадната вещ бъде върната или заместена, наказанието е:

1. в случаите на чл. 194, ал. 1 - лишаване от свобода до пет години;

2. (изм. - ДВ, бр. 28 от 1982 г., в сила от 01.07.1982 г., изм. - ДВ, бр. 10 от 1993 г., изм. - ДВ, бр. 92 от 2002 г., изм. - ДВ, бр. 26 от 2004 г., изм. - ДВ, бр. 103 от 2004 г., в сила от 01.01.2005 г.) в случаите на чл. 194, ал. 3 и 195, ал. 4 - пробация или глоба от сто до триста лева;

3. (изм. - ДВ, бр. 89 от 1986 г.) в случаите на чл. 195, ал. 1, точки 2-6 - лишаване от свобода до осем години;

4. (изм. - ДВ, бр. 89 от 1986 г.) в случаите на чл. 195, ал. 2 във връзка с чл. 194 или с чл. 195, ал. 1, точки 2 - 6 - лишаване от свобода до осем години;

5. (нова - ДВ, бр. 89 от 1986 г.) в случаите на чл. 196а - лишаване от свобода от осем до двадесет години.

Чл. 197а. (Нов - ДВ, бр. 89 от 1986 г., отм. - ДВ, бр. 10 от 1993 г.)

EXT-SIMEONOV-00165



**РЕПУБЛИКА БЪЛГАРИЯ**
**МИНИСТЕРСТВО НА ВЪНШНИТЕ РАБОТИ**

Изх. № КО-04-09-64

*София, 03/11/2017 г.*

Министерството на въшните работи на Република България поднася своите почитания на посолството на Съединените американски щати в София и в допълнение към своя нота № КО-04-09-64/28.09.2017 г., относно екстрадицията на Цветомир Симеонов Симеонов, има честта да предостави на вниманието на уважаемото посолство писмо № 99-Н-Е-15/07 от 02.11.2017 г. на Министерството на правосъдието на Република България с приложение към него.

Министерството на въшните работи на Република България се ползва от случая да поднови на посолството на Съединените американски щати в София уверенията в отличната си към него почит.

Приложение: съгласно текста - 2 стр.



ДО
ПОСОЛСТВОТО НА
СЪЕДИНЕНИТЕ АМЕРИКАНСКИ ЩАТИ

СОФИЯ

София 1113, ул. „Александър Жендов" 2,
тел. +359 (2) 948 2999, факс: +359 (2) 971 24 13
WWW.MFA.BG

EXT-SIMEONOV-00166



**РЕПУБЛИКА БЪЛГАРИЯ**
МИНИСТЕРСТВО НА ПРАВОСЪДИЕТО

Изх.№ 99-Н-Е-15/07 от 01.11.2017 г. 02 -11- 2017
/моля цитирайте при отговор/

ДО
ПОСОЛСТВОТО НА
СЪЕДИНЕНИТЕ
АМЕРИКАНСКИ ЩАТИ В
СОФИЯ

**Относно: екстрадицията от САЩ на българския гражданин Цветомир Симеонов Симеопов, роден на 08.05.1972г.**

Министерството на правосъдието на Република България има честта приложено да предостави на Посолството на Съединените Американски Щати в София писмо № 99-Н-Е-15/07 от 01.11.2017г., адресирано до Департамента за правосъдие на САЩ.

Писмото изпращаме във връзка с искане, отправено от г-жа Маргарита Пендарвис до отдел „Международен" на Върховна касационна прокуратура, като същото писмо е в допълнение към документи на Върховна касационна прокуратура, изпратени с наше писмо № 99-Н-Е-15/07 от 25.09.2017г. на дирекция „Консулски отношения" на МВнР по горепосочената екстрадиция, с искане да бъдат предоставени на Посолството – за препращане на Департамента за правосъдие на САЩ.

Молим за Вашето съдействие за изпращане на писмото, за да бъде приложено към документите от ВКП, които вече са получени в Департамента за правосъдие на САЩ.

Използваме случая да Ви поднесем своите почитания.

Приложение: писмо – 1 стр.

ЗА ДИРЕКТОР НА ДИРЕКЦИЯ
„МЕЖДУНАРОДНО ПРАВНО
СЪТРУДНИЧЕСТВО И ЕВРОПЕЙСКИ
ВЪПРОСИ":

ЕКАТЕРИНА ТОДОРОВА
/Заповед № ЧР-08-1308/24.10.2017г./

1040 София, ул. "Славянска" №1
тел.: 02/ 92 37 545, факс: 02/92 37 545
www.justice.government.bg

EXT-SIMEONOV-00167



# REPUBLIC OF BULGARIA
## MINISTRY OF JUSTICE

Ref. № 99-H-E -15/07 dated 01.11.2017
(Please quote )   0 2 -11- 2017

**UNITED STATES DEPARTMENT OF JUSTICE**
**CRIMINAL DIVISION**

***SUBJECT***: *Extradition of the Bulgarian national Tsvetomir Simeonov Simeonov, born on 08.05.1972*

The Ministry of Justice of the Republic of Bulgaria presents its compliments to the United States Department of Justice and has the honor to send you this letter in addition to the documents, previously sent to you via diplomatic channels, with our letter 99-H-E-15/07, dated 25.09.2017, addressed to the Ministry of Foreign Affairs of the Republic of Bulgaria. The sent documents are related to the extradition of the Bulgarian national Tsvetomir Simeonov Simeonov and consist of a letter from the Supreme Prosecutor's Office of Cassation of the Republic of Bulgaria and complementary materials prepared in the course of the pre-court proceedings by the Regional Prosecutor's Office of Kazanluk.

The Ministry of Justice of the Republic of Bulgaria avails itself of this opportunity to renew to the United States department of Justice its assurances of the highest consideration.

**DIRECTOR OF "INTERNATIONAL LEGAL CO-OPERATION AND EUROPEAN AFFAIRS" DIRECTORATE:**

**BILYANA BELYAKOVA**

1040 Sofia, 1, Slavyanska Str.
Tel.: + 359 2/ 92 37 545, fax: + 359 2/92 37 545
www.justice.government.bg



| | Varna 9000, Bulgaria | +359 (0)895 450 755 |
| | 11a Tsar Asen Str., office 4 | +359 (0)52 620 280 |
| | Sofia 1164, Bulgaria | +359 (0)876 999 791 |
| | 34 Zlatovrah Str. | +359 (0)2 43 90 170 |
| www.mitratranslations.com | Shumen 9700, Bulgaria | +359 (0)895 450 760 |
| | 19 Dobri Voynikov Str. | +359 (0)54 800 340 |

*Translation from Bulgarian*

## PROSECUTOR'S OFFICE OF THE REPUBLIC OF BULGARIA
## DISTRICT PROSECUTOR'S OFFICE town of KAZANLAK

Nr D 4/2010 42005
30.06.2017
town of Kazanlak

To
Supreme Cassation
Prosecutor's Office
Department "International"
city of Sofia
on your No 10188/2006 from 29.06.2017
No 16188/ 0604

Entry register: 04.07.2017
No 33390

Received on: 05.07.2017

In connection with your letter under the above mentioned number and attached letter from Linda Mckinney regarding the extradition of the Bulgarian citizen TSVETOMIR SIMEONOV SIMEONOV. Personal Identification No - 7205087744, I inform you of the following:

- on point one of the letter of Mckinney: Tsvetomir Simeonov Simeonov was convicted with verdict No. 95 "z" on Public Criminal Case No 317/2002 on the inventory of District Court - Kazanlak, entered into force on 04.12.2004, with which of the base of art. 23, para. 1 of the Penal Code a general most severe penalty was imposed on him of FIVE YEARS IMPRISONMENT which he has to serve in an initial GENERAL mode. On the grounds of art. 24 of the Penal Code (PC) the Court has increased the given total punishment with 1/2 up to SEVEN YEARS AND SIX MONTHS IMPRISONMENT to be served in an initial GENERAL mode. The subject of the crime were four gas pistols "Baikal"/Russia/, the gas tubes of which have been removed and have been changed with rifled barrels designed for "Makarov" pistols/Russia/. Evident from the attached complex technical and ballistic expertise to the case, a copy of which I am send you, modified in this way the pistols are ready to produce shots and strike down live targets. Pistols "Makarov" use 9x18mm ammunition, and the possession of any non-automatic firearms in accordance with Bulgarian law is subject to authorization, i.e. it is necessary the person to be issued an authorization to possess firearms first and only then he may acquire such. In the Republic of Bulgaria possession of automatic weapons is absolutely prohibited.

- on point two of Mckinney's letter: I am sending you the relevant texts of the Penal Code and the Law on the control of firearms, explosives and ammunition applicable at the date of commission of the crime - 20.12.2001.

- on point three of Mckinney's letter: I am sending you a picture of Tsvetomir Simeonov Simeonov, provided by the Regional Headquarters of the Ministry of Interior Kazanlak. It is presented by Tsvetomir Simeonov himself when he applied for issuance of Bulgarian identity document - 23.02.2001. After this date we do not have a recent photograph, as Tsvetomir Simeonov has left the confines of the Republic of Bulgaria illegally and absconded. The people who can recognize Simeonov are employees of Regional Headquarters of the Ministry of Interior Kazanlak, who worked to disclose his criminal activity - Stoycho Nedkov Kracholov, currently Head of RH of the MI Kazanlak, and Lazar Todorov Kozelov, currently an employee of "Criminal police" at the Regional Headquarters

town of Kazanlak, p.box 6100, "Otets Paisiy" Str. 7, tel: 0431/62737; fax: 0431/62728, e-mail: rp_kazanlak@sz.prb.bg page 1 of 2




Registered in Varna, Bulgaria.
Mitra™ Translations. All rights reserved.

Ministry of Interior Kazanlak There are other persons, former employees of the National Service for Combating Organized Crime, who participated in the arrest of Simeonov, who at the moment are pensioners and we have no information about their whereabouts. the photograph provided by the RH of the MI is exactly of Tsvetomir Simeonov, as Bulgarian citizens identify themselves with a Personal Identification Number that is unique to each person.

- on point four of the letter of Mckinney: Tsvetomir Simeonov originally was personally involved in the criminal proceedings, he also had a defense lawyer - lawyer Raiko Kolev from from Bar Association -Haskovo. In part of the judicial phase of the process on Public Criminal Case (PCC) No 317/2002 on the inventory of District Court - Kazanlak Simeonov again was involved personally and with a defence lawyer Raiko Kolev - but consequently Simeonov absconded and the case was decided in his absence. The authorized lawyer Kolev has renounced the protection of Simeonov, so the court appointed a public defender - lawyer Daniela Rusenova from the Bar Association of Stara Zagora. Throughout the criminal proceedings Tsvetomir Simeonov was defended by a lawyer - originally authorized, and then officially appointed by the court.

- on point five of Mckinney's letter: this point relates to the procedure for sending the requested information to the competent authorities of the United States, therefore District Prosecutor's Office-Kazanlak cannot take a position.

Attachment: photograph of Tsvetomir Simeonov Simeonov, presented by the RH of the MI Kazanlak/AIS (Automated Information System - Bulgarian identity documents/, a copy from a complex technical and ballistic expertise along with an album to it, a copy of the applicable Bulgarian legal norms.

IS/RI

Prosecutor:/signature illegible/
/Iv. Stoev/
Round seal of the District
Prosecutor's Office Kazanlak

town of Kazanlak, p.box 6100, "Otets Paisii" str. No. 16, fl. 3, tel: 0431/62737; fax: 0431/62728, e-mail: rp_kazanlak@sz.prb.bg

page 2 of 2

**AIS (Automated Information System) "BULGARIAN IDENTITY DOCUMENTS"**

Personal photograph follows

**Date of the photograph: 23.02.2001**

**Name of the person**

Personal Identification No: ▮▮▮▮▮▮ Names: TSVETOMIR SIMEONOV SIMEONOV

Gender: Male - data valid since 04.11.1998

**Place of birth**

town of Kazanlak, Municipality of Kazanlak, Region of STARA ZAGORA - data valid since

04.11.1998

**Personal data**

Family status: DIVORCED Birth Act No: 0582 Date of the birth act: ▮▮▮▮▮▮ - data
valid since 28.11.2012

**Permanent address**

town of KAZANLAK, Municipality of KAZANLAK, Region of STARA ZAGORA, RAYKO
DASKALOV Str. No: 42 - Data from Civil Registration and Administrative Service valid since
22.06.2000.

**Current address**

town of KAZANLAK, Municipality of KAZANLAK, Region of STARA ZAGORA, RAYKO
DASKALOV Str. No: 42 - Data from the Civil Registration and Administrative Service valid
since 10.05.2000.



Case: 1:19-cr-00344 Document #: 8-3 Filed: 04/29/19 Page 52 of 60 PageID #:437

## PROTOCOL
### No 033

Today, 12.02.2002 the undersigned: senior lieutenant Valentin Dimitrov Kutev, an expert in the STL (Scientific Technical Laboratory) to the District Police Department - Kazanlak and Vasil Dimitrov Mirlev, resident of the town of Kazanlak, residential complex "Iztok", block. 25, entr.G., apt. 81, head of workshop 260 of plant 1 at "Arsenal" AD - Kazanlak

we drew up this protocol for a complex /technical and ballistic/ expertise on ZM: 2923/2001 of District Police Department - Kazanlak, awarded with an ordinance from captain Nikolai Petrov Boyadzhiev investigator at the Regional Section for Combating Organized Crime - Regional Directorate of the Ministry of Interior city of Stara Zagora.

### OBJECT OF THE EXPERTISE

Pistol parts - gun stock with hammered barrel, firing block for Makarov Pistol, firing-pin, ejector-set/safety, return spring, hammer, restraint with spring, lowering traction with lever, fighting spring, lowering lever, fighting spring slider, handle with a screw, bolt lag, charger/magazine - all listed parts are four pieces each.

### EXPERTISE TASKS

1. From the supplied parts for "Makarov" pistol, can there be reassembled pistols ready to use as intended?
2. Is special knowledge in arms and special equipment necessary to assemble pistols ready to use?
3. Can the assembled pistols "Makarov" produce a shot and are they fit to use as intended?



EXT-SIMEONOV-00172

- 2 -

## EXAMINATION

The parts submitted for examination (photocopy 1) came unpacked.

On the first task;

After examination of the presented parts it was found that they were parts of factory-produced gas pistols -"Baikal" (Russia), the gas tubes of which have been removed and changed with with rifled barrels designed for "Makarov" pistols.

In a more in-depth inspection of the individual parts and assemblies there were found traces of metalworking machines and tools from the inside and outside of the breech block. They are made with a view to adapt it for fighting ammunition 9x18mm and deletion of the factory-set serial numbers.

In the experimental assembly of parts there came out four pieces of "Makarov" pistols, caliber 9x18mm. (photocopy 2).

On the second task:

For the assembly of the devices described in the first task only minimal knowledge on the structure of the "Makarov" pistol is needed, and the presence of metal cutter and manual tools for metal working.

On the third task:

With the assembled pistols in the first task an experimental shooting was held at the firing ground of "Arsenal" AD - Kazanlak, the same went without jamming, which is an indication of the ability of the weapons to produce shots and strike down live targets.



Case: 1:19-cr-00344 Document #: 8-3 Filed: 04/29/19 Page 54 of 60 PageID #:439

### CONCLUSION

1. From the presented parts can be assembled four pistols using ammunition 9x18 mm.

2. For the assembly of the devices described in the first task only minimal knowledge on the structure of "Makarov" pistol is needed, and the presence of metal cutter and manual tools for metal working.

3. The assembled in the point one pistols are ready to be used as intended - they produce shots and strike down live targets.

12.02.2002.                                 expert STL (Scientific Technical Laboratory):
town of Kazanlak                              /signature illegible/
                                                  /V. Kutev/

                                  Head of workshop 260: /signature illegible/
                                                   /V. Mirlev/

<u>Attachment:</u> Photo album with three colour photocopies, forming an integral part of the Protocol.



**Ministry of Interior**

## SCIENTIFIC – RESEARCH INSTITUTE OF CRIMINALISTICS AND CRIMINOLOGY

## A L B U M

Visited crime scene……………………………………..

Committed on……………………………19…..year in….

town of Kazanluk _____ str._____ No

02.02.2002                         Expert:/signature illegible/
*town of Kazanlak*                    */G. Stoyanov/*

10204002



A picture follows:

Picture 1 - The weapons dismantled.

/round seal and signature/


Picture 2 and 3 The weapons assembled.

/round seal and signature/



## Law on the control of explosives, firearms and ammunition (revoked)

Published, State Gazette No 133 of 11.11.1998, amended and supplemented, No 85 of 17.10.2000, in force since 17.10.2000, No 99 of 22.10.2002, No 71 of 12.08.2003, in force since 12.08.2003, suppl. No. 102 of 20.12.2005, amend., No 105 of 29.12.2005, in force since 1.01.2006, No. 17 of 24.02.2006, in force since 1.05.2006, No 30 of 11.04.2006, in force since 12.07.2006, amend. and suppl., No. 38 of 9.05.2006, in force since the date of entry into force of the Treaty of accession of the Republic of Bulgaria to the European Union - 1.01.2007, amend., No. 11 of 2.02.2007, No. 95 of 20.11.2007, in force since 20.11.2007, No. 69 of 5.08.2008, supl. No. 88 of 6.11.2009, revoked, No. 73 of 17.09.2010, in force since 17.09.2010.

**Art. 4.** (Amended - SG No 99 since 2002 ) Firearms within the meaning of this law are technical appliances which by using the energy of explosive substances may throw out solid objects, having a gunpoint mileage, which acquire targeted motion and cause mechanical destruction of the target.

**Art. 5.** (1) According to the intended use, the entities that use it, and its technical characteristics the firearm is for business or for civil purposes.

(4) (Amend., SG No 95 since 2007.) Acquisition, keeping, carrying and use of firearms with automatic gunfire is prohibited.

**Art. 7.** (1) Authorisations for the activities under this law are issued by the Ministry of Interior for a limited period, under the terms and conditions determined by the regulation for implementation of the law.

(2) The permission obtained under this law may be used only by the persons to whom they are provided. Assignment of permissions or rights in them to another person renders the permissions invalid.

(3) The permissions apply only to the types of activities pointed out in them.



**Art. 14.** (Amend., SG No. 99 since 2002) (1) (Amend., SG No 38 since 2006.) The legal and natural persons may acquire, store, carry and use explosives, firearms and ammunition for guarding, personal protection, civil, hunting, sporting and cultural purposes.

(2) The employees of legal persons, of natural persons and persons registered as sole traders are allowed to carry firearms for the purposes of para. 1.

**Art. 14a.** (New -SG. No. 99 since 2002) Natural persons are allowed to carry only one piece of firearm for self-defense (for personal protection) from the ones listed in the duly issued authorization for carrying and use.

---

*I, the undersigned Mariya Kalitinova Kancheva do hereby certify that this is a true and correct translation I have made from Bulgarian into English of the attached document. The translation includes 10 (ten) pages.*

*Translator: Mariya Kalitinova Kancheva. Personal number 8403198774*

EXT-SIMEONOV-00178

# Criminal Code

## Article 337

(Amended, SG No. 41/1985)

(1) (Previous text of Article 337, amended, SG No. 50/1995, amended and supplemented, SG No. 92/2002, amended, SG No. 33/2011,

effective 27.05.2011, supplemented, SG No. 47/2016)    Anyone who manufactures, processes, modifies, repairs, develops, stores, trades in, transports, imports or exports explosive substances, firearms, non-firearms, chemical, biological or nuclear weapons, ammunition or pyrotechnical articles or destroys cluster munitions, anti-personnel mines and other articles in the sense of the Execution of the Convention on Cluster Munitions Act and the Convention on the Prohibition of the Use, Stockpiling, Production and Transfer of Anti-Personnel Mines and on Their Destruction, without having the right to do so by law, or without an authorisation issued by the competent authority when required, or who does so in breach of the authorisation, shall be punished by imprisonment from one to six years.

(2) (New, SG No. 50/1995) The punishment shall be imprisonment from two to eight years where the act has been committed:

1. by an official who has availed himself of his official position;

2. for a second time, in cases other than minor.

(3) (New, SG No. 50/1995) Where the object of the crime has been of large amount, the punishment shall be imprisonment from three to ten years.

(4) (New, SG No. 50/1995) Where the object of the crime has been of particularly large amount and the case has been particularly grave, the punishment shall be imprisonment for five to fifteen years.



# ПРОКУРАТУРА НА РЕПУБЛИКА БЪЛГАРИЯ

## РАЙОННА ПРОКУРАТУРА ГР. КАЗАНЛЪК

№Д-4/2005г.
30.06.2017г.
гр. Казанлък

До
Върховна касационна
прокуратура
Отдел „Международен"
гр. София
На Ваш №10188/2006г. от 29.06.2017г.

Във връзка с Ваше писмо под горепосочения номер и приложено писмо от Линда Маккини по отношение екстрадирането на българския гражданин ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ, _____ Ви уведомявам за следното:

- по първа точка от писмото на Маккини: Цветомир Симеонов Симеонов е бил осъден с присъда №95"з" по НОХД№317/2002г. по описа на РС-Казанлък, влязла в сила на 04.12.2004г., с която на осн. чл.23 ал.1 от НК му е било наложено едно общо най-тежко наказание в размер на ПЕТ ГОДИНИ ЛИШАВАНЕ ОТ СВОБОДА, което да се изтърпи при първоначален ОБЩ режим. На осн. чл.24 от НК съдът е увеличил така определеното общо наказание с ½ до СЕДЕМ ГОДИНИ И ШЕСТ МЕСЕЦА ЛИШАВАНЕ ОТ СВОБОДА, което да се изтърпи при първоначален ОБЩ режим. Предмет на престъплението са били четири газови пистолета „Байкал"/Русия/, на които са премахнати газовите цеви и са заменени с нарезни цеви предназначени за пистолети „Макаров"/Русия/. Видно от приложена по делото комплексна техническа и балистическа експертиза, копие на която Ви изпращам, така преработени пистолетите са годни да произвеждат изстрели и да поразяват живи цели. Пистолетите „Макаров" използват боеприпаси 9x18мм, като притежаването на каквото и да е неавтоматично огнестрелно оръжие съгласно българските закони е поставено в разрешителен режим, т. е. необходимо е лицето първо да има издадено разрешение да притежава огнестрелно оръжие и едва след това може да придобие такова. В Република България е абсолютно забранено притежаването на автоматично оръжие.

- по втора точка от писмото на Маккини: изпращам Ви приложимите текстове от Наказателния Кодекс и Закона за контрол върху огнестрелните оръжия, взривните вещества и боеприпасите приложими към датата на извършване на престъплението - 20.12.2001г.

-по точка три от писмото на Маккини: изпращам Ви снимка на Цетомир Симеонов Симеонов, която ни е предоставена от РУ МВР Казанлък. Същата е представена от самия Цветомир Симеонов при подаване на заявление за издаване на български документ за самоличност – 23.02.2001г. След тази дата не разполагаме с актуална снимка, тъй като Симеонов незаконно е напуснал пределите на Република България и се е укрил. Лицата, които могат да разпознаят Симеонов са служители на РУ МВР Казанлък, които са работили за разкриване на престъпната му дейност – Стойчо Недков Крачолов, към момента Началник на РУ МВР Казанлък, и Лазар Тодоров Козелов, към момента служител при група „Криминална полиция" при РУ

гр. Казанлък, п.к. 6100, ул. "Отец Паисий" №16, ет. 3, тел: 0431/62737, факс: 0431/62728, e-mail: rp_kazanlak@sz.prb.bg

Страница 1 от 2

