МВР Казанлък. Има и други лица, бивши служители на НСБОП, които са участвали при задържането на Симеонов, които към момента са пенсионери и нямаме информация за местонахождението им. Снимката предоставена ни от РУ МВР Казанлък е именно на Цветомир Симеонов, тъй като българските граждани се идентифицират с ЕГН, което е уникално за всеки човек.

    - по точка четири от писмото на Маккини: Цветомир Симеонов първоначално е участвал лично в наказателното производство, като е имал и защитник – адв.Райко Колев от АК-Хасково. В част от съдебната фаза на процеса по НОХД№317/2002г. по описа на РС-Казанлък Симеонов отново е участвал лично и със защитник адв.Райко Колев, но впоследствие Симеонов се е укрил и делото се е гледало в него отсъствие. Упълномощеният адвокат Колев се е отказал от защитата на Симеонов, поради което съдът му е назначил служебен защитник – адв.Даниела Русенова от адвокатска колегия Стара Загора. През цялото време на наказателното производство Цветомир Симеонов е бил защитаван от адвокат – първоначално упълномощен, а в последствие служебно назначен от съда.

    - по точка пет от писмото на Маккини: тази точка касае процедурата по изпращане на исканата информация до компетентните органи на САЩ, поради което РП-Казанлък не може да вземе отношение.

    Приложение: снимка на Цветомир Симеонов Симеонов, представена от РУ МВР Казанлък/АИС – български документи за самоличност/, копие от комплексна техническа и балистическа експертиза ведно с албум към нея, копие от приложимите съгласно българските закони норми.

ИС/РИ

Прокурор:...................
/ Ив. Стоев /

гр. Казанлък, п.к. 6100, ул. "Отец Паисий" №16, ет. 3, тел: 0431/62737, факс: 0431/62728, e-mail: rp_kazanlak@sz.prb.bg

Страница 2 от 2

EXT-SIMEONOV-00181

АИС "БЪЛГАРСКИ ДОКУМЕНТИ ЗА САМОЛИЧНОСТ"



**Дата на снимка:** 23.02.2001 г.

**Имена на лицето**

████████ Имена: ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ Пол: МЪЖ - Актуални данни от 04.11.1998

**Месторождение**

ГР.КАЗАНЛЪК Общ. КАЗАНЛЪК Обл. СТАРА ЗАГОРА - Актуални данни от 04.11.1998

**Лични данни**

Сем. положение: РАЗВЕДЕН(А) Номер акт ражд.: 0582 Дата акт ражд.: ██████ - Актуални данни от 28.11.2012

**Постоянен адрес**

ГР.КАЗАНЛЪК Общ.КАЗАНЛЪК Обл.СТАРА ЗАГОРА УЛ.РАЙКО ДАСКАЛОВ №: 42 - Актуални данни от ГРАО от 22.06.2000

**Настоящ адрес**

ГР.КАЗАНЛЪК Общ.КАЗАНЛЪК Обл.СТАРА ЗАГОРА УЛ.РАЙКО ДАСКАЛОВ №: 42 - Актуални данни от ГРАО от 10.05.2000

36

# ПРОТОКОЛ
# №033

Днес 12.02.2002 г. подписаните:

ст.л-т Валентин Димитров Кутев, експерт в НТЛ при РПУ - Казанлък и Васил Димитров Мирлев, живущ в гр.Казанлък, жк"Изток", бл.25, вх.Г, ап.81, н-к цех 260 на завод 1 при "Арсенал" АД – Казанлък

съставихме настоящият протокол за извършена комплексна /техническа и балистическа/ експертиза по ЗМ:2923/2001 г. на РПУ - Казанлък, възложена с постановление от к-н Николай Петров Бояджиев дознател при РЗБОП – РДВР град Стара Загора.

### ОБЕКТ НА ЕКСПЕРТИЗАТА

Части за пистолет - ложа с набита цев, блок за ПМ, ударник, изхвъргач-комплект, предпаител, възвратна пружина, чукче, запъвач с пружина, спускова тяга с лост, бойна пружина, пускателен лост, плъзгач на бойна пружина, ръкохватка с винт, створна задръжка, пълнител – всички изброени детайли са по четири броя.

### ЗАДАЧИ НА ЕКСПЕРТИЗАТА

1. От предоставените части за пистолет "Макаров", могат ли да се сглобят годни за употреба по предназначение пистолети?

2. Необходими ли са специални знания по оръжейна техника и специална екипировка за да се сглобят годни за употреба пистолети?

3. Сглобените пистолети "Макаров" могат ли да произведат изстрел и годни ли са употреба по предназначение?

- 2 -

## ИЗСЛЕДВАНЕ

Представените за изследване части (фотокопие 1) постъпиха неопаковани.

*По първа задача:*

След разглеждане на представените части се констатира, че същите са принедлажали на фабрично произведени газови пистолети – "Байкал" (Русия), на които са премахнати газовите цеви и са заменени с нарезни цеви, предназначени за пистолети "Макаров".

При по-задълбоченото оглеждане на отделните детайли и сборки се констатираха следи от металообработващи машини и пособия от вътрешната и външната страна на затворния блок. Същите са направени с цел приспособяването му към бойни боеприпаси 9x18мм и заличаването на фабрично поставените серийни номера.

При направеното експериментално сглобяване на частите бяха получени четири броя пистолети "Макаров", калибър 9x18мм (фотокопие 2).

*По втора задача:*

За монтажа на описаните в първа задача изделия са необходими минимални познания по устройството на пистолет "Макаров", и наличието на металообработваща фреза и ръчни металообработващи инструменти.

*По трета задача:*

Със сглобените в първа задача пистолет бе проведена експериментална стрелба на полигона в "Арсенал" АД – Казанлък, същата протече без засечки, което е показател за годността на оръжията да произвеждат изстрели и поразяват живи цели.

- 3 -

*ЗАКЛЮЧЕНИЕ*

1. От представените части могат да се сглобят четири броя
   пистолети, използващи боеприпаси 9x18 мм.

2. За сглобяването на описаните в първа точка изделия са
   необходими минимални познания по устройството на
   пистолет "Макаров", и наличието на металообработваща
   фреза и ръчни металообработващи инструменти..

3. Сглобените в първа точка пистолети са годни по
   предназначение - произвеждат изстрели и поразяват живи
   цели.

12.02.2002г.                              експерт НТЛ : . . . . . . . . .
гр.Казанлък                                             /В.Кутёв/

                                          началник цех 260 : . . . . . . . .
                                                            /В.Мърлев/

Приложение: Фотоалбум с три цветни фотокопия, неразделна част
от протокола.

EXT-SIMEONOV-00185

# М В Р
## НАУЧНО-ИЗСЛЕДОВАТЕЛСКИ ИНСТИТУТ
## ПО КРИМИНАЛИСТИКА И КРИМИНОЛОГИЯ

39

# АЛБУМ

на огледано местопроизшествие _____

_____

Извършено на _____ 19 ____ год. в ____

_____

гр. *Аутелок* _____ ул. _____ № _____

*02 02* 19 *2002* г.

ЕКСПЕРТ: _____

*П. Стоянов*

10204002

сн. 1  Ързиизта  в  разглобен
          вид.

EXT-SIMEONOV-00187



EXT-SIMEONOV-00188

**ЗАКОН за контрол над взривните вещества, огнестрелните оръжия и боеприпасите (отм.)**

Обн., ДВ, бр. 133 от 11.11.1998 г., изм. и доп., бр. 85 от 17.10.2000 г., в сила от 17.10.2000 г., бр. 99 от 22.10.2002 г., бр. 71 от 12.08.2003 г., в сила от 12.08.2003 г., доп., бр. 102 от 20.12.2005 г., изм., бр. 105 от 29.12.2005 г., в сила от 1.01.2006 г., бр. 17 от 24.02.2006 г., в сила от 1.05.2006 г., бр. 30 от 11.04.2006 г., в сила от 12.07.2006 г., изм. и доп., бр. 38 от 9.05.2006 г., в сила от датата на влизане в сила на Договора за присъединяване на Република България към Европейския съюз - 1.01.2007 г., изм., бр. 11 от 2.02.2007 г., бр. 95 от 20.11.2007 г., в сила от 20.11.2007 г., бр. 69 от 5.08.2008 г., доп., бр. 88 от 6.11.2009 г., отм., бр. 73 от 17.09.2010 г., в сила от 17.09.2010 г.

**Чл. 4.** (Изм. - ДВ, бр. 99 от 2002 г.) Огнестрелни оръжия по смисъла на този закон са технически уреди, които чрез използване енергия на взривни вещества могат да изхвърлят твърди предмети, имащи дулен пробег, които получават целенасочено движение и причиняват механично поразяване на целта.

**Чл. 5.** (1) Според предназначението, субектите, които го използват, и техническата му характеристика огнестрелното оръжие е за служебни или за граждански цели.

(4) (Изм. - ДВ, бр. 95 от 2007 г.) Забранява се придобиването, съхраняването, носенето и употребата на огнестрелно оръжие с автоматична стрелба.

**Чл. 7.** (1) Разрешенията за дейностите по този закон се издават от Министерството на вътрешните работи за определен срок при условия и по ред, определени с правилника за прилагане на закона.

(2) Получените по този закон разрешения могат да бъдат използвани единствено от лицата, на които са предоставени. Преотстъпването на разрешения или на права по тях на друго лице прави разрешенията невалидни.

(3) Разрешенията важат само за посочените в тях видове дейности.

**Чл. 14.** (Изм. - ДВ, бр. 99 от 2002 г.)■ (1) (Изм. - ДВ, бр. 38 от 2006 г.) Юридическите и физическите лица могат да придобиват, съхраняват, носят и употребяват взривни вещества, огнестрелни оръжия и боеприпаси за охрана, самоохрана, граждански, ловни, спортни и културни цели.

(2) На служителите на юридически лица, на физическите лица и на лицата, регистрирани като еднолични търговци, се разрешава да носят огнестрелно оръжие за целите по ал. 1.

**Чл. 14а.** (Нов - ДВ, бр. 99 от 2002 г.) Физическите лица могат да носят само по един брой огнестрелно оръжие за самоотбрана (самоохрана) от изброените в издаденото по надлежния ред разрешение за носене и употреба.

**НАКАЗАТЕЛЕН КОДЕКС**

Обн., ДВ, бр. 26 от 2.04.1968 г., в сила от 1.05.1968 г., попр., бр. 29 от 12.04.1968 г., изм., бр. 92 от 28.11.1969 г., изм. и доп., бр. 26 от 30.03.1973 г., доп., бр. 27 от 3.04.1973 г., изм., бр. 89 от 15.11.1974 г., в сила от 1.03.1975 г., изм. и доп., бр. 95 от 12.12.1975 г., изм., бр. 3 от 11.01.1977 г., доп., бр. 54 от 11.07.1978 г., бр. 89 от 9.11.1979 г., изм. и доп., бр. 28 от 9.04.1982 г., в сила от 1.07.1982 г., попр., бр. 31 от 20.04.1982 г., доп., бр. 44 от 5.06.1984 г., изм. и доп., бр. 41 от 28.05.1985 г., доп., бр. 79 от 11.10.1985 г., доп., бр. 80 от 15.10.1985 г., изм. и доп., бр. 89 от 18.11.1986 г., попр., бр. 90 от 21.11.1986 г., изм., бр. 37 от 16.05.1989 г., в сила от 16.05.1989 г., бр. 91 от 24.11.1989 г., в сила от 24.11.1989 г., бр. 99 от 22.12.1989 г., в сила от 22.12.1989 г., доп., бр. 10 от 2.02.1990 г., изм., бр. 31 от 17.04.1990 г., изм. и доп., бр. 81 от 9.10.1990 г., в сила от 9.10.1990 г., бр. 1 от 4.01.1991 г., бр. 86 от 18.10.1991 г., попр., бр. 90 от 1.11.1991 г., изм., бр. 105 от 19.12.1991 г., доп., бр. 54 от 3.07.1992 г., в сила от 3.07.1992 г., изм. и доп., бр. 10 от 5.02.1993 г., бр. 50 от 1.06.1995 г.; Решение № 19 от 12.10.1995 г. на Конституционния съд на РБ - бр. 97 от 3.11.1995 г.; доп., бр. 102 от 21.11.1995 г., в сила от 21.01.1996 г., изм. и доп., бр. 107 от 17.12.1996 г., бр. 62 от 5.08.1997 г., изм., бр. 85 от 26.09.1997 г.; Решение № 19 от 21.11.1997 г. на Конституционния съд на РБ - бр. 120 от 16.12.1997 г.; доп., бр. 83 от 21.07.1998 г., изм. и доп., бр. 85 от 24.07.1998 г., доп., бр. 132 от 10.11.1998 г., в сила от 1.01.1999 г., изм., бр. 133 от 11.11.1998 г., изм. и доп., бр. 153 от 23.12.1998 г., бр. 7 от 26.01.1999 г., изм., бр. 51 от 4.06.1999 г., бр. 81 от 14.09.1999 г., в сила от 15.12.1999 г., изм. и доп., бр. 21 от 17.03.2000 г., бр. 51 от 23.06.2000 г.; Решение № 14 от 23.11.2000 г. на Конституционния съд на РБ - бр. 98 от 1.12.2000 г.; доп., бр. 41 от 24.04.2001 г., изм., бр. 101 от 23.11.2001 г., бр. 45 от 30.04.2002 г., изм. и доп., бр. 92 от 27.09.2002 г., бр. 26 от 30.03.2004 г., бр. 103 от 23.11.2004 г., в сила от 1.01.2005 г., бр. 24 от 22.03.2005 г., бр. 43 от 20.05.2005 г., в сила от 1.09.2005 г., изм., бр. 76 от 20.09.2005 г., в сила от 1.01.2007 г., изм. и доп., бр. 86 от 28.10.2005 г., в сила от 29.04.2006 г., бр. 88 от 4.11.2005 г., изм., бр. 59 от 21.07.2006 г., в сила от 1.01.2007 г., изм. и доп., бр. 75 от 12.09.2006 г., в сила от 13.10.2006 г., бр. 102 от 19.12.2006 г., бр. 38 от 11.05.2007 г., бр. 57 от 13.07.2007 г., в сила от 13.07.2007 г., изм., бр. 64 от 7.08.2007 г., доп., бр. 85 от 23.10.2007 г., в сила от 23.10.2007 г., изм., бр. 89 от 6.11.2007 г., доп., бр. 94 от 16.11.2007 г., изм. и доп., бр. 19 от 22.02.2008 г., изм., бр. 67 от 29.07.2008 г., бр. 102 от 28.11.2008 г., бр. 12 от 13.02.2009 г., в сила от 1.01.2010 г. (*)■ - изм. бр. 32 от 28.04.2009 г., доп. бр. 23 от 27.03.2009 г., в сила от 1.11.2009 г., изм. и доп., бр. 27 от

10.04.2009 г., доп., бр. 47 от 23.06.2009 г., в сила от 1.10.2009 г., изм., бр. 80 от 9.10.2009 г., бр. 93 от 24.11.2009 г., в сила от 25.12.2009 г., бр. 102 от 22.12.2009 г., в сила от 22.12.2009 г., изм. и доп., бр. 26 от 6.04.2010 г., доп., бр. 32 от 27.04.2010 г., в сила от 28.05.2010 г., изм. и доп., бр. 33 от 26.04.2011 г., в сила от 27.05.2011 г., бр. 60 от 5.08.2011 г., доп., бр. 19 от 6.03.2012 г., изм. и доп., бр. 20 от 9.03.2012 г., в сила от 10.06.2012 г., бр. 60 от 7.08.2012 г., в сила от 8.09.2012 г., изм., бр. 17 от 21.02.2013 г., доп., бр. 61 от 9.07.2013 г., изм. и доп., бр. 84 от 27.09.2013 г., бр. 19 от 5.03.2014 г., в сила от 5.03.2014 г., изм., бр. 53 от 27.06.2014 г., доп., бр. 107 от 24.12.2014 г., в сила от 1.01.2015 г., изм., бр. 14 от 20.02.2015 г., изм. и доп., бр. 24 от 31.03.2015 г., в сила от 31.03.2015 г., доп., бр. 41 от 5.06.2015 г., в сила от 6.07.2015 г., изм. и доп., бр. 74 от 26.09.2015 г., изм., бр. 79 от 13.10.2015 г., в сила от 1.11.2015 г., изм., доп., бр. 102 от 29.12.2015 г., в сила от 1.01.2016 г., изм., бр. 32 от 22.04.2016 г., доп., бр. 47 от 21.06.2016 г.; изм. с Решение № 12 от 13.10.2016 г. на Конституционния съд на РБ - бр. 83 от 21.10.2016 г.; изм. и доп., бр. 95 от 29.11.2016 г., изм., бр. 13 от 7.02.2017 г., в сила от 7.02.2017 г.

**Чл. 337.** (Изм. - ДВ, бр. 41 от 1985 г.) (1) (Предишен текст на чл. 337, изм. - ДБ, бр. 50 от 1995 г.) Който произвежда, преработва, поправя, търгува, пренася, внася или изнася взривове, огнестрелни оръжия или боеприпаси, без да има право за това по закон или разрешение от надлежния орган на властта, или извърши това не съгласно с даденото му разрешение, се наказва с лишаване от свобода до шест години.

(2) (Нова - ДВ, бр. 50 от 1995 г.) Наказанието е лишаване от свобода от две до осем години, ако деянието е извършено:

1. от длъжностно лице, което се е възползвало от служебното си положение;

2. повторно, в немаловажни случаи.

(3) (Нова - ДВ, бр. 50 от 1995 г.) Когато предметът на престъплението е в големи размери, наказанието е лишаване от свобода от три до десет години.

(4) (Нова - ДВ, бр. 50 от 1995 г.) Когато предметът на престъплението е в особено големи размери и случаят е особено тежък, наказанието е лишаване от свобода от пет до петнадесет години.



| Varna 9000, Bulgaria<br>11a Tsar Asen Str., office 4 | +359 (0)895 450 755<br>+359 (0)52 620 280 |
| Sofia 1164, Bulgaria<br>34 Zlatovrah Str. | +359 (0)876 999 791<br>+359 (0)2 43 90 170 |
| Shumen 9700, Bulgaria<br>19 Dobri Voynikov Str. | +359 (0)895 450 760<br>+359 (0)54 800 340 |

www.mitratranslations.com

*Translation from Bulgarian*

[Emblem: Prosecutor's Office, Republic of Bulgaria]
### PROSECUTOR'S OFFICE OF THE REPUBLIC OF BULGARIA
### REGIONAL PROSECUTOR'S OFFICE – KAZANLAK

[Rectangular seal: Prosecutor's Office of the Republic of Bulgaria
Entry Register
Received on: *04.08.2017*
Incoming No. *39-373*]

No. Д-4/2005
02.08.2017
Kazanlak

To:
Supreme Prosecutor's Office of Cassation
International Department
Sofia
Your ref.: 10188/2006 of 31.07.2017

[Rectangular seal: illegible text
Received on: *07.08.2017*
Incoming No. *[illegible]10188/06-04*]

In relation to your letter with the number mentioned above and with the attached copy of an email received from Mrs. Pendarvis of the United States Justice Department regarding the extradition of the Bulgarian citizen TSVETOMIR SIMEONOV SIMEONOV, Personal number: 7205087744, I would like to inform you of the following:

- Prosecutors in charge of the case were initially Konstantin Tachev and then Konstantin Banchev. Since 2002 until the present moment, Konstantin Tachev has been a prosecutor at the District Prosecutor's Office – Stara Zagora. Konstantin Banchev is currently on annual leave and is retiring in September. This is the reason the statement has been prepared by the prosecutor in charge of punishments.

- TSVETOMIR SIMEONOV SIMEONOV, Personal number: ▓▓▓▓ has been sentenced for crimes under Art. 337, para. 1 and Art. 339, para. 1 of the Criminal Code for processing and repairing firearms from Baikal gas pistols, without having the lawful right or authorization by the relevant authority and for the fact that he has acquired and stored firearms — 4 Baikal gas pistols processed into military pistols — without being duly authorized to do so. **The punishment provided for in the Bulgarian Criminal Code for both crimes is "deprivation of liberty" for one to 6 (six) years.** The Court has imposed a punishment of 5 (five) years for the first crime and another punishment of 5 (years) for the second crime and then, on the grounds of Art. 23, para. 1 of the Criminal Code, determined a total punishment

 

Registered in Varna, Bulgaria
Mitra™ Translations. All rights reserved.

EXT-SIMEONOV-00193

"deprivation of liberty" for 5 (five) years. On the grounds of Art. 24 of the Criminal Code, the Court has increased the determined total punishment with 1/2, namely "deprivation of liberty" for seven years and six months.

- In the course of the criminal proceedings, it has been established that SIMEONOV has processed and repaired Baikal gas pistols into firearms without having the lawful right and without being duly authorized by the relevant authority. He also acquired and stored firearms without having the relevant authorization. According to Bulgarian laws, it does not matter whether the processing and repairing of gas weapons into firearms have been done with the intention of selling them or for own use. These are prohibited activities, unless the person carrying them out has been duly authorized, and in this case it has been established that SIMEONOV is not. On the other hand, in this specific case, it can be concluded from SIMEONOV's activities that the processed gas weapons were intended for sale on the so called "black market".

[round seal: Kazanlak, Prosecutor's Office, Republic of Bulgaria, Regional Prosecutor's Office, Republic of Bulgaria]

Prosecutor: [signature: illegible]

(I. Stoev)

Kazanlak, PO Box 6100, 16 Otets Paisiy Street, fl. 3, tel.: 0431/62737, fax: 0431/62728, e-mail: rp_kazanlak@sz.prb.bg

Page 1 of 1

*I, the undersigned Plamena Ivanova Krasteva do hereby certify that this is a true and correct translation I have made from Bulgarian into English of the document attached hereto. The translation includes 2 pages.*

*Translator: Plamena Ivanova Krasteva*



# ПРОКУРАТУРА НА РЕПУБЛИКА БЪЛГАРИЯ

## РАЙОННА ПРОКУРАТУРА ГР. КАЗАНЛЪК

№Д-4/2005г.
02.08.2017г.
гр. Казанлък

До
Върховна касационна
прокуратура
Отдел „Международен"
гр. София
На Ваш №10485/2006г. от 04.07.2017г.

ПРОКУРАТУРА НА РЕПУБЛИКА БЪЛГАРИЯ
ВХОДЯЩ РЕГИСТЪР
Получено на 04 08 20 17
Вх. № ЛД-373
районна прокуратура
Получено на 07 08 20 17 г.
Вх. N: 9 10188/06 -01

Във връзка с Ваше писмо под горепосочения номер и приложено-копие на писмо получено по електронна поща от г-жа Пендарвис от Департамента по правосъдие на САЩ, по отношение екстрадирането на българския граждани ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ, ▮▮▮▮▮▮ Ви уведомявам за следното:

- прокурори по делото са били първоначално Константин Тачев, а в последствие Константин Банчев. Първият от 2002г. до настоящия момент е прокурор в ОП-Стара Загора, а втория е в годишен отпуск след което през месец септември му предстои пенсиониране. Поради това искано изявление е изготвено от прокурора изпълняващ наказанията.

- ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ, ▮▮▮▮▮▮ е бил осъден за престъпления по чл. 337 ал. 1 от НК и чл. 339 ал. 1 от НК затова, че е преработвал и поправял огнестрелно оръжие от газови пистолети марка „Байкал" без да има затова право по закон и разрешение от надлежния орган на властта и затова, че е придобил и държал огнестрелни оръжия 4 броя преработени газови пистолети марка „Байкал" в бойни пистолети без да има затова надлежно разрешение. И за двете престъпления предвиденото наказание в българския Наказателен кодекс е „Лишаване от свобода" до 6 (шест) години. Съдът е наложил на СИМЕОНОВ и за двете наказания по 5(пет) години „Лишаване от свобода", като на основание чл. 23 ал. 1 от НК е определил едно общо наказание „Лишаване от свобода" за срок от 5(пет) години. На осн. чл. 24 от НК съдът е увеличил така определеното общо наказание с една втора до седем години и шест месеца „Лишаване от свобода".

- в хода на наказателното производство е установено, че СИМЕОНОВ е преработвал и поправял газови пистолети марка „Байкал" в огнестрелно оръжие без да има затова право по закон и разрешение от надлежния орган на властта, а също и придобил и държал огнестрелни оръжия без да има затова надлежно разрешение. Съгласно българските закони е без значение дали преработването и поправянето на газово оръжие в огнестрелно е извършено с намерение да се продава това оръжие на други лица или е за собствено ползване. Тези дейности са забранени за осъществяване, освен ако извършващият ги няма надлежно разрешение, а в случая е установено, че СИМЕОНОВ няма такова. От друга страна в конкретния случай от действията на СИМЕОНОВ може да се заключи, че преработеното газово оръжие е било предназначено за продажба на тъй наречения „черен пазар".

/ Ив. Стоев /

гр. Казанлък, п.к 6100, ул. "Отец Паисий" №16, ет. 3, тел: 0431/62737, факс: 0431/62728, e-mail: rp_kazanlak@sz.prb.bg

Страница 1 от 1

![MITRA TRANSLATIONS]

www.mitratranslations.com

| Варна 9000, България | +359 (0)895 450 755 |
| ул. Цар Асен 11а, офис 4 | +359 (0)52 620 280 |
| София 1164, България | +359 (0)876 999 791 |
| ул. Златовръх 34 | +359 (0)2 43 90 170 |
| Шумен 9700, България | +359 (0)895 450 760 |
| ул. Добри Войников 19 | +359 (0)54 800 340 |

*Translation from Bulgarian*

## PROSECUTOR'S OFFICE OF THE REPUBLIC OF BULGARIA

### SUPREME PROSECUTOR'S OFFICE OF CASSATION
### INTERNATIONAL DEPARTMENT

Outgoing No. 10188/2006 04
/Please, cite when reply/
Sofia, 21.08.2017

**THROUGH
THE MINISTRY OF JUSTICE
OF THE REPUBLIC OF BULGARIA
NO. 99-H-E-15/17, DATED 12.03.2009**

**TO
THE U.S. DEPARTMENT OF
JUSTICE**

<u>**CONCERNING:**</u> **The extradition of Tsvetomir Simeonov Simeonov**

**DEAR SIRS,**

In connection with our previous correspondence, we are pleased to send you a copy of a letter No. Д-4/2005, dated 16.08.2017 of Regional Prosecutor's office – the town of Kazanlak, along with the applications to it, containing additional materials, prepared in the course of the pre-trial proceedings.

We would like to pay tribute to the judicial authorities of The United States of America and to assure them of our intentions of beneficial cooperation.

**APPLICATION:**

1. A copy of a letter No.Д-4/2005, dated 16.08.2017 of Regional Prosecutor's office – the town of Kazanlak, along with the applications to it and a translation into English language.

**YOURS FAITHFULLY,**

**PROSECUTOR,
CHIEF OF THE
INTERNATIONAL DEPARTMENT**

*[signature: illegible]*
**/TSV. YOSIFOV/**
*Round stamp of the Supreme Prosecutor's Office of Cassation, Republic of Bulgaria*

 

Регистрирано във Варна, България
Митра™ Транслейшънс. Всички права запазени.

Mailbox. 1061, Sofia, 2 Vitosha Blvd., tel. +359 2/92 19 330, fax. +359 2/988 58 95; email: mpp_vkp@prb.bg

## PROSECUTOR'S OFFICE OF THE REPUBLIC OF BULGARIA

## REGIONAL PROSECUTOR'S OFFICE – TOWN OF KAZANLAK

*Rectangular stamp:*
*Prosecutor's Office of the Republic of Bulgaria*
*Incoming document register*
*Received on 17.08.2017*
*Incoming No. 41364*

No. Д-4/2005
16.08.2017
town of Kazanlak

To
Supreme Prosecutor's Office of Cassation
International Department
city of Sofia
Incoming No. 10188/2006, dated 31.07.2017

*Rectangular stamp:*
*Supreme Prosecutor's Office of Cassation*
*of the Republic of Bulgaria*
*Received on 18.08.2017*
*Incoming No. 10188/06-04*

In connection with a detailed telephone conversation with Mrs. Pendarvis at the US Department of Justice regarding the extradition of the Bulgarian citizen TSVETOMIR SIMEONOV SIMEONOV, personal identification number: ███████, we are pleased to send you additional materials. They certify that Simeonov has altered a firearm from gas pistols brand "Baikal", without having the legal right and the permission from the relevant authority to do so. Based on testimony it has been proven that the gas weapon was intended for sale. In this regard is the content of the reports.

Application:
1. Minutes of a court ssitting of Regional Court – the town of Kazanlak, dated 18.05.2004;
2. Report, reg. No. 15428/21.12.2001;
3. Report No. зм-2923/20.12.2001;
4. Protocol, dated 24.01.2002 of the interrogation of the witness Petar Savov before a judge at District Court – city of Stara Zagora.

Deputy Administrative Chief-
Deputy Regional Prosecutor *[signature: illegible]*
/Mariya Mihaylova/
*Round stamp of Regional Prosecutor's Office – town of Kazanlak,*
*Republic of Bulgaria*

town of Kazanlak, mailbox 6100, 16 Otets Paisiy Str., fl. 3, tele. 0431/62728, e-mail: rp_kazanlak@sz.prb.bg

page 1 of 1

*Round stamp of Regional Court –*
*Town of Kazanlak, Republic of Bulgaria*
*Criminal records – copy*

## MINUTES OF A COURT SITTING
town of Kazanlak, 18.05.2004

District/Regional Court – town of Kazanlak, criminal department, in public court sitting, held on eighteenth of May 2004, members:

> Chairman: TODOR TODOROV
> Jury: RADKA DINEVA
> Members: MARIYKA BAKARDZHIEVA

with the participation of the secretary: MARIYA IVANOVA
and the prosecutor: KONSTANTIN BANCHEV, who presented for hearing the case No. HOX 317 according to the inventory of 2002, reported by judge Todorov.
At a roll call in the court at 15.00 p.m. appeared:

**THE DEFENDANTS:** **TSVETOMIR SIMEONOV SIMEONOV** – irregularly summoned, failed to appear in court

**RUMEN NIKOLOV YORGOV** – appeared in person with his previous attorney

**THE WITNESS:** **PETAR SAVOV SAVOV** – appeared in person
**THE EXPERTS:** **NIKOLAY KOLEV ZHELEV** – appeared in person
**PETAR ZAHARIEV ZARKOV** – appeared in person
**REGIONAL PROSECUTOR'S OFFICE – TOWN OF KAZANLAK** – prosecutor BANCHEV

Also, the appointed public defender – attorney Rusinova

Prosecutor BANCHEV – I proceed with the case
Att. Rusinova – I proceed with the case
Att. Dimitrov – I proceed with the case

The court found that the bases of Art. 269 of the Criminal Procedure Code are present and therefore PROCEEDS WITH THE CASE.

### THE COURT DECIDED:

TO IDENTIFY the persons present, as follows:

the witness **PETAR SAVOV SAVOV** – 33 years old, Bulgarian citizen, married, having a clean record, working person, secondary education, no family ties with the defendants, personal identification number: ▮▮▮▮▮▮
ADVISED ON HIS CRIMINAL LIABILITY UNDER ART. 290 OF THE CRIMINAL CODE. PROMISES TO TELL THE TRUTH.

the expert **NIKOLAY KOLEV ZHELEV** – 58 years old, Bulgarian citizen, married, having a clean record, higher education, no family ties with the defendants.
ADVISED ON HIS CRIMINAL LIABILITY UNDER ART. 291 OF THE CRIMINAL CODE. PROMISES TO EXPRESS AN OBJECTIVE OPINION.

the expert **PETAR ZAHARIEV ZARKOV** – 47 years old, Bulgarian citizen, married, having a clean record, no family ties with the defendants
ADVISED ON HIS CRIMINAL LIABILITY UNDER ART. 291 OF THE CRIMINAL CODE. PROMISES TO EXPRESS AN OBJECTIVE OPINION.

On the grounds of Art. 271 of the Criminal Procedure Code, the witness has been suspended from the courtroom.
On the grounds of Art. 273 of the Criminal Procedure Code, the Court gives the parties opportunity to make a new request on the evidence and under the judicial inquiry.

**Prosecutor BANCHEV** – I do not want to make new requests on the evidence and under the judicial inquiry.
**Att. RUSINOVA** – I do not want to make any requests.
**Att. Dimitrov** – I do not want to make a request on the evidence.

On the grounds of Art. 274, para. 1 of the Criminal Procedure Code, the Court

### DECIDED:

TO PROCEED WITH THE JUDICIAL INQUIRY.

The witness PETAR SAVOV – On an unspecified date, Tsvetomir came to me at the shop and bought four gas pistols. He paid and left. He had come to the shop before and had bought two, three, four, five pistols from the same model.

Before this case, Tsvetomir had been buying from me this type of weapon for three or four months. He resold them. The other defendant came to my shop once, with Tsvetomir, they stayed for a while. They had been looking around for half an hour. I knew that, they were from Kazanalak.

Simeonov is tall as I am. He is physically healthy, without visible scars. I remember every customer, who has come to the shop 3-4 times.

When selling gas weapons, the control regime is the following:

It is not recorded anywhere, and no police data is required. I met Tsvetomir, The other defendant, who is in the courtroom right now has not bought a gas weapon from me or any other weapon. The same has come to my shop only once with Tsvetomir. As a total amount Tsvetomir has bought around 25 gas pistols from me for the period of 3-4 months in 2000-2001. He has come by a car, brand "Ford", color - dark green metallic, an old one.

The weapons were provided by the company "NVC-Comers"- city of Plovdiv. Tsvetomir has contacted me on the phone, but I do not remember when exactly.

ANY QUESTIONS – NONE!
For the witness, the court decided to give travel expenses amounting to 56,00 BGN for 14,00 BGN.

On the grounds of Art. 280 of the Criminal Procedure Code, the court

DECIDED:

The expert conclusion of the forensic physicochemical expertise, prepared by the expert Nikolay Kolev Zhelev to be read.

IT WAS READ!

Expert NIKOLAY ZHELEV – I agree with the conclusion. I am not going to make any changes and additions.

The presented and examined substances are specified in the expertise and are used for oxidation.

After consultation with the encyclopedia, it has been found that this mixture is precisely used for oxidation and it is stated that it is a very strong poison for rodents and similar insects. It is particularly intended for this.

There are certain conditions in which the object is melted at a certain temperature, it is removed and dried. There is not a specific proportion, one of the components may be more than the other one.

QUESTIONS to the expert – none!

The Court accepts the expert's conclusion and determines a remuneration for the expert amounting to 40,00 BGN, which should be transferred immediately along with the travel expenses.

On the grounds of Art. 280 of the Criminal Procedure Code, the Court,

DECIDED:

The expert's conclusion of the forensic – trasological expertise, prepared by the expert Petar Zarkov to be read.

IT HAS BEEN READ!

Expert Petar Zarkov - I agree with the conclusion. I am not going to make any changes and additions.

QUESTIONS to the expert – none!

The Court accepts the expert's conclusion.

Att. DIMITROV – this conclusion is a subject to another case and

Notwithstanding the fact that the expertise has been appointed for another case, the Court considers it relevant to the present case and determines a remuneration for the expert amounting to 40,00 BGN.

On the grounds of Art. 280 of the Criminal Procedure Code, the Court

DECIDED:

The expert's conclusion of the complex expertise, prepared by the expert Petar Zarkov to be read.

IT HAS BEEN READ!

Expert PETAR ZARKOV - I agree with the conclusion. I am not going to make any changes and additions.
Prosecutor BANCHEV – I do not have any questions. The conclusion to be accepted.
Att. RUSINOVA – the conclusion to be accepted.
Att. DIMITROV – in what way?
The expert -  in a mechanical way.

QUESTIONS TO THE EXPERT – NONE!

The Court accepts the expert's conclusion and determines a remuneration for the expert amounting to 30,00 BGN, which should be transferred immediately.
The attached written evidence is relevant to the case materials, wherefore on the grounds of Art. 281 of the Criminal Procedure Code, the Court

DECIDED:

The following materials to be read – two criminal conviction certificates, crime scene protocol from 20.12.2001, two search and seizure protocols from 21.12.2001, two characteristic reports, two declarations of marital, material and property status, company report of "NVC-Corners" – city of Plovdiv, receipt from 27.03.2002, acquittance No. 11845/26.04.2002.

THEY HAVE BEEN READ!

On the grounds of Art. 282 of the Criminal Procedure Code, the Court

DECIDED:

The material evidence in the form of photographs to be presented to each party.

THEY HAVE BEEN PRESENTED!

Defendant YORGOV – it was in the winter; this is Tsetso's house. When I went inside I saw this on the table.
I saw it, everything was scattered in pieces, but I have not seen exactly like these ones.

Defendant YORGOV – I would like to give explanations.

It was winter, three years ago, when I had a business. One afternoon I went to see Tsetso at his house. I went inside and asked his wife, where he was. She told me that he was in the cellar. I went inside and asked him what were these things, he told me that they were gas pistols. After that the police officers came and detained us.

I have been to Tsetso's house, but never in his cellar. I went with Tsetso in Plovdiv to buy an air rifle. I did not know that he bought pistols. I saw them at his house.

When the police officers went inside I did not hold anything. I was wearing a training suit.

I have known Tsvetomir for three-four years. When the police officers came I was sitting on the table. I did not do anything.

I saw that there was an emery. All the tools were property of Tsvetomir, it was at his house I do not have anything like this.

QUESTIONS – NONE!

Taking into account the fact that a videotape was applied to the case i.e. a video and sound recording was made, the Court considers that this evidence should be brought in the court proceedings in order to fully clarify the factual situation and despite the efforts made by the present judicial panel, this cannot be ensured, wherefore the Court finds that the factual situation is still not clarified and that the case should be postponed for the providing and viewing of the video recordings.

LED by the abovementioned, the Court

DECIDED:

To postpone the case, as the same to be down for hearing on 02.09.2004 at 08.30 a.m., for which both the defendant and his public defender were notified during the court sitting.

SUMMONS TO BE SENT TO KAZANLAK REGIONAL PROSECUTOR'S OFFICE.

A report from Kazanlak Regional Police Department to be requested regarding the circumstances and is there a positive result for Tsvetomir Simeonov's nationwide search.

The protocol has been composed during the court sitting, which finished at 16.00h.

**COURT SECRETARY**: [signature: illegible]     **REGIONAL JUDGE**: [signature: illegible]

*Rectangular stamp:*
*A true copy of the original*
*Criminal records*
*Official: [signature: illegible]*

*Round stamp:*
*Regional Prosecutor's Office –*
*town of Kazanlak, Republic of*
*Bulgaria, Criminal records*

*Rectangular stamp:*
*Regional Directorate of the Ministry of Interior.*
*Reg. No. 8   15428*
*            121201*

№ 15428/21.12.2001

To the Chief of
Fight Against Organized Crime
Regional Office (FAOCRO)
town of Stara Zagora

# REPORT

From captain Nikolay Boyadzhiev
Senior inspector at FAOCRO

Dear Sir,

I would like to report that on 19.12.2001 in Г 03 of FAOCRO information about the preparation and the conduction of a forthcoming deal with "Makarov" pistols was received. According to preliminary information, the deal will be made outside Kazanlak, as the weapon will be produced and sold by the persons RUMEN NIKOLOV YORGOV, personal identification number: ▇▇▇▇▇▇▇, living in the town of Kazanlak, "Vasil Levski" residential complex, bl. 16, fl.4, ap. 19 and TSVETOMIR SIMEONOV SIMEONOV, personal identification number: ▇▇▇▇▇▇▇, living in the town of Kazanlak, 42 R. Daskalov Str., to unknown customers. At FAOCRO it is known that Yorgov and Simeonov are participants in the channels for the export of weapons parts from ARSENAL JSC, weapons producing and channels for weapons selling in different regions of the country.

At 15.00 p.m. on 20.12.2001 it was found that Yorgov and Simeonov assemble a part of the weapon /Makarov pistols/ in the house of Simeonov, located in town of Kazanlak, 42 R. Daskalov Str.

After visitation of the abovementioned address by officials of FAOCRO and Kazanlak Regional Police Department, the persons Yorgov and Simeonov were found in the cellar of the house at the time of assembly of four ,, Makarov "pistols while carrying out primitive oxidation of other parts of a weapon.

After a rummage was carried out in the premises of the house, the following parts were found and seized, instruments and objects, described in detail in the rummage protocol of 20.12.2001:
- four complete sets of "Makarov" pistols;
- other parts for a "Makarov" pistol;
- machines/ a drill, emery/ equipment for production and assembling weapons and tools.
- a gas hob with a caustic soda boiling pot used to oxidize the movable parts of a weapon. Three packages full of white substance (probably soda).

The persons were detained in the Kazanlak Police Station for a period of 24 hours. Preliminary proceedings were instituted, inquest No. 3M 2923/20.12.2001 under Art. 337, para. 1 and Art. 339, para. 1 in connection with Art. 20, para. 2 of the Criminal Code.

In relation to the investigation of the case, detection and seizure of the rest of the weapons, it is necessary a preliminary detention measure for a period of 72 hours to be imposed on detained persons. The same are not allowed to leave the country.

I suggest the proceedings materials to be sent to the Regional Prosecutor's Office in accordance with their competence.

The abovementioned to be provided for reference and disposition.

21.12.2001                                        Prepared by: captain N. Boyadzhiev



*Rectangular stamp:*
*3M 2923/201201*

To the Chief of

Fight Against Organized Crime
Regional Office (FAOCRO)
town of Stara Zagora

# REPORT

From captain Nikolay Boyadzhiev
Senior inspector at FAOCRO

Dear Sir,

I would like to report that on 19.12.2001 in Г 03 of FAOCRO information about the preparation and the conduction of a forthcoming deal with "Makarov" pistols was received. According to preliminary information, the deal will be made outside Kazanlak, as the weapon will be produced and sold by the persons RUMEN NIKOLOV YORGOV, personal identification number: ▮▮▮▮▮▮▮, living in the town of Kazanlak, "Vasil Levski" residential complex, bl. 16, fl.4, ap. 19 and TSVETOMIR SIMEONOV SIMEONOV, personal identification number: ▮▮▮▮▮▮▮, living in the town of Kazanlak, 42 R. Daskalov Str., to unknown customers. At FAOCRO it is known that Yorgov and Simeonov are participants in the channels for the export of weapons parts from ARSENAL JSC, weapons producing and channels for weapons selling in different regions of the country.

At 15.00 on 20.12.2001 it was found that Yorgov and Simeonov assemble a part of the weapon /Makarov pistols/ in the house of Simeonov, located in town of Kazanlak, 42 R. Daskalov Str.

After visitation of the abovementioned address by officials of FAOCRO and Kazanlak Regional Police Department, the persons Yorgov and Simeonov were found in the cellar of the house at the time of assembly of four ,, Makarov "pistols while carrying out primitive oxidation of other parts of a weapon.

After a rummage was carried out in the premises of the house, the following parts were found and seized, instruments and objects, described in detail in the rummage protocol of 20.12.2001:
- four complete sets of "Makarov" pistols;
- other parts for a "Makarov" pistol;
- machines/ a drill, emery/ equipment for production and assembling weapons and tools.
- a gas hob with a caustic soda boiling pot used to oxidize the movable parts of a weapon. Three packages full of white substance (probably soda).

The persons were detained in the Kazanlak Police Station for a period of 24 hours. Preliminary proceedings were instituted, inquest No. 3M 2923/20.12.2001 under Art. 337, para. 1 and Art. 339, para. 1 in connection with Art. 20, para. 2 of the Criminal Code.

The abovementioned to the provided for reference and disposition.

21.12.2001                           Prepared by: captain N. Boyadzhiev

A true copy of the original
*Round stamp: Territorial Investigative Department –*
*Stara Zagora*

# PROTOCOL
city of Stara Zagora, 24.01.2002

District Court – city of Stara Zagora, Criminal Department
24th of January two thousand and two, members:

CHAIRMAN: KRASIMIR RACHEV

With the participation of a secretary: NANKA KOEVA
The prosecutor presented for hearing the case No. 40/2002 according to the inventory
of the District Court – city of Stara Zagora, reported.
JUDGE RACHEV
Interrogation of the witness PETAR SAVOV SAVOV
Investigative case No. 5/2002 according to the inventory of TID – town of Kazanlak
At a roll call at 11.50 a.m. appeared:

**WITNESS: PETAR SAVOV SAVOV** – in person.

**INVESTIGATOR: PEYCHO PEEV** at District Investigation Service – city of Stara Zagora

**WITNESS: PETAR SAVOV SAVOV** – 30 years old, living in the city of Plovdiv, 54 Mariya
Luiza Blvd., fl. 1, ap. 1, Bulgarian citizen, not married, having a clean record, secondary
education, owner of "Eli Komers" Ltd., personal identification number: ███████, telephone
number: 27-06-77.
The rights and the obligations have been explained to the witness under Art. 93-99 of
the Criminal Procedure Code, and Art. 224-226 of the Criminal Procedure Code. The witness
is advised on his criminal liability under art. 290, para 1 of the Criminal Code, in case he refuses
to testify, deliberately confirms false information or perjures. The witness promises to tell
everything he knows about the case, as he certifies with his signature.

WITNESS: [signature: illegible]
The interrogation started at 11.50 a.m.

As a company owner I have been trading with gas air weapons and [illegible] supplies
since 10.10.2001. In connection with the activity I have developed, I own a shop where I sell
these goods.
On 28.12.2001 the person Tsetso came to my shop, I do not know the other people from
Kazanlak. He wanted to gas pistols, model ИЖ 79-8, 8 mm caliber, Russian production. I sold
him four gas pistols. He did not want an invoice, so I do not have his data and I did not record
it in any diary. He asked me for this. A month before making the purchase, he bought from me
5 gas pistols I think from the same model. The person Tsetso is about 180 cm tall…around 80
kg, short light blonde hair, he was wearing short sport leather jacket, without a moustache. He
has bright eyes, straight nose. I think he was slightly hunched, normal walk, physically healthy.
If I see this person, I am completely sure that I will recognize him. He drove a car, brand
"Ford", color – gray green metallic, medium size, old model. On 28.12.2001 Tsetso came to
my shop alone. The first time when he came to my shop he was with another person named

Rumen, I do not know his middle name or surname, he was a big and strong man, about 2m tall. I guess that Rumen is also from Kazanlak, the first time when he came to the shop, he came by the same car. Before that I was a shop assistance at "NVC – Comers" – town of Plovdiv, an arms trade company. Only Tsetso has come as a customer there. He bought gas pistols, providing his passport, as then it was compulsory to provide information to the police, his personal data is written in a notebook from which this reference was issued. We did not issue an invoice back then. These purchases were made in the beginning of 2002, but I cannot specify the month. After I started my own business I asked Tsetso why he was buying the weapons, he told me that he was selling them. I was selling them for 175 BGN and he was selling them for 200 BGN in Kazanlak, but he did not have a shop. When he came to buy the pistols in 2002, he was alone. Then he bought four or five pistols. If I have the chance I can recognize the other person Rumen, who came to the shop when the penult purchase of gas pistols was made. The last four pistols that I sold to Tsetso are recorded by series and numbers in the company from which I buy them – "NVC – Comers" – city of Plovdiv, I bought them on the same day 28.12.2001. Tsetso called me on the phone and told me that he wanted to buy four gas pistols, he called me on the same day before noon.

This is all I have to say concerning the gas pistols that I sold to the person Tsetso.

The interrogation finished at 12.15 a.m., after all the present were acquainted with the contents, they affixed their signatures, certifying the authenticity of the present protocol.

WITNESS: [signature: illegible]  
/PETAR SAVOV/

INVESTIGATOR: [signature: illegible]  
/PEYCHO PEEV/

JUDGE: [signature: illegible]  
/KRASIMIR RACHEV/

SECRETARY: [signature: illegible]  
/NANKA KOEVA/

---

I, the undersigned Plamena Ivanova Krasteva do hereby certify that this is a true and correct translation I have made from Bulgarian into English of the document attached hereto. The translation includes 12 /twelve/ pages.

Translator: Plamena Ivanova Krasteva



# ПРОКУРАТУРА НА РЕПУБЛИКА БЪЛГАРИЯ

## ВЪРХОВНА КАСАЦИОННА ПРОКУРАТУРА
## ОТДЕЛ „МЕЖДУНАРОДЕН"

Изх.№ 10188/2006 г. 04
/Моля, цитирайте при отговор/
София,21.08.2017 г.

**ЧРЕЗ**
**МИНИСТЕРСТВО НА**
**ПРАВОСЪДИЕТО НА РЕПУБЛИКА**
**БЪЛГАРИЯ**
**НА № 99-Н-Е-15/17 от 12.03.2009г.**

**ДО**
**ДЕПАРТАМЕНТА ЗА**
**ПРАВОСЪДИЕ НА САЩ**

**ОТНОСНО: Екстрадицията на Цветомир Симеонов Симеонов**

**УВАЖАЕМИ ГОСПОДА,**

Във връзка с наша предходна кореспонденция, приложено Ви изпращаме копие от писмо № Д-4/2005г. от 16.08.2017г. на Районна прокуратура – Казанлък, ведно с приложенията към него, съдържащи допълнителни материали, изготвени в хода на досъдебното производство.

Използваме случая да поднесем почитанията си на съдебни власти на САЩ и да ги уверим в намеренията си за ползотворно сътрудничество.

**ПРИЛОЖЕНИЕ:**

1. Копие от писмо № Д-4/2005г. от 16.08.2017г. на Районна прокуратура – Казанлък, ведно с приложенията към него, с превод на английски език.

**С УВАЖЕНИЕ,**

**ПРОКУРОР,**
**ЗАВ.ОТДЕЛ 04 МЕЖДУНАРОДЕН:**

/Д.ЙОСИФОВ/

п.к. 1061, гр. София, бул "Витоша" № 2, тел:+359 2/92 19 330; факс: +359 2/988 58 95; e-mail: mpd_vkp@prb.bg



## ПРОКУРАТУРА НА РЕПУБЛИКА БЪЛГАРИЯ

### РАЙОННА ПРОКУРАТУРА ГР. КАЗАНЛЪК

№Д-4/2005г.
16.08.2017г.
гр. Казанлък

До
Върховна касационна прокуратура
Отдел „Международен"
гр. София
На Ваш №10188/2006г. от 31.07.2017г.

*Получено на ... 17. 08. 20..*

*вх. №*
*41364*

*Получено на 18-08 20..г.*

Във връзка с проведен уточнителен телефонен разговор с г-жа Пендарвис от Департамента по правосъдие на САЩ, по отношение екстрадирането на българския гражданин ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ, ▮▮▮▮▮ приложено Ви изпращаме допълнителни материали, изготвени в хода на досъдебното производство. Същите удостоверяват, че Симеонов е преработвал и преправял огнестрелно оръжие от газови пистолети марка „Байкал", без да има затова право по закон и разрешение от надлежния орган на властта. На база свидетелски показания се доказва, че преработеното газово оръжие е било предназначено за продажба. В този смисъл е и съдържанието на докладните записки.

Приложение:
√1. Протокол от заседание на Районен съд гр. Казанлък от 18.05.2004г.
√2. Докладна записка с рег. № 15428/ 21.12.2001г.
√3. Докладна записка № зм-2923/ 20.12.2001г.
√4. Протокол от 24.01.2002г. за разпит пред съдия в Окръжен съд гр. Стара Загора на свидетеля Петър Савов.

Зам. административен ръководител-
Зам. районен прокурор

/Мария Михайлова/

Страница 1 от 1

EXT-SIMEONOV-00209

# ПРОТОКОЛ

гр. Казанлък, 18.05. 200 4 г.

Казанлъшки окръжен нак. отд. в публично районен

съдебно заседание на осемнадесети май 200 4 год. в състав

Председател: ТОДОР ТОДОРОВ

Съдебни заседатели:
Членове: { РАДКА ДИНЕВА
МАРИИКА БАКЪРДЖИЕВА

при участието на секретар: МАРИЯ ИВАНОВА

и прокурора: КОНСТАНТИН БАНЧЕВ сложи за разглеждане

дело № НОХ 317 по описа за 2002 год. докладвано

от съдия Тодоров

На именното повикване в 15,00 часа се явиха:

ПОДСЪДИМИТЕ ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ – нередовно призован, не се явява

РУМЕН НИКОЛОВ ЙОРГОВ – лично и с адв. Димитров от по-рано

СВИДЕТЕЛЯТ ПЕТЪР САВОВ САВОВ – лично

ЕКСПЕРТИТЕ НИКОЛАЙ КОЛЕВ ЖЕЛЕВ – лично

ПЕТЪР ЗАХАРИЕВ ЗАРКОВ – лично

РАЙОННА ПРОКУРАТУРА КАЗАНЛЪК – прокурор БАНЧЕВ

ЯВЯВА се и определеният служебен защитник адв. Русинова

прок. БАНЧЕВ – да се даде ход на делото.

адв. РУСИНОВА – да се даде ход на делото

адв. ДИМИТРОВ – да се даде ход на делото.

СЪДЪТ намира, че са налице осн. на чл. 269 НПК, поради което

EXT-SIMEONOV-00210

О П Р Е Д Е Л И :

ДАВА ХОД НА ДЕЛОТО

СНЕ СЕ САМОЛИЧНОСТТА на явилите селица, както следва:

свид. ПЕТЪР САВОВ САВОВ – 33 г., бълг. гр., женен, не-осъждан, работи, със средно обр., без родство, ▓▓▓▓▓▓▓▓

ПРЕДУПРЕДЕН ЗА НАКАЗАТЕЛНАТА ОТГОВОРНОСТ ПО ЧЛ. 290 НК.

ОБЕЩАВА да говори истината.

експ. НИКОЛАИ КОЛЕВ ЖЕЛЕВ – 58 г., бълг. гр., женен, не-осъждан, висше обр., без родство

ПРЕДУПРЕДЕН за наказателната отговорност по чл. 291 НК.

ОБЕЩАВА да даде обективно заключение.

експ. ПЕТЪР ЗАХАРИЕВ ЗАРКОВ – 47 г., бълг. гр., женен, не-осъждан, без родство

ПРЕДУПРЕДЕН за наказателната отговорност по чл. 291 НК.

ОБЕЩАВА да даде обективно заключение.

На осн. чл. 271 НПК свидетелят беше отстранен от залата.

СЪДЪТ на осн. чл. 273 НПК даде възможност на страните да направят нови искания по доказателствата и по реда на съдебното следствие.

прок. БАНЧЕВ – нямам нови искания по доказателствата и по реда на съд. следствие.

адв. РУСИНОВА – нямаме нови искания.

адв. ДИМИТРОВ – нямам искане по доказателствата.

СЪДЪТ на осн. чл. 274 ал. 1 НПК

О П Р Е Д Е Л И :

ДАВА ХОД НА СЪДЕБНОТО СЛЕДСТВИЕ

СВИД. ПЕТЪР САВОВ Цветомир затова, дата не може да каже, дойде в магазина и купи газов пистолет. Плати и си тръгна. Преди това също е идвал, вземал е по два, три, четири, пет от същия модел.

Цветомир преди случая е купувал от мен този вид оръжие три-четири месеца. Предпродавач е из магазина. Другият подсъдим е идвал веднъж до него, постояха вътре в магазина. Разглеждаха го, някъде около половин час. Знаех, че са от Казанлък.

Симеонов е висок колкото мен, физически здрав така, особени белези няма. Наши клиенти, които са идвали три-четири пъти в магазина, ги помня по физиономия.

При продажбата на газово оръжие режима за контрол е следния: не се записват, не изискват от полицията никакви данни. С Цветомир се запознах. Другият подсъдим, който в момента е в залата не е закупувал от мен газово оръжие, нито каквото и да било друго. Този подсъдим е идвал при мен само веднъж, с Цветомир. Като обща бройка Цветомир е закупувал от мен около 25 бр. в период от три-четири месеца така, че се лъжа 2000-2001 г. Идваше с "Форд" металик-тъмно зелен, стар модел.

От фирма "НВС-Комерс"-Пловдив, от там съм се снабдявал с оръжието. По телефона Цветомир ми се е обаждал да. Ноточно кога, не се сещам.

ВЪПРОСИ - няма!

На свид. Савов свидетелят съдът определя пътни разноски в размер от 56,00 лв., за 14,00 лв.

СЪДЪТ на осн. чл. 280 НПК

О П Р Е Д Е Л И:

ДА СЕ ПРОЧЕТЕ експертното заключение на съд.-физико-химическа експертиза, изготвена от експерта Николай Колев Желев.

ПРОЧЕТЕ СЕ!

експ. НИКОЛАЙ ЖЕЛЕВ - поддържам заключението. Промени и допълнения не правя.

Представените вещества, подложени на изследване са посочени в експертизата се използват приоксидация.

От направените справки в енциклопедията тази смес се използва точно за оксидация и съответно се посочват, че това е много силна отрова., за отравяне на гризачи и други подобнинасекоми. Специално е предназначена за това.

Ви̇маме определени условия, в които се разтварят при определе-
лена температура се претопява предмета, изваждат се и се консумава,
На атом определена пропорция, единици компоненти.

ВЪПРОСИ към експерта – няма!

Определя възнаграждение в р-р от 40,00 лв., преводими веднага
ведно с пътните разноски.

СЪДЪТ на осн. 280 НПК

О П Р Е Д Е Л И:

ДА СЕ ПРОЧЕТЕ експертното заключение на съд. трасологическата
експертиза, изготвена по експерта Петър Зарков.

ПРОЧЕТЕ СЕ!

ексц. ПЕТЪР ЗАРКОВ – поддържам заключението. Промени и до-
пълнения не правя.

ВЪПРОСИ към експерта – няма.

КСЪДЪТ приема експертното заключение

адв. ДИМИТРОВ – това заключение е предмет на друго дело и

Независимо от това, че експертизата е назначена по друго
дело съдът счита, че е съотносима към настоящето и на експерта
определя възнаграждение в размер от 40,0-0 лв.

СЪДЪТ на осн. 280 НПК

ДА СЕ ПРОЧЕТЕ експертното заключение на комплексната
експертиза, изготвена от експерта Петър Зарков.

ПРОЧЕТЕ СЕ!

експ. ПЕТЪР ЗАРКОВ – поддържам заключението. Няма да правя
промени и допълнения.

прок. БАНЧЕВ – нямам въпроси, да се приеме заключението.

адв. РУСИНОВА – да се приеме заключението.

адв. ДИМИТРОВ – по какъв начин

експ. – по механичен начин

3.

ВЪПРОСИ: към експерта - няма !

СЪДЪТ приема експертното заключение и на експерта определя възнаграждение в размер от 30,00 лв., преводими веднага.

ПРИЛОЖЕНИТЕ писмени доказателства са относими към материалите по делото, поради което на осн. чл. 281 НПК съдът

ДА СЕ ПРОЧИТАТ - 2 бр. свидетелства за съдимост, протокол за оглед на местопроизшествие от 20.12.01 г., 2 бр. протоколи за претърсване и изземване от 21.12.01 г., 2 бр. характеристични справки, 2 бр. декларации за семейно, материално и имотно състояние, справка от фирма "НВС-Комерс" ЕООД гр. Пловдив, разписка от 27.03.02 г., квитанция 11845/26.04.02 г.

ПРОЧЕТОХА СЕ!

СЪДЪТ на осн. чл. 282 НПК

О П Р Е Д Е Л И :

ДА СЕ ПРЕДЯВЯТ веществени доказателства на страните по фото-снимки.

ПРЕДЯВИХА СЕ!

подс. ИОРГОВ - през зимата беше, това е къщата на Цецо. Като влязох в тях, видях това на масата.

Аз ги видях, всичко беше пръснато на части, но точно такива не съм ги виждал.

подс. ИОРГОВ - желая да дам обяснения.

Преди три години, беше зимата, тогава имах частен бизнес. Някъде след обяд отидох да видя Цецо. Влязох вътре, в тях, попитах жена му къде е. Тя ми каза, че е в избата. Влязох вътре, попитах го какво е това, той ми каза газови пистолети. След това дойдоха полицаите и низадържаха.

Друг път не съм ходил в избата му, в тях съм ходил. В Пловдив ходих с Цецо за въздушна пушка. Аз не знам да е купувал пистолети. Видях ги в тях.

Като влязоха полицаите, не съм държал нищо. Бях облечен с анцуг си спомням.

Цветомир познавам от преди три-четири години. Когато дойдоха полицаите, бях седнал на масата. Нищо не съм правил.

EXT-SIMEONOV-00214

Видях, ме че имаше шмергел. Всички инструменти бяха собственост
на Цветомир, това е в дял, аз нямам нищо такова.

ВЪПРОСИ – няма!

СЪДЪТ предвид на това, че към делото е приложена видео-касета
т.е изготвяне видео и звуко-запис счита, че тези доказателства
следва да се предявят в съд. следствие с оглед пълното изясняване
на факт. обстановка Независимо от усилия положени от настоящия(
съд. състав всичко това не може да бъде обезпечено, поради което
съдът намира, че все още факт. обстановка не е изяснена и следва
делото да се отложи за обсигуряване и видят видео-записите.

ВОДЕН от горното съдът

ОТЛАГА делото и го насрочва за 02.09.04 год. от 8,30 ч., за
която дата подс. Йоргов и служебния защитник Уведомени в съд.
заседание.

ПРИЗОВКА за РП-Казанлък.

ОПРЕДЕЛИ:

ДА СЕ ИЗИСКА справка от РПУ-Казанлък относно обстоятелствата
налице е ли положителен резултат по издирване за обявения обще-
национално такова Цветомир Симеонов.

ПРЕДСЕДАТЕЛ Съд:

ПРОТОКОЛЪТ се изготви в съд. заседание, което приключи в
16,00 ч.

СЪД.СЕКРЕТАР:                          РАЙОНЕН СЪДИЯ:

EXT-SIMEONOV-00216



Case 1:19-cr-00344 Document 7-2 Filed 11/26/19 Page 38 of 55 PageID #34

8
#

ДО

НАЧАЛНИКА РЗБОП

гр. СТАРА ЗАГОРА

ДОКЛАДНА ЗАПИСКА

от капитан николай ...
ст. инспектор при РЗБОП

Г-н началник,

Докладвам зам. ... на 19.12.2001 год., в ... на РЗБОП ще ком...
учки информация за подготовката и провеждането на предстояща сделка с
пистолети "макаров", по предварителна информация сделката ще се прове...
... град казанлък, като оръжието ще се изработи и продаде от лицата РО...
... ... ... ... ... ЕГН 63 ... граш ... гр. казанлък ...
п.13 ет. 4 ... и ЦВЕТОМИР СИМЕОНОВ Симеонов ЕГН ████████ ... ...
гр. казанлък ул. "г. даскалов" № 42, на неизвестен до момента клиент...
... МОРГОВ и СИМЕОНОВ, в РЗБОП се разполага с информация, че същите за...
... настрани в наличен за изнасяне на части за обрзъвме от ... арсенал... ...
... работна на оръжието и канали за плазиране на същото оръжие в различни
... райони на страната.

В 15 часа на 20.12.2001 г. се получи информация, че Йордан ...
Симеонов отговяда част от оръжието/пистолети "Макаров"/ в дома ...
... последния, находящ се в гр. казанлък ул. "Г. даскалов" № 42.

След посещение на горепосочения адрес от служители на РЗБО...
... при Казанлък, лицата МОРГОВ и СИМЕОНОВ бяха открити в изрядно положе...
... на пекаря, в момент на сглобяване на четири броя пистолети "Мак...
... като същевременно извършваха примитивна оксидация на ... част
от пушене.

След извършване на претърсване в помещението на къщата и
двете, бяха открити и иззети следните части, инструменти и предмети,
подробно описани в протокол за претърсване и изземване от 20.12.2001 г.:

    -четири броя пълни комплекти за пистолет "Макаров"
    -други части за пистолет "Макаров"
    -машини/дрелка, шмиргели/, екипировка за изработка и сглоба...
на оръжие, и инструменти.
    -газов котлон с вряща тенджера със сода каустик, използват...
... за оксидация на подвижните части за оръжие. Три пакета с бяло
... вещество всяка зареяраност сода/.

Лицата са задържани в РПУ Казанлък за срок от 2
по случая е образувано предварително производство/дознание
26.12.2001г. по чл.337,ал.1,и чл.339,ал.1 във вр.20,ал.2 нк.

Гровото за сведение и разпореждане.

31.12.2001 г.
гр.Казанлък

ИЗГОТВИЛ:
Капитан
/п. Божкин

# П Р О Т О К О Л

гр.Стара загора, 24.01.2002 г.

СТАРОЗАГОРСКИЯТ ОКРЪЖЕН СЪД, НАКАЗАТЕЛНО отделение

24 януари .......................две хиляди и втора година в състав:

ПРЕДСЕДАТЕЛ: КРАСИМИР РАЧЕВ

и участието на секретар:......НАНКА КОЕВА...................

прокурора:.............................сложи за разглеждане

д № 40/2002г. по описа Старозагорския окръжен съд, докладвано

.............СЪДИЯТА РАЧЕВ.........................

разпит на ПЕТЪР САВОВ САВОВ..........в качеството на свидетел

следствено дело № 5/2002г. по описа на ТСО-КАЗАНЛЪК

именното повикване в 11.50......часа се явиха:

СВИДЕТЕЛ: ПЕТЪР САВОВ САВОВ – лично.

СЛЕДОБАТЕЛ: ПЕЙЧО ПЕЕВ от ОСС-СТАРА ЗАГОРА

СВИДЕТЕЛ: ПЕТЪР САВОВ САВОВ – 30 год.,
и живущ в гр.Пловдив, бул.М.Луиза № 54, ет.1, ап.1
арски гражданин, неженен, не осъждан, средно образование,
ственик на ЕТ"Ели комерс". ▬▬▬▬▬ тел.27-06-77.

Че свидетеля се разясниха правата и задълженията по
чл.93-95 от НПК и чл.чл.254-255 от НПК. Свидетелят е предупреден
тговорността по чл.290, ал.1 от НК, ако откаже да свидетелства
случай, че съзнателно потвърди неистина или затаи истина. Същият
ава добросъвестно и точно да изложи всичко, известно му по делото.
о удостоверява с подписа си.

СВИДЕТЕЛ: ...............

Разпитът започна в 11.50 часа.

Като собственик на фирма търгувам с газово въздушно оръжие и
ки пособия от 10.10.2001г. Във връзка с развиваната от мен
притежавам магазин в който продавам тези стоки.
На 28.12.2001г. при мен в магазина дойде лицето Цецо, другите
не ги знам от гр.Казанлък. Поиска да закупи газови пистолети
ИЖ 79-8, калибър 8 мм, руско производство. Продадох му четири
азови пистолета. Той пожела за покупката да не му се издава
, поради което не разполагам с точните му данни и не съм
в никакъв дневник. Той ме помоли за това. Месец преди
окупка същото лице закупи от мен отсъщия модел

пистолети, мисля, че бяха пет броя. Лицето Цецо е високо около 18 см., около 80кг., късо подстриган, светло рус, със късо спортно от кожа. Без мустаци. Очите са светли, носа правилен. Като че ли слабо прегърбен, нормална походка, физически здрав. Ако видя това лице, заявявам, че категорично че ще го разпозная. Лицето е идвало пред магазина с авто..к.п "Форд", цвят – металик сиво зелен, среден размер, стар модел. На въпросната дата 28.12.2001г. Цецо дойде при мен сам. При предната покупка беше с още един човек, малкото му Румен, другите му имена не ги зная, той едър висок около 2м., здрав. Предполагам, че Румен е също от Казанлък, първия път със същата кола. Преди това бях магазинер във фирма за търговия с оръжие "НВС-Комерс" гр.Пловдив. Тогава като клиент е идвал само. От там е закупувал с паспорт, газово оръжие, тогава всеки месец даваше в полицията сведение, паспортните му данни са записани в тетрадката от която се издаваше тази справка. Тогава фактура не му издавали. Тези покупки бяха в началото на 2000г., но не мога да уточня точно месеца. След като започнах собствения си бизнес при Цецо защо закупува оръжието, той ми каза с цел продажба. Аз ги продавах на цена 175лв., а той ги продава в Казанлък по 200лв. частно, няма магазин. При покупките през 2000г. той пак беше... Тогава при тази покупка закупи около четири или пет пистолета. Ако ми се даде възможност мога да разпозная и другото лице Румен, което идва в магазина при предпоследната покупка на газови лице... Последните четири пистолета които продадох на лицето Цецо са... по серии и номера във фирмата от която ги закупувам НВС-Комерс гр.Пловдив. Тези пистолети ги бях закупил същия ден. 28.12.200... Цецо ми се обади по телефона и каза, че иска да закупи 4 бр. пистолети, обади ми се същия ден преди обяд.

Това е което мога да кажа във връзка с продадените от... газови пистолети на лицето Цецо.

Разпитът приключи в 12.15 часа и след като присъствуе... запознаха със съдържанието, положиха подписите си, удостоверя... верността на написаното в протокола.

СВИДЕТЕЛ: ................ СЛЕДОВАТЕЛ: ................
/ПЕТЪР САВОВ/ /ПЕЙЧО ...../

СЪДИЯ: ................
/КРАСИМИР РАЧЕВ/

СЕКРЕТАР: ................
/НАЧКА КОЕВА/

**РЕПУБЛИКА БЪЛГАРИЯ**
МИНИСТЕРСТВО НА ПРАВОСЪДИЕТО

Изх. № 99-Н-Е-15/07 от 08.02.2018 г.
(Моля, цитирайте при отговор)
0 8 -02- 2019

ДО

**ПОСОЛСТВО НА РЕПУБЛИКА БЪЛГАРИЯ**
**ВЪВ ВАШИНГТОН САЩ**

**Адрес: 1621 22nd Street, NW, Dimitar Peshev Plaza, Washington, DC 20008, USA**

**На Ваш изх. № Ко-10-539/09.08.2018 г.**

КОПИЕ: **ДИРЕКЦИЯ „КОНСУЛСКИ ОТНОШЕНИЯ"**
**МИНИСТЕРСТВО НА ВЪНШНИТЕ**
**РАБОТИ**

ОТНОСНО: *Екстрадиция от САЩ на българския гражданин Цветомир Симеонов Симеонов, роден на 08.05.1972 г.*

Във връзка с отправена до компетентните американски власти молба от 27.08.2007 г. за екстрадиция от САЩ на българския гражданин Цветомир Симеонов Симеонов, роден на ▮▮▮▮▮▮▮, с настоящото Ви изпращаме по компетентност писмо до Департамента по правосъдие на САЩ ведно с приложени в превод на английски език писма: № Д-4/2005 от 14.01.2019 г. на Районна прокуратура гр. Казанлък, № 284р-916-11.01.2019 г. и № 284000-1131 от 14.01.2019 г. на Районно управление – Казанлък към Областна дирекция на МВР – Стара Загора.

В допълнение отправяме молба да ни бъде предоставено копие от нотата, с която документите са връчени на американската страна.

**Приложение:** Съгласно текста само за първия адресат.

ДИРЕКТОР НА ДИРЕКЦИЯ
„МЕЖДУНАРОДНО ПРАВНО
СЪТРУДНИЧЕСТВО
И ЕВРОПЕЙСКИ ВЪПРОСИ":

БИЛЯНА БЕЛЯКОВА

1040 София, ул. "Славянска" №1
тел.: 02/ 92 37 450, факс: 02/ 9809222; 02/9237545
www.justice.government.bg

EXT-SIMEONOV-00222



# REPUBLIC OF BULGARIA
## MINISTRY OF JUSTICE

**Ref. № 99-H-E-15/07 dated 08.02.2019**

(Please quote)     0 8 -02- 2019

**U.S. DEPARTMENT OF JUSTICE**
**ATTN:**
**Margarita Pendarvis, Esq.**
**Contract Law Clerk**
**Office of International Affairs**
**U.S. Department of Justice, Criminal Division**
**1301 New York Avenue, NW, Suite 800**
**Washington, DC 20005**
**Tel: (202) 307-0646**
**Margarita.Pendarvis@usdoj.gov**

**Subject:** Extradition procedure from the U.S.A. of the Bulgarian national Tsvetomir Simeonov Simeonov, born on ▮▮▮▮▮

The Ministry of Justice of the Republic of Bulgaria presents its compliments to the U.S. Department of Justice and, regarding the extradition procedure of the person stated above, in compliance with the provisions of the Agreement on Certain Aspects of Mutual Legal Assistance in Criminal Matters between the Government of the Republic of Bulgaria and the Government of the United States of America, hereby has the honour to transmit to the competent American judicial authorities the following documents:

- Letter Ref. No Д-4/2005, dated 14.01.2019, of the Regional Prosecutors's office in Kazanlak;
- Letter Ref. No 284p-916-11.01.2019 of the Kazanlak Regional Police Department;
- Letter Ref. No 284000-1131, dated 14.01.2019, of the Kazanlak Regional Police Department.

Furthermore we would like to point that all of the furnished documents are accompanied by a certified translation into English language.

Regarding the aforementioned, we would like to kindly ask you to notify us about your approach to the so stated extradition procedure.

The Ministry of Justice of the Republic of Bulgaria avails itself of this opportunity to renew to the U.S. Department of Justice the assurances of its highest consideration.

**Enclosures:** As stated.

**DIRECTOR OF DIRECTORATE**
**"INTERNATIONAL LEGAL CO-**
**OPERATION AND EUROPEAN AFFAIRS":**

**BILIANA BELIAKOVA**



Varna 9000, Bulgaria
11a Tsar Asen Str., office 4

+359 (0)52 620 280
office_varna@mitra-bg.com

Sofia 1407, Bulgaria
24 Stefan Karadzha Str., fl. 2, office 7

+359 (0)876 999 791
+359 (0)2 43 90 170
office_sofia@mitra-bg.com

Shumen 9700, Bulgaria
91 Tsar Ivan Aleksandar Str.

+359 (0)895 450 760
+359 (0)54 800 340
office_shumen@mitra-bg.com

www.mitratranslations.com

*Translation from Bulgarian*

## PROSECUTOR'S OFFICE OF THE REPUBLIC OF BULGARIA
## KAZANLAK REGIONAL POLICE DEPARTMENT

[Logo:
Prosecutor's Office,
Republic of Bulgaria]

№ D-4/2005
14.01.2019
Kazanlak

To
The Supreme Cassation Prosecutor's Office
International Department
Sofia
To your № 10188/2006

To the attention of prosecutor E. Popova

In relation to the extradition proceedings against the sentenced Tsvetomir Simeonov, I would like to inform you that on 10.01.2019, a conversation was held with Mrs. Margarita Pendarvis at the Department of Justice, U.S.

Information was requested on three accounts. First, we were asked to explain how it was established during the criminal proceedings that the sentenced Tsvetomir Simeonov processed and held firearms and ammunition without having been duly authorized to do so. Did he have the respective permits /licenses/ issued by the Ministry of Interior? Second, to cite the provisions under art. 20 and art. 24 of the Criminal Code. In the third place, to indicate the dates on which procedural and investigative actions were carried out under the pretrial proceedings, on which dates the participation of Simeonov was required as well as the court hearings under public criminal case № 317/2002 of the Kazanlak Regional Court. Did the sentenced attend in person and was he represented by a defender – an attorney when these actions were carried out?

Please inform her duly of the following:

1. In view of the above, the Kazanlak Regional Prosecutor's Office has requested information from the Kazanlak Regional Police Department to the Ministry of Interior and as evident from letter reg. № 284000-1131/14.01.2019, information about permits issued for activities involving firearms, ammunition, and explosives is kept at the Control of the Hazardous Means Unit under the Weapons, Ammunition, Explosives, and Pyrotechnic Articles Act, but when required to aid operational and investigative actions and when necessary, it is provided to officials at the Criminal Police or the Anti-Organized Crime Directorate.

Reference reg. № 284r-916-11.01.2019 provided by the Control of the Hazardous Means Unit is enclosed which shows that as of 20.12.2001 until present TSVETOMIR





EXT-SIMEONOV-00224

Registered in Varna, Bulgaria.
Mitra™ Translations. All rights reserved.

SIMEONOV SIMEONOV has not been subject to reporting and control and has not been issued permits for activities /carrying, storage, purchase, sale, and trade in firearms and ammunition/ under the Weapons, Ammunition, Explosives, and Pyrotechnic Articles Act.

2. The provisions under the above cited texts of the Criminal Code are as follows:

16, Otets Paisiy Str., floor 3, Kazanlak, 6100, phone: 0431/62737, fax: 0431/62728, e-mail: rp_kazanlak@sz.prb.bg

Art. 20, para. 1 Accomplices in the perpetration of intentional crime shall be the perpetrators, abettors, and accessories.

Art. 20, para. 2 A perpetrator shall be a person who takes part in committing the crime itself.

Art. 24 Where the punishments imposed are of one and the same kind, the court may increase the most severe cumulative punishment imposed by one half at most, but the punishment thus increased may not exceed the sum of the separate punishments or the maximum term provided for the respective type of punishment.

3. During the pretrial proceedings, by decision of 27.12.2001, the sentenced Simeonov was put under criminal investigation as a suspect. The decision was presented to him in person and in the presence of a defender – attorney Stefan Stefanov. On the same date, he was questioned by the investigating authority, and attorney Stefanov, whom he appointed, was present during the questioning.

On 11.03.2002, Simeonov read the investigation file in the presence of the newly appointed defender – attorney Petar Markov.

On 08.05.2002, he was presented a decision by which he was pressed charges against, was questioned, and was presented all materials that were gathered during the (preliminary) pretrial proceedings. All actions were carried out with the participation of Simeonov and in the presence of attorney Petar Markov.

The first court hearing under public criminal case № 317/2002 was held on 27.06.2002. The sentenced Simeonov attended personally. He requested to be given the opportunity to appoint a new defender. Because of this the court did not take further steps in the proceedings, and the hearing was postponed for 14.10.2002.

At a court hearing on 14.10.2002, Simeonov attended personally and in the presence of a defender – attorney Rayko Kolev. The proceedings were initiated. At this court hearing, almost all evidence was gathered under the case.

Simeonov did not attend the court hearing on 02.12.2002 and presented a sick note.

Simeonov did not attend the court hearing on 31.01.2003 and was represented by attorney Rayko Kolev. The court did not take further steps in the proceedings. The measure of restraint was substituted by detention.

Simeonov did not attend the court hearing on 10.02.2003. A nationwide search warrant was issued against him. He was represented by attorney Rayko Kolev.

The sentenced did not attend the court hearing on 01.04.2003. Attorney Rayko Kolev attended. The court did not take further steps in the proceedings.

Simeonov did not attend the court hearing on 29.05.2003. He was appointed a public defender – attorney Daniela Rusinova.

Simeonov did not attend the court hearing on 02.09.2003, and the public defender was not present. The court did not take further steps in the proceedings and postponed the hearing. He did not attend the court hearing on 11.11.2003. He was represented by attorney Daniela Rusinova.

Simeonov did not attend the court hearing on 03.02.2004, and the public defender did not attend. The court did not take further steps in the proceedings and postponed the hearing. Simeonov did not attend the hearing on 18.05.2004. Attorney Daniela Rusinova attended.

16, Otets Paisiy Str., floor 3, Kazanlak, 6100, phone: 0431/62737, fax: 0431/62728, e-mail: rp_kazanlak@sz.prb.bg

He did not attend the hearing on 02.09.2004. He was represented by public defender Daniela Rusinova. The court did not take further steps in the proceedings.
The last hearing was held on 19.11.2004. A verdict was given at the hearing. Simeonov did not attend and was represented by public defender Daniela Rusinova who protected his interests until the end of the criminal proceedings.

Enclosed: reference reg. № 284r-916-11.01.2019 by the Control of the Hazardous Means Unit and letter reg. № 284000-1131/14.01.2019 – 2 pages.

Deputy Administrative Director

Deputy Regional Prosecutor

/Mariya Mihaylova/

[Signature: Illegible]

[Stamp: Regional Prosecutor's Office, Kazanlak, Bulgaria]

16, Otets Paisiy Str., floor 3, Kazanlak, 6100, phone: 0431/62737, fax: 0431/62728, e-mail: rp_kazanlak@sz.prb.bg

*I, the undersigned Eleonora Konstantonova Mollova do hereby certify that this is a true and correct translation I have made from Bulgarian into English of the document attached hereto. The translation includes 3 pages.*

*Translator: Eleonora Konstantinova Mollova*



# ПРОКУРАТУРА НА РЕПУБЛИКА БЪЛГАРИЯ

## РАЙОННА ПРОКУРАТУРА ГР. КАЗАНЛЪК

Получено на 18.01 20 19 г.

№Д-4/2005г.
14.01.2019г.

гр. Казанлък

До
Върховна касационна прокуратура
Отдел „Международен"
гр. София
На Ваш №10188/2006г.

Вх. № PBB 201000184202Т

На Вниманието на прокурор Е. Попова

Във връзка с екстрадиционното производство на осъд. Цветомир Симеонов Ви уведомявам, че на 10.01.2019 год. бе проведен разговор с г-жа Маргарита Пендарвис от Департамент на правосъдие- САЩ.

Бе изискана информация в три пункта. На първо място да посочим как в наказателния процес е било установено, че осъд. Цветомир Симеонов е преработвал и държал огнестрелни оръжия и боеприпаси, без да е притежавал надлежно разрешение за това. Имал ли е съответните разрешителни (лицензи), издадени от МВР. Второ –да цитираме текста на чл. 20 и чл.24 от НК. На трето място- да посочим датите, на които са проведени процесуално- следствени действия на досъдебното производство, изискващи участието на Симеонов, както и с.з по НОХД № 317/2002 год. на РС- Казанлък. Присъствал ли е осъдения лично и бил ли е представляван от защитник- адвокат при тези действия.

Моля, по надлежния ред да ѝ бъде предадено следното:
1. По повод на горното РП- Казанлък е изискала информация от РУ МВР- Казанлък, като видно от писмо рег. № 284000-1131/14.01.2019 год. информацията за издавани разрешения за дейности с огнестрелни оръжия, боеприпаси и взривни вещества по Закона за оръжията, боеприпасите, взривните вещества и пиротехническите изделия (ЗОБВВПИ) се съхранява в група „Контрол на общоопасните средства" („КОС"), но за нуждите на оперативно-издирвателната дейност при необходимост, такава се предоставя на служители от „Криминална полиция" или „Борба с организираната престъпност".

Приложена е справка от група „КОС" рег. №284р-916-11.01.2019 год., в която е посочено, че ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ към дата 20.12.2001 год. и до настоящия момент не се е водил на отчет и контрол и няма издавани разрешения за дейности (носене, съхранение, закуруване, продажба, търговска дейност с огнестрелни оръжия и боеприпаси) по ЗОБВВПИ.

2. Разпоредбите на цитираните по- горе текстове от наказателния кодекс (НК) имат следното съдържание:
Чл.20 ал.1 –Съучастници в извършването на умишлено престъпление са извършителите, подбудителите и помагачите.

гр. Казанлък, п.к. 6100, ул. „Отец Паисий" №16, ет. 3, тел: 0431/62737, факс: 0431/62728, e-mail: rp_kazanlak@sz.prb.bg

EXT-SIMEONOV-00227                                    Страница 1 от 3

Чл.20 ал.2- Извършител е този, който участва в самото изпълнение на престъплението.

Чл.24- Когато наложените наказания са от един и същи вид, съдът може да увеличи определеното общо най- тежко наказание най- много с една втора, но така увеличеното наказание не може да надминава сбора от отделните наказания, нито максималния размер, предвиден за съответния вид наказание.

3. В хода на досъдебното производство осъд. Симеонов е привлечен като уличено лице с постановление на 27.12.2001 год. Постановлението му е предявено лично и в присъствието на защитник- адвокат Стефан Стефанов. На същата дата е разпитан от разследващия орган, като на разпита е присъствал и избрания от него адвокат Стефанов.

На 11.03.2002 год. Симеонов в присъствието на новоизбран защитник- адвокат Петър Марков, се е запознал с материалите от разследването.

На 08.05.2002 год. му е предявено постановление за привличане в качеството на обвиняемо лице, проведен е бил разпит и са били предоставени за запознаване всички материали, които са били събрани в хода на предварителното (досъдебно производство). Всички тези действия са извършени с личното участие на Симеонов и в присъствието на адвоката Петър Марков.

Първото съдебно заседание (с.з.) по НОХД № 317/2002 год. е било проведено на 27.06.2002 год. Осъденият Симеонов е присъствал лично. Поискал е да му бъде дадена възможност да назначи нов защитник. Поради това ход на делото не е бил даден и то е било отложено за разглеждане за 14.10.2002 год.

В с.з. от 14.10.2002 год. Симеонов е присъствал лично и със защитник- адвокат Райко Колев. Даден е ход на делото. В това заседание са били събрани почти всички доказателства по делото.

В с.з. от 02.12.2002 год. Симеонов не се явил и представил болничен лист.

В с.з. 31.01.2003 год. Симеонов не се явил, представляван е бил от адвокат Райко Колев. Съдът не е дал ход на делото. Марката му за неотклонение е заменена със „Задържане под стража".

В с. з. 10.02.2003 год. Симеонов не се явил. Обявен е бил за общодържавно издирване. Представляван е бил от адвокат Райко Колев.

В с.з. от 01.04.2003 год. осъдения не се е явил. Присъствал е адвокат Райко Колев. Не е даден ход на делото.

В с.з. от 29.05.2003 год. Симеонов не се явил. Назначен му е бил служебен защитник- адвокат Даниела Русинова.

В с.з. от 02.09.2003 год. Симеонов не се явил, не присъствал и служебния защитник. Съдът не е дал ход и отложил делото.

В с.з. от 11.11.2003 год. не се явил . Представляван бил от адвокат Даниела Русинова.

В с.з. от 03.02.2004 год. Симеонов не се явил, не присъствал служебния защитник. Съдът не е дал ход и отложил разглеждането на делото.

гр. Казанлък, п.к. 6100, ул. "Отец Паисий" №16, ет. 3, тел: 0431/62737, факс: 0431/62728, e-mail: rp_kazanlak@sz.prb.bg

EXT-SIMEONOV-00228

Страница 2 от 3

В с.з. 18.05.2004 год. Симеонов не се явил. Присъствал адвокат Даниела Русинова.

В с.з. от 02.09.2004 год. не се явил. Представляван бил от служебния защитник адвокат Русинова. Съдът не дал ход на делото.

Последното съдебно заседание е било проведено на 19.11.2004 год. В него е била произнесена присъдата. Симеонов не се явил, представляван бил от служебния защитник адвокат Даниела Русинова, която е защитавала интересите му до края на наказателното производство.

Приложение : справка от група „КОС"  рег. №284р-916-11.01.2019 год. и писмо рег. № 284000-1131/14.01.2019 год.- 2 л.

Зам. административен ръководител-
Зам. районен прокурор

/Мария Михайлова/

гр. Казанлък, п.к. 6100, ул. "Отец Паисий" №16, ет. 3, тел: 0431/62737, факс: 0431/62728, e-mail: rp_kazanlak@sz.prb.bg

EXT-SIMEONOV-00229                                           Страница 3 от 3



Varna 9000, Bulgaria
11a Tsar Asen Str., office 4

+359 (0)52 620 280
office_varna@mitra-bg.com

Sofia 1407, Bulgaria
24 Stefan Karadzha Str., fl. 2, office 7

+359 (0)876 999 791
+359 (0)2 43 90 170
office_sofia@mitra-bg.com

Shumen 9700, Bulgaria
91 Tsar Ivan Aleksandar Str.

+359 (0)895 450 760
+359 (0)54 800 340
office_shumen@mitra-bg.com

www.mitratranslations.com

*Translation from Bulgarian*

# MINISTRY OF INTERIOR

### STARA ZAGORA DISTRICT DIRECTORATE OF THE MINISTRY OF INTERIOR

### KAZANLAK REGIONAL POLICE DEPARTMENT

[Hand-written: Illegible]

Reg. № 28400-1131, copy №, illegible, 2019]

[Hand-written: Prosecutor Mihaylova, 14.01.2019, signature: illegible]

[Stamp: Kazanlak Regional Prosecutor's Office, incoming № D-4/2005, case № received on: 14.01.2019]

TO
THE KAZANLAK REGIONAL
PROSECUTOR'S OFFICE

To № D-4/2005
Under № 284000-928/2019

In response to your letter under the above stated numbers, please find reference № 284r-916-11.01.2019 enclosed. We would like to inform you that information about permits issued for activities involving firearms, ammunition, and explosives is kept at the Control of the Hazardous Means Unit under the Weapons, Ammunition, Explosives, and Pyrotechnic Articles Act, but when required to aid operational and investigative actions and when necessary, the same is provided to officials at the Criminal Police or the Anti-Organized Crime Directorate.

Enclosed: Reference reg. № 284r-916-11.01.2019 – 1 page.

HEAD OF THE KAZANLAK REGIONAL
POLICE DEPARTMENT
CHIEF INSPECTOR
STOYCHO KRACHOLOV
[Signature: Illegible]
[Stamp: Illegible]




EXT-SIMEONOV-00230

Registered in Varna, Bulgaria.
Mitra™ Translations. All rights reserved.

2, Dr. Stambolski Str., Kazanlak

*I, the undersigned Eleonora Konstantonova Mollova do hereby certify that this is a true and correct translation I have made from Bulgarian into English of the document attached hereto. The translation includes 2 pages.*

*Translator: Eleonora Konstantinova Mollova*

МИНИСТЕРСТВО НА ВЪТРЕШНИТЕ РАБОТИ

ОБЛАСТНА ДИРЕКЦИЯ НА МВР - СТАРА ЗАГОРА

РАЙОННО УПРАВЛЕНИЕ - КАЗАНЛЪК

Рег. №..........- .......... екз. №.......
.............................2019 г

РАЙОННА ПРОКУРАТУРА
ГР. КАЗАНЛЪК
Вх. № .......... Дело №
ПОРУЧЕНО НА 14.01. 2019 г.

ДО
РАЙОННА ПРОКУРАТУРА
ГР. КАЗАНЛЪК

НА № D-4/2005г
ПО № 284000-928/2019г

В отговор на Ваше писмо под горепосочените номера, приложено изпращаме Ви справка № 284р-916-11.01.2019г.

Уведомяваме Ви, че информацията за издавани разрешения за дейности с огнестрелни оръжия, боеприпаси и взривни вещества по ЗОБВВПИ се съхранява в група „Контрол на общоопасните средства", но за нуждите на оперативно – издирвателната дейност и при необходимост същата се предоставя на служители от „Криминална полиция" или „Борба с организираната престъпност".

Приложение : Справка с рег. № 284р-916-11.01.2019г. – 1 лист.

НАЧАЛНИК
РУ – КАЗАНЛЪК
ГЛАВЕН ИНСПЕКТОР
СТОЙЧО КРАЧОЛОВ

Гр. Казанлък, ул. "Д – р Стамболски" №2

EXT-SIMEONOV-00232



**MITRA** T R A N S L A T I O N S

**Varna 9000, Bulgaria**
11a Tsar Asen Str., office 4
+359 (0)52 620 280
office_varna@mitra-bg.com

**Sofia 1407, Bulgaria**
24 Stefan Karadzha Str., fl. 2, office 7
+359 (0)876 999 791
+359 (0)2 43 90 170
office_sofia@mitra-bg.com

**Shumen 9700, Bulgaria**
91 Tsar Ivan Aleksandar Str.
+359 (0)895 450 760
+359 (0)54 800 340
office_shumen@mitra-bg.com

www.mitratranslations.com

*Translation from Bulgarian*

### MINISTRY OF INTERIOR

### STARA ZAGORA DISTRICT DIRECTORATE OF THE MINISTRY OF INTERIOR

### KAZANLAK REGIONAL POLICE DEPARTMENT

### 2, DR. STAMBOLSKI STR., KAZANLAK

Reg. № 284r-916-11.01.2019

TO
THE HEAD OF THE REGIONAL
POLICE DEPARTMENT
CHIEF INSPECTOR
STOYCHO KRACHOLOV

TO file № D-4/2005/11.01.2019

UNDER incoming № 284000-928/11.01.2019

## REFERENCE

DEAR MR. HEAD OF DEPARTMENT,

In relation to extradition proceedings initiated against the sentenced TSVETOMIR SIMEONOV SIMEONOV, personal number: ▇▇▇▇▇ and after a reference has been provided by the Control of the Hazardous Means Unit at the Kazanlak Regional Police Department, it has been established that as of 20.12.2001 until present the person TSVETOMIR SIMEONOV SIMEONOV, personal number: ▇▇▇▇▇ **has not been subject to reporting and control and has not been issued** permits for activities /carrying, storage, purchase, sale, and trade in firearms and ammunition/ under the Weapons, Ammunition, Explosives, and Pyrotechnic Articles Act.

The above to serve as intended.

Junior Police Inspector
Control of the Hazardous Means Unit





Registered in Varna, Bulgaria.
Mitra™ Translations. All rights reserved.

EXT-SIMEONOV-00233

/Tanyo Nikolov/
[Signature: Illegible]

Prepared: Tanyo Nikolov
[Signature: Illegible]
11.01.2019
Coordinated:
Head of the Hazardous Means Unit P. Shikov
[Signature: Illegible]
Copied in 2 copies
Copy № 1 to the Control of the Hazardous Means Unit
Copy № 2 to the addressee

*I, the undersigned Eleonora Konstantonova Mollova do hereby certify that this is a true and correct translation I have made from Bulgarian into English of the document attached hereto. The translation includes 2 pages.*

*Translator: Eleonora Konstantinova Mollova*

# МИНИСТЕРСТВО НА ВЪТРЕШНИТЕ РАБОТИ
ОБЛАСТНА ДИРЕКЦИЯ НА МВР–СТАРА ЗАГОРА
РАЙОННО УПРАВЛЕНИЕ –КАЗАНЛЪК
ГР.КАЗАНЛЪК УЛ. Д-Р "СТАМБОЛСКИ" № 2

Рег.№ .28Hp - 916 - 11.01...2019год.

ДО
НАЧАЛНИКА НА
РУ-КАЗАНЛЪК
ГЛАВЕН ИНСПЕКТОР
СТОЙЧО КРАЧОЛОВ

НА Пр. № D-4/2005г. /11.01.2019г.
ПО Вх. 284000-928/11.01.2019год.

# С П Р А В К А

УВАЖАЕМИ ГОСПОДИН НАЧАЛНИК,

Във връзка със стартирала процедура по екстрадиция на осъдения ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ с ▮▮▮▮▮▮▮▮ и след извършена справка в група "КОС" при РУ - Казанлък се установи, че към дата 20.12.2001 год. и до настоящия момент лицето ЦВЕТОМИР СИМЕОНОВ СИМЕОНОВ с ▮▮▮▮▮▮▮▮ не се е водил на отчет и контрол и няма издавани разрешения за дейности (носене, съхранение, закупуване, продажба, търговска дейност с огнестрелни оръжия и боеприпаси) по ЗОБВВПИ.

Горното да послужи по предназначение.

Мл.П И "КОС" _____
/Таньо Николов/

Изготвил: Таньо.Николов _____
11.01.2019год.
Съгласувал: _____
Н-к гр."КОС" Д.Шиков
Отп.в 2 екз.
Екз.№ 1 в група КОС
Екз.№ 2 на Адресата